December 30, 2022

Attn.: Brian R. Moushegian, Esq.
General Counsel
New Hampshire Supreme Court
Attorney Discipline Office
4 Chenell Drive, Suite 102
Concord, NH 03301

Re:     Grievance against Elena M. Brander, Esquire.

Dear General Counsel Moushegian:

I am requesting the dismissal of Attorney ████'s grievance against me. Prior to the December 6, 2022 Hearing in the case against Ms. ██████, and in an abuse of procedural rules, Attorney ████ joined two frivolous motions to compel discovery he would later admit he possessed, with two requests for sanctions, and filed both within days of each other. The Court denied both motions. Exhibit 1.1; Exhibit 3. It is in this context[1] that Attorney ████ has filed his grievance.

On Friday, November 25, 2022, a holiday when the County Attorney's Office was closed, Attorney ████ emailed me requesting that certain discovery, namely a link to body-worn camera footage ("BWC"), be resent to him in the case against Ms. ██████. Exhibit 16. Although the BWC was sent to Attorney ████ months prior via a first link ("First BWC Production") which he downloaded and viewed in September, Attorney ████ did not find the files on his computer (and the link to the First BWC Production had since expired). Exhibit 3, ¶ 8; Exhibit 13; Exhibit 16.) On Monday, November 28, 2022, the first business day after the holiday, I emailed my assistant, Lisa Whitehead, and requested she contact the Hillsboro Police Department (the investigating agency in that case, who administers all body-worn camera to the State and defense attorneys alike) to request that they reshare the link with Attorney ████. Exhibit 1. Ms. Whitehead did so that day, and Attorney ████ was copied on her email to the Hillsboro Police Department. Exhibit 1. The Hillsboro Police emailed Attorney ████ a second link to the body-worn camera ("Second BWC Production") that same day, on November 28, 2022, but did not notify me. Exhibit 1, Exhibit 26, ¶ 31.

Two days later, on November 30, 2022, Attorney ████ filed a motion to compel production of the BWC link and requested sanctions ("First Motion for Sanctions"). Exhibit 1.1. The First Motion for Sanctions falsely claimed the State had not sent Attorney ████ a second link, cast aspersions on me, and sought sanctions in the amount of $100.00. Exhibit 1.1, ¶¶ 3-5, 8-9. In response to receiving the First Motion for Sanctions on November 30, 2022, I personally emailed the Hillsboro Police Department and requested they re-share the link with Attorney ████. Exhibit 1. Hours later, at 1:12 a.m. on December 1, 2022, I received an email reply from Hillsboro Police Department Sergeant Mark McSweeney informing me the Second BWC Production had been resent to Attorney ████ two days earlier on November 28, 2022. Id. I

---

[1] Contrary to Attorney ████ representation, the audio recording he submitted to the Attorney Discipline Office does not "contain[] all relevant contextual information." Grievance, p. 1, n.1.

1

Avicore Reporting - 15 Constitution Drive, Suite 1A, Bedford, NH 03110

STATE OF NEW HAMPSHIRE

HILLSBOROUGH                                    NORTHERN DISTRICT

* * * * * * * * * * * * * *
                          *
    STATE                 *
                          *
    V.                    *        216-████-CR-████████
                          *
  ████████████████        *
                          *
* * * * * * * * * * * * * *

HEARING - 12/6/22

Appearances:

For the State:          Elena Brander, Esquire
                        Hillsborough County Attorney's Office
                        300 Chestnut Street
                        Manchester, NH  03101

For the Defendant:      ████████████████████
                        ████████████████████
                        ████████████████████

Presiding Justice:  Judge Anderson

December 30, 2022

Attn.: Brian R. Moushegian, Esq.
General Counsel
New Hampshire Supreme Court
Attorney Discipline Office
4 Chenell Drive, Suite 102
Concord, NH 03301

Re:    Grievance against Elena M. Brander, Esquire.

Dear General Counsel Moushegian:

I am requesting the dismissal of Attorney ███████'s grievance against me. Prior to the December 6, 2022 Hearing in the case against Ms. ████████████, and in an abuse of procedural rules, Attorney ██████ joined two frivolous motions to compel discovery he would later admit he possessed, with two requests for sanctions, and filed both within days of each other. The Court denied both motions. Exhibit 1.1; Exhibit 3. It is in this context[1] that Attorney ███████ has filed his grievance.

On Friday, November 25, 2022, a holiday when the County Attorney's Office was closed, Attorney ██████ emailed me requesting that certain discovery, namely a link to body-worn camera footage ("BWC"), be resent to him in the case against Ms. ████████████. Exhibit 16. Although the BWC was sent to Attorney ██████ months prior via a first link ("First BWC Production") which he downloaded and viewed in September, Attorney ██████ did not find the files on his computer (and the link to the First BWC Production had since expired). Exhibit 3, ¶ 8; Exhibit 13; Exhibit 16.) On Monday, November 28, 2022, the first business day after the holiday, I emailed my assistant, Lisa Whitehead, and requested she contact the Hillsboro Police Department (the investigating agency in that case, who administers all body-worn camera to the State and defense attorneys alike) to request that they reshare the link with Attorney ████████ Exhibit 1. Ms. Whitehead did so that day, and Attorney ████████ was copied on her email to the Hillsboro Police Department. Exhibit 1. The Hillsboro Police emailed Attorney ████████ a second link to the body-worn camera ("Second BWC Production") that same day, on November 28, 2022, but did not notify me. Exhibit 1, Exhibit 26, ¶ 31.

Two days later, on November 30, 2022, Attorney ██████ filed a motion to compel production of the BWC link and requested sanctions ("First Motion for Sanctions"). Exhibit 1.1. The First Motion for Sanctions falsely claimed the State had not sent Attorney ██████ a second link, cast aspersions on me, and sought sanctions in the amount of $100.00. Exhibit 1.1, ¶¶ 3-5, 8-9. In response to receiving the First Motion for Sanctions on November 30, 2022, I personally emailed the Hillsboro Police Department and requested they re-share the link with Attorney ████████ Exhibit 1. Hours later, at 1:12 a.m. on December 1, 2022, I received an email reply from Hillsboro Police Department Sergeant Mark McSweeney informing me the Second BWC Production had been resent to Attorney ██████ *two days earlier* on November 28, 2022. Id. I

---

[1] Contrary to Attorney ██████ representation, the audio recording he submitted to the Attorney Discipline Office does not "contain[] all relevant contextual information." Grievance, p. 1, n.1.

attached Sergeant McSweeney's email as an Exhibit to the State's objection to the First Motion for Sanctions, and promptly filed it with the Court ("First Objection").[2] Exhibit 2. I also emailed Attorney ▌ on December 1, 2022 about his receipt of the "email … indicating not only [did he] receive[] the BWC twice, but [he] actually downloaded it on one occasion." Exhibit 19.1. The First Objection also highlighted the numerous procedural violations committed in the First Motion for Sanctions including Attorney ▌s failure to state the efforts made to obtain the discovery from the State "without the need for filing a motion" as well as the reasons the State provided for refusing to provide the requested materials; his lack of a good faith attempt to obtain concurrence in the relief sought; and his combining a motion to compel with a motion for sanctions.[3] Exhibit 2, ¶¶ 9, 10. That day, December 1, 2022, I also requested that a hard copy of the body-worn camera be sent to Attorney ▌ ("Third BWC Production").[4]

Attorney ▌ continued to deny receipt of the Second Link and, the following day, filed a second motion for sanctions ("Second Motion for Sanctions") that sought to "compel" the same discovery (a link to the body-worn camera), which at that point had twice been provided to him. Exhibit 19.1; Exhibit 3. The Second Motion to Compel alleged a "lack of professional courtesy" on my part, called me "passive-aggressive [and] obstructionist," and again requested "sanctions of one hundred dollars." Exhibit 3, ¶¶ 11, 12. The Second Motion for Sanctions did not acknowledge Sergeant McSweeney's email indicating Attorney ▌ was sent the Second Link on November 28, 2022. See generally, Exhibit 3. The Second Motion for Sanctions also violated all the same procedural rules as the First Motion for Sanctions. Exhibit 3. In addition, the Second Motion for Sanctions was filed two business days before the scheduled December 6, 2022 Dispositional Conference (at which the First Motion for Sanctions, and the State's objection, would have been heard). Exhibit 24.

After I received the Second Motion for Sanctions, I sought the assistance of our Office Manager, Pamela Cummings, who provided instruction for the use of our "OneDrive," which I then used to electronically share a Fourth BWC Production with Attorney ▌ Exhibit 20. The next day, Saturday, December 3, 2022, I received an email notification that Attorney ▌ accessed the Fourth BWC Production. Exhibit 6. I filed a second objection ("Second Objection") with the Court. Exhibit 4.

Although Attorney ▌ received access to the BWC in at least two (Hillsboro PD and OneDrive links) and possibly three (hard copy by mail) formats within five (5) business days of his request that I re-share it with him, he failed to withdraw either of the Motions for Sanctions by the time of the Hearing. Instead, at the hearing on December 6, 2022, Attorney ▌ engaged in ad hominem attacks and only after the Court persisted in asking whether he had in fact received the requested discovery, did Attorney ▌ acknowledge receipt, and still did not withdraw his motions and continued to press for sanctions.

---

[2] I would later learn Attorney ▌ opened his service copy of the First Objection at 6:54 a.m. on December 1, 2022. Exhibit 24.

[3] See N.H. Rule of Crim. P. 12(b)(6); N.H. Rule of Crim. P. 35(i)(1); and N.H. Rule of Crim. P. 35(i)(2).

[4] Unfortunately, that envelope and other mail was not sent from the Hillsborough County Attorney's Office until December 2, 2022. Exhibit 14; Exhibit 20. Our Office Manager, Pamela Cummings, was notified of this issue. Id.

In response I addressed the Court that (i) acknowledged it had not yet had time to read the pleadings and (ii) was holding two motions requesting sanctions against me in abeyance. I argued against unjust sanctions by arguing the facts and law set forth in the State's First and Second Objections. I also (1) called the Court's attention to another incident in which Attorney ███████ attempted to shift blame to me for his demonstrable error; (2) noted that Attorney ███████ own conduct as an attorney had been the subject of an inquiry by your office; and, after Attorney ███████ cited his status as a former prosecutor in an attempt to justify his conduct, (3) I questioned the merit of that argument. After this discussion, Attorney ███████ motions for sanctions were denied.

Two days later, on December 8, 2022, Attorney ███████ emailed me stating, "I located the link in my email trash from November 29th [sic][5] that I must have inadvertently deleted." Exhibit 7. As the Court had not yet issued written orders on either of the two Motions for Sanctions, I redacted Attorney ███████ December 8, 2022 email for the additional commentary on his "IOLTA [account]" and "[his] departure from the [Hillsborough County Attorney's Office]," an "incident … [that was] annulled," leaving only the acknowledgement he received the Second BWC Production, and indication he would be filing a corrective pleading, and filed it with the Court that day. "Exhibit A" to Exhibit 5.

Eleven days after filing the First Motion for Sanctions, on December 11, 2022, Attorney ███████ filed a pleading informing the Court he was sent the Second BWC Production on November 28, 2022. Exhibit 26, ¶¶ 31, 38, 44(b).

The next day, on December 12, 2022, Attorney ███████ sent me his grievance via email. Attorney ███████ copied another prosecutor on the email. The following day, while I was out attending appointments, another prosecutor found a copy of the grievance and returned it to me (I never printed it).

Further, Attorney ███████ statements during the hearing that he was on his way into Court to "*deal* with this," "*in person*,"[6] and his suggestion that I might not have advocated as forcefully as I did had he been physically present, were not lost on me.

Contrary to Attorney ███████ suggestion, prosecutors should not "strive[] to zealous[ly] advocate for the State," (*See* Grievance, p. 2, last paragraph), but should instead *seek justice*. However, even prosecutors, who Attorney ███████ notes are in "position[s] of special public trust," are not prohibited from protecting their own reputation. I understand that my comments had the incidental effect of embarrassing Attorney ███████[7] That was not my purpose.

Finally, New Hampshire Supreme Court Rule 37(20) precludes a grievant from disclosing publicly the fact that a grievance or complaint against an attorney has been filed. Your

---

[5] Attorney ███████ would later confirm he in fact received the link on November 28, 2022, the day Hillsboro Police sent it to him. Exhibit 1, Exhibit 26, ¶ 31.

[6] ███████ elected to participate in the December 6, 2022 Hearing remotely.

[7] New Hampshire Rule of Professional Conduct 8.4(g) does not prohibit conduct that has an *incidental effect* of embarrassing another person if the actor lacked that primary purpose. *See* New Hampshire Supreme Court Comment to Rule 8.4(g).

December 15, 2022 letter to Attorney ███████ of which I received a courtesy copy, also provides that violation of the nondisclosure rule may result in dismissal of a grievance. Attorney ███████ violated the nondisclosure rule when he copied another prosecutor on his email by which he sent me the grievance on December 12, 2022. For this violation, and all of the above-stated facts and law, Attorney ██████s grievance should be dismissed.

I have enclosed a Summary setting forth the relevant and material facts and law, together with exhibits (pleadings, orders and emails) and a transcript of the Hearing. If I can provide any additional information or documentation that may be of use, please contact me directly at (617) 967-2221.

Sincerely,

Elena Brander

Enclosures
cc:    John J. Coughlin, County Attorney
       Shawn Sweeney, First Assistant County Attorney
       ████ ████ Esq.

4

11

## SUMMARY

In September 2022, the State sent Attorney ███████ police body-worn camera ("BWC") in the case against his client, the Defendant, Ms. ███████ ("First BWC Production"). Exhibit 1. Attorney ███ downloaded the BWC. Id.; *and see* Exhibit 3, ¶ 18. Later, Attorney ███ claimed he "could not locate it." Exhibit 3, ¶ 8. On November 25, 2022 (the Friday after Thanksgiving), Attorney ███ emailed my assistant, Lisa Whitehead, and me requesting the State re-share the BWC with him. Exhibit 19 (bottom half of page). On Monday, November 28, 2022, I asked my assistant to email the Hillsboro Police Department ("Hillsboro PD") and ask that they re-share the BWC with Attorney ███ Exhibit 15. Ms. Whitehead did so that day; and she copied Attorney ███ on her email. Exhibit 1 (second page). The Hillsboro Police emailed Attorney ███ a second link to the body-worn camera ("Second BWC Production") that same day, on November 28, 2022, but did not notify me. Exhibit 1, Exhibit 26, ¶ 31.

On Wednesday, November 30, 2022, Attorney ███ filed a motion to compel production of BWC and requested sanctions against me ("First Motion for Sanctions"). Exhibit 1.1, ¶¶ 8, 9 ("Ms. ███████ [sic] requests an order that the prosecutor produces a hyperlink for Counsel to access the discovery materials;" "Given this level of non-feasance, Counsel seeks sanctions of one hundred dollars"). That same day, I personally emailed Hillsboro PD and requested they re-share the BWC with Attorney ███ Exhibit 1. Within two hours (then early morning of December 1, 2022), I received an email reply from Sergeant Mark McSweeney of Hillsboro PD informing me the Second BWC Production had been resent to Attorney ███ on Monday, November 28, 2022, the link for which was still accessible through December 8, 2022. Id.

On Thursday, December 1, 2022, I filed an objection to the First Motion for Sanctions, highlighting the procedural rules Attorney ███ violated in filing it,[8] and attached Sergeant McSweeney's email as an exhibit. Exhibit 1.1. That day, I also requested that a hard copy of the body-worn camera be sent to Attorney ███ ("Third BWC Production").[9]

Although the Court had not yet ruled on the first Motion for Sanctions, and although a Dispositional Conference was scheduled in the case against Ms. ███████ in just four days, Attorney ███ filed a second motion to compel the BWC *and again requested sanctions against me* on Friday, December 2, 2022 ("Second Motion for Sanctions"). Exhibit 3, ¶¶ 11, 12 (alleging a "lack of professional courtesy," calling me "passive-aggressive [and] obstructionist," and "seek[ing] sanctions of one hundred dollars"). The Second Motion for Sanctions failed to acknowledge Sergeant McSweeney's December 1, 2022 email, which was attached as an exhibit to the State's objection filed December 1, 2022, with which Attorney ███ was served (I

---

[8] The First Motion for Sanctions violated rules requiring the defendant **(1)** certify that a good faith attempt was made to obtain concurrence in the relief sought (N.H. Rule of Crim. P. 35[i][1]); **(2)** state the efforts the defendant has made to obtain the discovery from the State "without the need for filing a motion," and the reasons the State has provided for refusing to provide the requested materials (N.H. Rule of Crim. P. 12[b][6]); and **(3)** not combine motions requesting separate and distinct forms of relief (such as a motion to compel discovery and a motion for sanctions) (*see* N.H. Rule of Crim. P. 35[i][2]).

[9] Unfortunately, that envelope and other mail was not sent from the Hillsborough County Attorney's Office until December 2, 2022. Exhibit 14; Exhibit 20. Our Office Manager, Pamela Cummings, was notified of this issue. Id.

5

would later learn ▮▮▮ opened his service copy of the First Objection at 6:54 a.m. on December 1, 2022). *See generally* Exhibit 3; Exhibit 24.

After receiving the Second Motion for Sanctions, I caused another link to the BWC to be sent to Attorney ▮▮▮ ("Fourth BWC Production") on December 2, 2022, which he downloaded the following day, Saturday, December 3, 2022. Exhibit 6; Exhibit 20. Nonetheless, at no time did Attorney ▮▮▮ move to withdraw either of the Motions for Sanctions.

On December 6, 2022, a Dispositional Conference was held at 10:00 a.m. in the case against Ms. ▮▮▮ in Courtroom 4 ("the Hearing"). At that time, the Court had not yet read the Motions for Sanctions, nor the State's objections to those motions. *See* Tr. at 35:9-10. At the Hearing, I argued on behalf of the State that both Motions for Sanctions should be denied. The Court indicated it was "going to" deny the Motions for Sanctions; but did not formally deny the Motions for Sanctions during the Hearing. Tr. at 24:21 to 25:-3. Only after all of the discussions which are the subject of Attorney ▮▮▮s grievance did the Court state that "[it] [would] not ... award sanctions against anyone." Tr. at 35:9-10.

Two days later, on December 8, 2022, Attorney ▮▮▮ emailed me stating, "I located the link in my email trash from November 29th [sic] [10] that I must have inadvertently deleted."[11] Exhibit 7. Because the Court had not yet issued written orders denying the Motions for Sanctions and Attorney ▮▮▮ had not filed a corrective pleading with the Court, I attached Attorney ▮▮▮s redacted email to a Supplemental Objection, which I then filed. "Exhibit A" to Exhibit 5; *see also* Exhibit 7 (unredacted copy of Attorney ▮▮▮s December 8, 2022 email).

Later that afternoon, Attorney ▮▮▮ filed "Counsel's Response to the State's Supplemental Objection," in which he noted that he had obtained a copy of the Hearing,[12] and intended to file a "detailed response to the State's proffer." Exhibit 10. Attorney ▮▮▮s pleading did not confirm for the written record whether he received the Second BWC Production, the Third BWC Production, or the Fourth BWC Production; nor did it seek to withdraw either of the Motions for Sanctions, for which no notices of decision had issued. Id.

Eleven days after filing the First Motion for Sanctions, on December 11, 2022, Attorney ▮▮▮ filed a pleading informing the Court he was sent the Second BWC Production on November 28, 2022. Exhibit 26, ¶¶ 31, 38, 44(b).

The following day, on Monday, December 12, 2022, Attorney ▮▮▮ emailed me a copy of the grievance "to be filed" and copied my immediate supervisor, Patrick Ives. Exhibit 8.

On December 12, 2022, the Court issued Notice of its Decision denying the First Motion for Sanctions. Exhibit 11.

---

[10] Attorney ▮▮▮ would later confirm he in fact received the link on November 28, 2022, the day Hillsboro Police sent it to him. Exhibit 1, Exhibit 26, ¶ 31.

[11] Attorney ▮▮▮ would later confirm he in fact received the link on November 28, 2022, the day Hillsboro Police sent it to him. Exhibit 1, Exhibit 26, ¶ 31.

[12] Attorney ▮▮▮ stated during the Hearing that he would be filing a grievance against me with the Attorney Discipline Office. Tr. at 24:13-14.

On December 14, 2022, the Court issued Notice of its Decision denying the Second Motion for Sanctions. Exhibit 12.

## STATEMENT OF FACTS AND APPLICABLE LAW

### I.    PRIOR TO THE HEARING

On August 29, 2022, I was assigned to prosecute the case against ██ ███████████, a 2022 Hillsboro, New Hampshire case in which Ms. ████████ is charged with arson for placing a pile of newspapers very close to a stack of wood, two propane tanks, and a house occupied by five sleeping tenants before lighting that paper on fire.

On September 22, 2022, Attorney █████ entered his Appearance on behalf of the defendant, Ms. ████████. Exhibit 21. On September 29, 2022, the First BWC Production was sent to Attorney █████ via email. *See* Exhibit 1. The following day, Attorney █████ downloaded the First BWC Production. *See* Id.

On October 12, 2022, Attorney █████ emailed me noting that he watched portions of the BWC, and that his client, Ms. █████████, would "entertain a conviction for disorderly conduct," a misdemeanor. Exhibit 3. Attorney █████ claimed he was "not trying to be brash, but … [did] not want [sic] to waste your time putting together a felony offer which [Ms. ████████ will not accept." Id. Because New Hampshire Rule of Criminal Procedure 12(b)(2) *requires* the State to make a written offer two weeks before the dispositional conference (or otherwise inform the defendant if it will not make any offer), on November 22, 2022, I emailed Attorney █████ a felony plea offer, subject to victim input. Attorney █████ emailed me back rejecting the State's offer minutes later.[13] Exhibit 16. No counteroffer was included with Attorney █████ rejection of the State's offer. Id.

On Friday, November 25, 2022, the day after Thanksgiving when the Hillsborough County Attorney's Office ("HCAO") was closed, Attorney █████ copied my assistant, Lisa Whitehead, on the email chain by which he rejected the State's offer and requested that a new download link to the BWC be shared with him, as the first link expired. Exhibit 15.[14]

On Monday, November 28, 2022, the first business day after the holiday, I emailed Ms. Whitehead and requested she "please re-request the BWC be shared with Attorney █████" Id. At 2:01 PM Lisa emailed Hillsboro PD asking that the link be re-shared with Attorney █████. Exhibit 1. Attorney █████ was copied on Ms. Whitehead's email. Id. The Hillsboro Police emailed Attorney █████ a second link to the body-worn camera ("Second BWC Production") that same day, on November 28, 2022, but did not notify me. Exhibit 1, Exhibit 26, ¶ 31.

---

[13] I emailed Attorney █████ the State's offer at 12:47PM on November 22, 2022. I received Attorney █████ response at 1:08PM. Exhibit 16.

[14] The links Hillsboro PD use to share BWC are accompanied by the following disclaimer: "The Hillsboro Police Department has sent you a link to download body-cam footage. IMPORTANT: The link provided is only valid for 10 days." It is also accompanied by a reference to the defendant's name and case number.

14

I also replied directly to Attorney ███████ s email at 10:31 p.m. on Tuesday, November 29, 2022, when I provided the State's expert disclosure and noted, "We have asked [Hillsboro PD] to resend you the BWC." Exhibit 16.

Despite having been copied on Ms. Whitehead's email to Hillsboro PD at 2:01 p.m. on Monday, November 28, 2022, on Tuesday, November 29, 2022 (and having actually received the Second BWC Production on November 28, 2022), Attorney ██████ emailed me stating, "[w]e can despise one another professionally,[15] and you can make things difficult, like moving slowly on sending me another link to the discovery, which I have received from other prosecutors on the same day I make the request." Exhibit 17. In addition to using uncivil language, and failing to acknowledge the efforts already undertaken to honor to his request, Attorney ██████ requested that I agree to spend time with him in a confidential mediation session at which no formal record is typically maintained.[16] I declined the request to mediate by email sent to Attorney ██████ at 11:23 a.m. on the same date. Id.

The following day, on Wednesday, November 30, 2022, Attorney ████████ filed the First Motion for Sanctions at 8:54 p.m. Exhibit 1.1, ¶¶ 8, 9 ("Ms. ██████████ [sic] requests an order that the prosecutor produces a hyperlink for Counsel to access the discovery materials;" "Given this level of non-feasance, Counsel seeks sanctions of one hundred dollars"). Upon receiving notice of that filing, at 11:32 PM, I personally emailed Hillsboro PD, and again asked that the body-worn camera be re-shared with Attorney ██████. Id. That night, at 1:12 AM (the early morning of Thursday, December 1, 2022), Hillsboro PD Sergeant Mark McSweeney emailed me back. Exhibit 1. Sergeant McSweeney's email stated Hillsboro PD sent Attorney ██████ the Second BWC Production three days earlier, on Monday, November 28, 2022. Id. I promptly filed Sergeant McSweeney's email as an exhibit to the State's Objection to the First Motion for Sanctions. See "Exhibit A" to Exhibit 1.1.[17] I also highlighted Sergeant McSweeney's email to Attorney ██████ s attention on December 1, 2022, when I emailed him stating, "I received the email from Hillsborough [sic] indicating not only have you received the BWC twice, but, you actually downloaded it on one occasion," and asking him to "Please advise." Exhibit 19.1. In response, over the next 24-hour period, I received no fewer than three terse emails from Attorney ██████ punctuated by a Second Motion for Sanctions. Id.; Exhibit 3, ¶¶ 11, 12 (alleging a "lack of professional courtesy," calling me "passive-aggressive [and] obstructionist," and "seek[ing] sanctions of one hundred dollars").

On Friday, December 2, 2022, after Attorney ██████ filed the Second Motion for Sanctions, I sought the assistance of our Office Manager, Pamela Cummings, who provided instruction for the use of our "OneDrive," which I then used to electronically share a Fourth BWC Production with Attorney ██████. Exhibit 20. The next day, Saturday, December 3, 2022, I received an email notification that Attorney ██████ accessed the Fourth BWC Production. Exhibit 6.

---

[15] I do not "despise" Attorney ██████ and I do not agree with him that it is appropriate for an attorney to despise another in the course of a professional relationship.

[16] Mediations are typically conducted in Chambers and can last upwards of one hour.

[17] Due to scrivener's error, the State's Objection to the First Motion for Sanctions is titled, "Supplement to State's Objection to Defendant's Motion to Compel and for Sanctions."

8

15

Although Attorney ███ received access to the BWC in at least two (Hillsboro PD and OneDrive links) and possibly three (hard copy by mail) formats within five (5) business days of his request that I re-share it with him, he failed to withdraw either of the Motions for Sanctions by the time of the Hearing.

## II.    THE DECEMBER 6TH HEARING

At the Hearing Attorney ███ appeared via WebEx, as did his client. *See* Tr. at 2:6-10. Attorney ███ s screen was black for the entire Hearing, as was his client's. Some preliminary discussions ensued.[18, 19] When the Court indicated it might assign the case to mediation, I brought the Court's attention to the pending Motions for Sanctions and the State's objections thereto. The Court would later acknowledge it had <u>not</u> had an opportunity to read those pleadings prior to the Hearing. *See* Tr. at 35:9-10.

After I brought the Court's attention to the email from Sergeant McSweeney (Exhibit 1), which was attached to the State's objection to the First Motion for Sanctions, the Court asked Attorney ███ whether he in fact received the Second Discovery Share on November 28, 2022. Tr. at 11:19-23. Attorney ███ did not answer the Court's question. Tr. at 12:1-4. The Court inquired with Attorney ███ a second time about Sergeant McSweeney's email noting a link had been sent to Attorney ███ on November 28, 2022, and was valid **through December 8, 2022**, and asked, *"Is that true?"* Tr. at 12:11-16. Attorney ███ again did not answer the Court's question, providing instead a lengthy "procedural history." Tr. at 12:17 to 13:5. As part of this "history," Attorney ███ alleged that on November 30, 2022, at "10:35 and 11:19AM, [he] emailed saying [he] did not have the link." Tr. at 13:2-3. In fact, Attorney ███ did not email me at 10:35 or at 11:19 AM. He emailed me at different times that day.[20]

Attorney ███ stated he "did not receive the link that the State said it sent on November 28th." Tr. at 13:5-7. Attorney ███ claimed he was "not blaming anybody for that;" Tr. at 13:12-14.; despite having filed two motions attacking my personal and professional integrity and *requesting sanctions*. Exhibit 1.1, ¶¶ 8, 9; Exhibit 3, ¶¶ 11, 12. Attorney ███ highlighted that Sergeant McSweeney's email did not spell out the email address to which Hillsboro PD sent the Second BWC Share on November 28, 2022, in what appeared to be an effort to underscore that it was nowhere in Attorney ███ s email (although this is exactly

---

[18] The Court asked Attorney ███ if he advised his client of the charges on which she was scheduled to be arraigned that day and their maximum penalties. Tr. at 3:23 to 4:1. Attorney ███ advised he had not. Tr. at 4:2-3.

[19] Some confusion ensued over whether another individual was charged in connection with this case; they were not. Hillsboro PD's incident number for the matter involving Ms. ███ is identical to the Peterborough Police Department's incident number for a separate, unrelated matter involving another defendant. However, this results in two defendants' names appearing when the incident number is searched in our case management system. Typically, this only occurs where two individuals are charged with one crime.

[20] On November 30, 2022, I received four emails from Attorney ███ first at 7:16 a.m. to thank me for requesting that the BWC be reshared with him; second at 9:57 a.m. stating he did not have the link to the body-worn camera; third at 9:09 a.m. via an email to a Court Clerk on which I was copied; and fourth at 3:05 p.m. stating he did not receive a link to the BWC. Exhibit 16; Exhibit 23.

9

**16**

where he would later acknowledge it to have been received *prior* to his filing either of the two Motions for Sanctions). Tr. at 13:2-3; Exhibit 1; Exhibit 7.

Later during the Hearing, Attorney ██████ finally acknowledged he did have *a* link, which he acknowledged came from me *before* he filed the Second Motion for Sanctions, and which he claimed he did not see before he filed the Second Motion for Sanctions. Tr. at 14:19-21. Attorney ██████ added, "It was just a ridiculous process to get it, and I'll leave it at that, Your Honor." Tr. at 15:1-2.

Attorney ██████ asked to be heard on his request for mediation despite having failed to move to withdraw the two pending motions requesting sanctions against me. Tr. at 15:2-3.

With the Court's permission, I responded to the errors and omissions in Attorney ██████s "procedural history" and addressed the aspersions Attorney ██████ had cast upon my integrity. I also brought to the Court's attention my multiple prior written requests that Attorney ██████ submit his discovery requests to me, the State's attorney, rather than to my assistant or the police, which requests Attorney ██████ previously refused to heed. Exhibit 18; Tr. at 16:17-20. In addition to being proper protocol, I cited a prior occasion when Attorney ██████ made an HCAO Assistant, Patricia Alati-Poltak, cry. Attorney ██████ interrupted to announce he would come to the Court "right now." Tr. at 17:1-5. Even after the Court directed Attorney ██████ to continue participating in the hearing telephonically, Attorney ██████ stated, "I'm on my way in and I'm going to *deal* with this *in person*." Tr. at 17:6-13. I considered this to be threatening.

I informed the Court that not even four (4) hours after Ms. Whitehead asked that the link be re-shared with Attorney ██████ (on which email Attorney ██████ was copied on Monday, November 28, 2022), I began receiving emails from Attorney ██████ informing me he did not have the link. Exhibit 1; Exhibit 19.[21]

As reiterated throughout this Response, Attorney ██████ was erroneously claiming he did not have the Second BWC Production. Confronted with two motions requesting sanctions against me for failing to provide the requested discovery, I insisted that Attorney ██████ had, in fact, received the link. The Court expressed displeasure with my "distrust" of Attorney ██████ Tr. at 20:6-7.

I attempted to assuage the Court's displeasure by explaining that the software Hillsboro PD uses to share BWC with defendants and their attorneys maintains an electronic log of every time BWC is shared and downloaded. Tr. at 21:1-5. I noted Attorney ██████ successfully received the First Discovery Share in September, when he downloaded it, and stated my belief the Second Discovery Share had similarly succeeded and was in Attorney ██████ email. Tr. at 21:5-19. The Court stated Attorney ██████ acknowledged receipt of the Second BWC Production during the hearing. Tr. at 21:20. I clarified for the Court my understanding that the

---

[21] Additionally, less than twenty (20) hours after Attorney ██████ was copied on my assistant's email to Hillsboro PD requesting the link be re-shared with him, Attorney ██████ sent me an email 'warning' he would file an "appropriate pleading" if he did not have the link by "COB" that day. Exhibit 17. Even if he hadn't actually already received the link, for Attorney ██████ to have threatened and then filed the First and Second Motions for Sanctions within such a short time of requesting that it be re-sent to him was improper.

10

link Attorney ███ acknowledged receiving was in fact the Fourth BWC Production I sent him via the OneDrive on *December 2, 2022*. Tr. at 21:21 to 22:7. Yet at no time did Attorney ███ move to withdraw the Motions for Sanctions which was based on my alleged failure to comply with discovery obligations *prior to* December 2, 2022. Exhibit 1.1; Exhibit 3.

I argued that the First Motion for Sanctions and the Second Motion for Sanctions violated laws requiring the defendant and Attorney ███ (1) certify that a good faith attempt was made to obtain concurrence in the relief sought;[22] (2) state the efforts the defendant has made to obtain the discovery from the State "without the need for filing a motion," as well as the reasons the State provided for refusing to provide the requested materials;[23] and (3) not combine motions requesting separate and distinct forms of relief (such as a motion to compel discovery and a motion for sanctions).[24] Notably, a motion requesting sanctions or other relief for which it can reasonably be presumed the other party will object is exempt from the requirement that the movant make a good faith attempt to obtain concurrence pursuant to N.H. Rule of Crim. P. 35(i)(1).[25] I noted during the Hearing that Attorney ███ filed a similar motion in the only other case I litigated against him, State v. ███ Hillsborough Superior Court North Docket No. 216-███-CR-███[26] *See* "Motion to Exclude Witness Testimony" requesting "attorney's fees," filed the same date the relevant discovery was requested; *and* Objection filed by the State, both attached hereto as Exhibit 22; Tr. at 19:5-6.The effect of such motions is to threaten the reputation and malign the character and integrity of opposing counsel who is then forced to respond to a personal attack as opposed to addressing the merits of the underlying motion.

I argued that the Court was in a position to assess costs against Attorney ███ for the time and costs that had to be spent by the Court and the State in hearing the two Motions for Sanctions which should not have been filed and should promptly have been withdrawn by Attorney ███ upon realizing he had timely and repeatedly received the requested link. See N.H. Rule of Crim. P. 37(c).[27]

I noted that I could obtain the Hillsboro PD's evidence-tracking log (the software is called "Axon"); however, the Court stated it did not believe obtaining the log would be productive. Tr. at 22:11-21. The Court stated, "I've had this discussion with you in other cases, you have to figure out a way to work—" The Court stopped and asked, "What are you looking for? I'm looking at you, and you're looking at the back door." I was looking to see who was present while my professional ability to work with others was being questioned in the context of

---

[22] N.H. Rule of Crim. P. 35(i)(1).

[23] N.H. Rule of Crim. P. 12(b)(6).

[24] *See* N.H. Rule of Crim. P. 35(i)(2).

[25] N.H. Rule of Crim. P. 35(i)(1) provides that the "good faith attempt" rule *does not apply* "in the case of dispositive motions, motions for contempt or sanctions, or comparable motions where it can be reasonably assumed that the party or counsel will be unable to obtain concurrence."

[26] During the trial of that case, Attorney ███ engaged in conduct that resulted in the Court allowing my oral motion for an order that he stop yelling.

[27] "The Court may assess reasonable costs, including reasonable counsel fees, against any party whose frivolous or unreasonable conduct makes necessary the filing of or hearing on any motion." New Hampshire Rule of Criminal Procedure 37(c).

*two* pending motions requesting sanctions against me because of false allegations that the State committed a discovery violation.

I informed the Court of a prior incident in which Attorney ██████ misrepresented to the Court that State was to blame for his error Tr. at 23:9-19. During the trial of State v. ████████, Docket 216-███-CR-████, Attorney ██████ orally intimated to the Court that I was responsible for preventing the service of a defense subpoena on a police officer, when he said while gesturing to me, 'We think the State had something to do with it'. Attorney ██████ did not know that I had already learned from police officer Jacob Tyler that Attorney ██████s investigator was to blame for the service issue. In an email to Officer Tyler, Attorney ██████s investigator stated "I served a subpoena last week with your last name spelled incorrectly and therefore it was never served." Exhibit 9.

It was because of having previously had Attorney ██████ falsely attribute to me errors for which I was not responsible, that I had reiterated my request that his discovery requests be addressed to me directly. Because his lack of careful attention to detail was at issue in this matter, I stated, "something else that I think is important for the Court to note is Attorney ██████ was recently reprimanded because his trust account was out of compliance by fifteen-thousand dollars." Tr. at 24:4-7.[28]

Attorney ██████ then stated, "No, Judge, Judge, no, no, no, no, no, no, this is *done*, this is *done*, Judge, I'm going to file a PCC Complaint on this prosecutor, I've had enough, I have had *enough* of her grand-standing—I'm not going to say another word, may I respond to you, Your Honor?" I responded, "I would ask the Court to look at the pleadings, Your Honor, and to take appropriate action, he has not withdrawn them although he has been provided the discovery numerous times." The Court indicated it *would* deny both motions for sanctions, but never stated on the record that the motions requesting sanctions were *denied*. The Court also did not state how it *might* rule on the motions to compel.

The Court then suggested the parties sit down, in response to which Attorney ██████ interjected, "No, no, no, no, I'm not, I'm not sittin' down with her, Judge, I'm done with her, I'm filing a PCC Complaint for what she just did." The Court later stated, "because the two of you are working so poorly with each other, ... neither of your respective clients ... are being served." Understanding that my continued ability to work on the case against Ms. ████████ was in question, I asked the Court to state for the record what the State was alleged to have done wrong. I expressed my belief that this is the way in which Attorney ██████ approaches cases when he is not getting what he wants. The Court said this was a "personal vendetta" against Attorney ██████ Tr. at 27:8-9. When I attempted to contemporaneously voice my objection and objected, "I have no vendettas," the Court again became frustrated and Attorney ██████ added, "[i]t's what she does." Tr. at 27:13.

I tried to note my objection for those in the courtroom and the record stating, "It's personal when someone files a motion" [alleging unprofessionalism and requesting sanctions] but I was not able to fully state it before the Court indicated it had heard me and added, "I'm not

---

[28] Attorney ██████ was reprimanded in 2019 and found to be "negligent" when his trust account was out of trust by $15,012.17. ADO #████

12

19

disagreeing with you on everything you're saying, it sounds to me like Mr. █████ has not always been on top of the facts here, and maybe he received that email on the 28th or link on the 28th which you say he did, I don't know what the right answer is about that but, I can't rule on that, I'm not ever going to rule on that issue, but it is clear to me that we have to figure out a way to litigate this case unless one of you is getting off the case, so we can't just become mired in all of these disputes and all of these personal attacks that are being made by both of you on each other, we have to litigate this case." Tr. at 28:1-18.

Understanding that my compliance with discovery obligations was being called into question by Attorney █████ misrepresentations to the Court, I noted that Attorney █████ First Motion for Sanctions claimed that he spoke with my supervisor [it is implied, in an effort to obtain the BWC] (Exhibit 1, ¶ 4); and that I had asked my supervisor (First Assistant Shawn Sweeney) on December 1, 2022[29] if he happened to speak with ██ █████ First Assistant Sweeney confirmed he had and said that the reason for the phone call was Attorney █████ complaint about the State's plea offer *and had nothing to do with the body-worn camera.* Tr. at 28:20 to 29:2. Attorney █████ suggestion to the contrary in the First Motion for Sanctions was not accurate.

The Court announced it would "move on" to the Dispositional Conference; but Attorney █████ asked for an opportunity to "respond" promising he would not "attack" me. Tr. at 29:8-12. Attorney █████ then attempted to falsely misrepresent his professional relationship with me as mutually hostile. Tr. at 30:7-9. Attorney █████ insisted on arguing he had not been provided the Second Download Link in the manner I had argued he was (Tr. at 30:14 to 31:5), and cited his experience as Marine, a police officer, and as a prosecutor. Tr. at 31:7-9. Attorney █████ intimated that I would not have made the argument I did had he been present in person in the Court. Tr. at 31:10-12. The circumstances under which Attorney █████ left the HCAO were publicly reported. They were relevant as to the level of animosity he expressed against me and the HCAO. I then asked the Court whether it was aware of "the circumstances under which Attorney █████ left the County Attorney's Office." Tr. at 32:3-6. The Court said, "enough" and threatened to hold me in contempt if I did not stop "going down this path." Tr. at 32:12-14. My only purpose in asking the question was to ensure that when the Court ruled on Attorney █████ two motions based on misrepresentations and seeking sanctions against me, the Court consider Attorney █████ animus as a relevant fact. There was no further discussion regarding the question I posed to the Court.

We selected trial dates, and the Court ordered criminal mediation. Tr. at 32:17, 33:19-20. The Court asked if there was anything else from either party, in response to which I asked that the Court review the pleadings prior to ruling on them, "because it was apparent the Court had not looked at them despite there being four pleadings pending, Your Honor." Tr. at 34:16 to 35:2. The Court acknowledged it had not looked at the two motions for sanctions nor the State's objections to them both before the hearing, but also suggested that Attorney █████ two motions requesting sanctions against me were not scheduled to be heard that day. *See* Tr. at 35:9-12. In my nearly two years of experience with near-daily courtroom appearances in the

---

[29] In the Hearing I said December 2, 2022; however, it was in fact the morning of December 1, 2022, when he, First Assistant Shawn Sweeney, called me as he was sick and requested coverage for a Final Pretrial Hearing that afternoon in the case of State v. James Albert, Hillsborough Superior Court North Docket 216-2022-CR-00349.

13

20

Hillsborough Superior Court North, it is common for discovery motions to be heard and disposed of at the Dispositional Conference.[30]

Finally, the Court concluded, "I can tell you, I'm *not* going to award sanctions against anyone at this point." Tr. at 35:13-14 (emphasis added). I responded, "Thank you, Your Honor." The Court continued, "...if for no other reason than it's clear to me that there's just a horrible working dynamic between the two of you that you both need to work on." Tr. at 35:16-19. Prior to the conclusion of the hearing, I stated, "Your Honor, respectfully, I want to note for the record that I hold no personal grudges toward Attorney ████, however his repeated attacks via motions for sanctions, the State will defend itself, Your Honor." Tr. at 36:13-16.

## III.   AFTER THE HEARING

Two days later, on December 8, 2022, Attorney ████ sent me an email stating he "located the link in my email trash from November 29th that I must have inadvertently deleted." Exhibit 7. In his email on which he copied my immediate supervisor, he also disparaged me, made critiques for how I could have better advised him to do his job, noted his intent to file a grievance with the Attorney Discipline Office, and recommended my employer conduct an "internal review of this matter." Id. He also discussed his IOLTA account and an incident relating to his departure from the County Attorney's Office, which incident he notes was annulled. Id. Because the Court still had not issued orders on either of the two pending motions requesting sanctions against me, I redacted those portions of Attorney ████ email unrelated to his locating the link and filed it with the Court ("Exhibit A" to Exhibit 5).

At 1:59PM on December 8th, Attorney ████ filed "Counsel's Response to the State's Supplemental Objection." Exhibit 10. In that pleading, Attorney ████ noted only (1) that he obtained an audio copy of the December 6th hearing, and (2) that he was reviewing it and preparing a "detailed response to the State's proffer." Id. The Pleading *did not clarify*, for the written record, that Attorney ████ had received the Second Download Link; nor did it include a request to withdraw either of the *two* motions requesting sanctions against me. Id.

Eleven days after filing the First Motion for Sanctions, on December 11, 2022, Attorney ████ filed a pleading informing the Court he was sent the Second BWC Production on November 28, 2022. Exhibit 26, ¶¶ 31, 38, 44(b).

The next day, Attorney ████ emailed me a copy of his grievance "to be filed," and copied another prosecutor in my office. Exhibit 8. The following day, while I was out attending appointments, another prosecutor found a copy of the grievance and returned it to me (I never printed it).

On Monday, December 12, 2022, the Court issued Notice of its Decision denying the First Motion for Sanctions. Exhibit 11.

---

[30] The Dispositional Conference is sometimes the only pretrial hearing (aside from the Final Pretrial Hearing, by which time discovery-related issues should be resolved). In the case against Ms. ████, only the mediation is scheduled between now and the Final Pretrial Hearing.

14

On Wednesday, December 14, 2022, this Court issued Notice of its Decision denying the Second Motion for Sanctions. Exhibit 12.

## REQUEST TO DISMISS GRIEVANCE

I am currently an attorney in good standing in New Hampshire and Massachusetts. I obtained my J.D. in 2016 from the University of New Hampshire Law School, which I attended on a full three-year scholarship. I initially practiced law in New Hampshire and was admitted to the Massachusetts Bar in 2018 where I practiced law until April of 2021 when I began working as an Assistant County Attorney in Hillsborough County. I have worked with dozens of defense counsel in my current position. I have always sought to conduct myself with integrity and treat all defendants and their counsel with courtesy and respect.



Contrary to the allegations made in Attorney ███████ s grievance, I was not on a "mission to embarrass [him] without regard for the rules of professional conduct," in violation of New Hampshire Rule of Professional Conduct 8.4(g). My intention in all cases, including in the case against Ms. ███████████, is to represent the State and serve the interests of its citizens to the best of my ability every day. When Attorney ███████ filed his meritless motions for sanctions against me, and insisted on prosecuting those motions even after being confronted with evidence invalidating his claims, I responded by filing written objections stating the law and facts with documents supporting those facts. Only after Attorney ███████ did not withdraw his two motions despite having received the BWC multiple times did I bring Attorney ███████ s lack of candor and care to the Court's attention during the Hearing. The Rules do not prohibit such conduct by an attorney defending against false and misleading allegations. *See* New Hampshire Supreme Court Comment to Rule 8.4(g). [31]

What I said concerning Attorney ███████ s 2019 reprimand was true. Filing one motion for sanctions against opposing counsel for a link that was repeatedly sent to him, and which was in his email (even if he had moved it to the trash), is evidence of a lack of care. Filing a *second* motion requesting sanctions against opposing counsel after he was confronted with evidence that he had received the link and insisting on defending and refusing to withdraw both motions even after acknowledging he had received the link, made the level of care with which Attorney ███████ has attended to detail when practicing law relevant. It was not my purpose but his own conduct that embarrassed Attorney ███████. Calling the Court's attention to the facts demonstrating Attorney ███████'s prior lack of care and animus towards the HCAO and me is not prohibited by the Rules of Professional Conduct.

---

[31] The New Hampshire Supreme Court Comment to Rule 8.4(g) provides, "Subsection (g) is intended to govern the conduct of lawyers in any context in which they are acting as lawyers. The rule requires that the proscribed action be taken with the primary purpose of embarrassing, harassing or burdening another person, which includes an action motivated by animus against the other person based upon the other person's race, sex, religion, national origin, ethnicity, physical or mental disability, age, sexual orientation, marital status or gender identity. **The rule does not prohibit conduct that lacks this primary purpose, even if the conduct incidentally produces, or has the effect or impact of producing, the described result.**" (Emphasis added).

15

22

I did not intend to go further, but acknowledge that Judge Anderson, whom I have always admired, was right to caution me not to do so. It was only after I asked that question that the Court stated "[it] [would] <u>not</u> … award sanctions against anyone." <u>Tr. at 35:13-14</u> (emphasis added).

Contrary to Attorney ███████ s claim, the audio recording of the Hearing does not "contain[] all relevant contextual information." Grievance, page 1, n. 1. By design and in an abuse of the New Hampshire Rules of Criminal Procedure, Attorney ██████ joined motions requesting separate and distinct forms of relief requiring me to simultaneously defend against two motions falsely asserting that I had violated discovery rules and should therefore be sanctioned. I responded in the most honest and effective way I knew. To comply with the discovery rules, I promptly and repeatedly provided the requested discovery, documented the production, filed pleadings opposing those motions with exhibits, sought assistance from others working at HCAO and the Hillsboro PD, and then argued all relevant and material facts and law at the hearing on December 6th.

Despite having acknowledged during the Hearing that he had already received the BWC, Attorney ██████ s grievance states "[a]t that time, in good faith, I believed I had not received it." Grievance, p. 2. Even if he intended by his use in the grievance of the general term "discovery" to allude only to the Second Download Link, he was not acting "in good faith" by filing a motion for sanctions just two days after he knew a download link had been requested for him and before checking his email folders. Nor was he acting in good faith when, two days later, and before the Court ruled on the First Motion for Sanctions, he again failed to check his email folders before filing a Second Motion for Sanctions.

Finally, New Hampshire Supreme Court Rule 37(20) precludes a grievant from disclosing publicly the fact that a grievance or complaint against an attorney has been filed. The letter also provides that violation of the nondisclosure rule could result in dismissal of a grievance or complaint. Attorney ██████ violated this rule when he copied another HCAO prosecutor on the email by which he sent me the grievance. For this violation and all of the above-stated facts and law, Attorney ██████ s grievance should be dismissed.

Respectfully,

Elena Brander, Esq.

Enclosures
cc:    John J. Coughlin, County Attorney
       Shawn Sweeney, First Assistant County Attorney
       ████████ Esq.

16

23

# TABLE OF CONTENTS

1. November 28, 2022 email from Sergeant McSweeney

1.1 First Motion for Sanctions

2. First Objection[1] with "Exhibit A" (November 28, 2022 email from Sergeant McSweeney)

3. Second Motion for Sanctions

4. Second Objection

5. Supplement to Objections with "Exhibit A" (December 8, 2022 email from Atty. ██████)

6. Confirmation Attorney ██████ accessed Fourth BWC Production

7. December 8, 2022 email from Attorney ██████ (unredacted)

8. Email attaching Grievance

9. William Freyler (Attorney ██████ investigator) email

10. Attorney ██████ December 8, 2022 Pleading

11. Order on First Motion for Sanctions

12. Order on Second Motion for Sanctions

13. October 12, 2022 email from Attorney ██████

14. Email regarding December 1, 2022 mail

15. November 28, 2022 email from me to Legal Assistant Lisa Whitehead

16. November 29, 2022 email to Attorney ██████

17. November 29, 2022 email objecting to mediation

18. Emails requesting discovery requests be directed to me

19. Emails

19.1  Emails

20. Email regarding Dec. 1, 2022 mail and Fourth BWC Production

21. Appearance of Attorney ██████

22. Motion to Exclude Witness Testimony (requesting attorney's fees), and State's Objection

23. Additional November 30, 2022 emails from Attorney ██████

24. "Opened" receipt, dated December 1, 2022 at 6:54 a.m.

25. Electronic Docket for 216-2022-CR-██████

26. Attorney ██████ December 11, 2022 Pleading

---

[1] Due to scrivener's error, the State's Objection to the First Motion for Sanctions is titled, "Supplement to State's Objection to Defendant's Motion to Compel and for Sanctions."

# EXHIBIT 1

**From:**   Mark McSweeney
**To:**   Elena Brander; Lisa Whitehead; Court; mmcsweeny@hillsboropd.com; Sandy Burrows
**Subject:**   RE: BWC REQUEST FOR ███ ██████████ YOUR # █████AR
**Date:**   Thursday, December 1, 2022 1:12:24 AM

Some people who received this message don't often get email from mmcsweeney@hillsboropd.com. Learn why this is important

On September 29th, the download link was sent to ██████████████ com
On September 30th 8:52am █████ █████ downloaded the body cam video.
On November 28th, a download link was sent to █████ █████ with the link to download the video expiring on December 8th.

I will not be re-sending the link, as it is still valid.


Respectfully Submitted,

SGT. McSweeney



**Sergeant Mark McSweeney**
Patrol Division
**Hillsboro Police Department**
p:(603)464-5512
f:(603) 464-6052
a:22 Municipal Drive
www.hillsboropd.com




**From:** Elena Brander <elena.brander@hcnh.gov>
**Sent:** Wednesday, November 30, 2022 11:32 PM
**To:** Lisa Whitehead <lisa.whitehead@hcnh.gov>; Court <Court@hillsboropd.com>; mmcsweeny@hillsboropd.com; Sandy Burrows <SBurrows@hillsboropd.com>
**Subject:** RE: BWC REQUEST FOR ███ ██████████ YOUR # █████AR

Greetings:

I am writing to follow up on this request. Attorney █████ tells me this BWC has not yet been shared with him. Are you able to please resend it to him at the following address: █████ cfw-

lawyers.com

Thank you!

Elena

**From:** Lisa Whitehead <lisa.whitehead@hcnh.gov>
**Sent:** Monday, November 28, 2022 2:01 PM
**To:** court@hillsboropd.com; mmcsweeny@hillsboropd.com; Sandy Burrows <sburrows@hillsboropd.com>
**Cc:** Elena Brander <elena.brander@hcnh.gov>; ██████ ██████ <████████████████com>
**Subject:** BWC REQUEST FOR ███ █████████████ YOUR #██████AR

Hello,

Please re-share the body worn camera with Attorney ██████ █████ as his link has expired. Thank you, Lisa

Lisa Whitehead, Legal Secretary
Hillsborough County Attorney's Office
300 Chestnut Street
Manchester, NH  03101
Tel:  (603) 627-5605, ext 4315
Direct line: 603-314-4315
Fax:  (603) 627-5627
Please note my new email address: lisa.whitehead@hcnh.gov

This e-mail communication (including any attachments) is covered by the Electronic Communications Privacy Act, 18 USC 2510 et seq. This communication is CONFIDENTIAL. The legal advice and work product contained herein are PRIVILEGED and intended only for disclosure to or use by the person(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of this communication to the intended recipient(s), you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by using the "reply" feature or by calling me at 603.627.5605, and then immediately delete this message and all attachments from your computer.

# EXHIBIT 1.1

**Filed**
**File Date: 11/30/2022 8:54 PM**
**Hillsborough Superior Court Northern District**
**E-Filed Document**

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH COUNTY SUPERIOR COURT

STATE V. ███████████ ██████

216-2022-CR-█████

## COUNSEL'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

NOW COMES ███ ████████ by and through her attorney ████ ██████ with a Motion. The following is set forth:

1. Ms. ██████████ is charged with assorted felonies.

2. Previously, the State provided a hyperlink to access various discovery materials.

3. The link has expired, and Counsel has repeatedly asked for another link to access discovery in preparation for the dispositional hearing.

4. Counsel has sent several emails and spoken with a supervisor.

5. Counsel has inquired about the reasons for the delay and has not received a response.

6. Ms. ██████████ has rights to be fully informed of the State's case against her, to "produce all proofs that may be favorable" to her, to be "fully heard" in her defense, and to due process under Part I, Article 15 of the State Constitution. The Sixth and Fourteenth Amendments of the Federal Constitution grant similar rights.

7. The State is required to provide in discovery all exculpatory evidence in the possession of the State. United States v. Agurs, 427 U.S. 97, 108 (1976); State v. Laurie, 139 N.H. 325, 327 & 329 (1995). This includes evidence that goes to guilt or innocence of the defendant, credibility of State witnesses, or the level of offense or appropriate sentence should the defendant be convicted. Brady v. Maryland, 373 U.S. 83, 87 (1963); Giglio v. United

States, 405 U.S. 150, 153-55 (1972); United States v. Bagley, 473 U.S. 667 (1985); Laurie, 139 N.H. at 327-28; N.H. R. Prof. Cond. 3.8(d).

8. Ms. ▮▮▮▮▮▮ requests an order that the prosecutor produces a hyperlink for Counsel to access the discovery materials.

9. Given this level of non-feasance, Counsel seeks sanctions of one hundred dollars.

WHEREFORE, Counsel respectfully requests that the Honorable Court:

    A.  Schedule a show-cause hearing; and

    B.  Grant whatever other relief the Court determines is equitable and just.

11/30/22                                        Respectfully Submitted



                                                com

**CERTIFICATION**

A copy of this pleading has been forwarded to the State

11/30/22                                        /s/

# EXHIBIT 2

**Filed**
**File Date: 12/1/2022 2:44 AM**
**Hillsborough Superior Court Northern District**
**E-Filed Document**

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                                        SUPERIOR COURT
DOCKET NO. 216-2022-CR-███                                NORTHERN DISTRICT

STATE OF NEW HAMPSHIRE

v.

████ ██████████

## SUPPLEMENT TO STATE'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS

NOW COMES the State of New Hampshire, by and through the Hillsborough County Attorney's Office, and files the within Objection to the defendant's Motion to Compel and for Sanctions, stating in support as follows:

1. The defendant, through Counsel, Attorney ████ ████ has filed a Motion to Compel and for Sanctions ("Motion"). For the reasons set forth in this Objection, the State objects.

2. On Tuesday, November 11, 2022, Defense Counsel emailed the State rejecting the State's plea offer, and stating the defendant would be requesting trial dates at the upcoming December 6, 2022 Dispositional Hearing. No counteroffer was conveyed.

3. Three days later, on Friday, November 25, 2022, a holiday when the County Attorney's Office was closed, Defense Counsel emailed Counsel for the State requesting body-worn camera.

4. Notably, the Hillsborough Police Department previously shared body-worn camera with Defense in this case via email. Defense Counsel neglected to download the link before it expired, despite the warning that the link was only valid for 10 days.

5. Undersigned Counsel's Legal Assistant emailed the Hillsborough Police Department on Monday, November 28, the first day back after the holiday, asking that the body-worn camera be reshared with the Defense. Attorney ██████ was copied on this email.

6. Defense Counsel emailed the Legal Assistant four hours later that he had not received the

body-worn camera.

7. The defendant filed her Motion on Wednesday, November 30, 2022. The Motion came two days after Attorney ███ was copied on the State's email to the Hillsborough Police requesting the body-worn be reshared with him.

8. The State objects to the defendant's Motion.

9. N.H. Rule of Crim. P. 12(b)(6) provides that "No motion seeking discovery of any of the materials required to be disclosed … shall be accepted for filing by the clerk of court unless said motion contains a specific recitation of: (A) the particular discovery materials sought by the motion; (B) the efforts which the movant has made to obtain said materials from the opposing party without the need for filing a motion; and (C) the reasons, if any, given by the opposing party for refusing to provide such materials."

10. The defendant's Motion fails to comport with this rule, and violates N.H. Rule of Crim. P. 35(i)(1), requiring that any party filing a motion shall certify to the court that a good faith attempt was made to obtain concurrence in the relief sought. The Motion also runs afoul of N.H. Rule of Crim. P. 35(i)(2), which precludes filers from combining multiple motions seeking separate and distinct relief into a single filing, dictating instead that "Separate motions must be filed."

11. On December 1, 2022, the State received additional pertinent information from the Hillsborough Police Department, attached hereto as "Exhibit A."

12. In summary, Exhibit A demonstrates that Attorney ███ was shared the body-worn camera link on two separate occasions, September 29, 2022 and November 28, 2022, respectively, and in fact previously downloaded the body-worn camera, all prior to filing the defendant's Motion to Compel and for Sanctions on November 30, 2022.

13. The Defendant's Motion to Compel and for Sanctions should be denied.

WHEREFORE the State respectfully requests this Honorable Court:

    A. Deny the Defendant's Motion;

    B. Schedule a Hearing, if necessary; and

    C. Grant any such other relief as may be proper and just.


DATED: December 1, 2022            Respectfully Submitted,


                    /s/ Elena Brander
                    Elena Brander #266292
                    Assistant County Attorney


## **CERTIFICATION**

     I hereby certify that a copy of the foregoing pleading has been sent on this day to counsel of record for the defendant via the New Hampshire Electronic Filing System.

                    /s/ Elena Brander
                    Elena Brander

# EXHIBIT A

**From:** Mark McSweeney
**To:** Elena Brander; Lisa Whitehead; Court; ████████████████; Sandy Burrows
**Subject:** RE: BWC REQUEST FOR ██ ███████████ YOUR # █████ AR
**Date:** Thursday, December 1, 2022 1:12:24 AM

> Some people who received this message don't often get email from mmcsweeney@hillsboropd.com. Learn why this is important

On September 29th, the download link was sent to ██████████████com

On September 30th 8:52am ██████ ██████ downloaded the body cam video.

On November 28th, a download link was sent to █████ █████ with the link to download the video expiring on December 8th.

I will not be re-sending the link, as it is still valid.


Respectfully Submitted,

SGT. McSweeney



**Sergeant Mark McSweeney**
Patrol Division
**Hillsboro Police Department**
p:(603)464-5512
f:(603) 464-6052
a:22 Municipal Drive
www.hillsboropd.com





**From:** Elena Brander <██████████████████>
**Sent:** Wednesday, November 30, 2022 11:32 PM
**To:** Lisa Whitehead <████████████████████>; Court <█████████████████>; ██████████████████████; Sandy Burrows <████████████████████>
**Subject:** RE: BWC REQUEST FOR ██ ████████████ YOUR # ██████ AR

Greetings:

I am writing to follow up on this request. Attorney ██████ tells me this BWC has not yet been shared with him. Are you able to please resend it to him at the following address: ████████.



.com

Thank you!

Elena

**From:** Lisa Whitehead <　　　　　　　　　>
**Sent:** Monday, November 28, 2022 2:01 PM
**To:** 　　　　　　　　 ; 　　　　　　　　 ; Sandy Burrows
<　　　　　　　　 >
**Cc:** Elena Brander <　　　　　　　　 >; 　　　 <　　　　　　　.com>
**Subject:** BWC REQUEST FOR 　　　　　　　 YOUR # 　　 -AR

Hello,

Please re-share the body worn camera with Attorney 　　　 　　　 as his link has expired. Thank
you, Lisa

Lisa Whitehead, Legal Secretary
Hillsborough County Attorney's Office
300 Chestnut Street
Manchester, NH  03101
Tel:  (603) 627-5605, ext 4315
Direct line: 603-314-4315
Fax:  (603) 627-5627
Please note my new email address:

This e-mail communication (including any attachments) is covered by the Electronic Communications Privacy Act, 18 USC 2510 et seq. This communication is CONFIDENTIAL. The legal advice and work product contained herein are PRIVILEGED and intended only for disclosure to or use by the person(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of this communication to the intended recipient(s), you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by using the "reply" feature or by calling me at 603.627.5605, and then immediately delete this message and all attachments from your computer.

# EXHIBIT 3

**Filed**
**File Date: 12/2/2022 7:53 AM**
**Hillsborough Superior Court Northern District**
**E-Filed Document**

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH COUNTY SUPERIOR COURT

STATE V. ████████████  ██████

216-20██-CR-██████

## COUNSEL'S SECOND MOTION TO COMPEL DISCOVERY

NOW COMES ████ ████████████ by and through her attorney ██████ ██████ with a Motion. The following is set forth:

1. Ms. ██████████ is charged with assorted felonies.

2. Previously, the State provided a hyperlink to access various discovery materials.

3. The link has expired, and Counsel has repeatedly asked for another link to access discovery in preparation for the dispositional hearing.

4. Counsel has sent several emails and spoken with a supervisor.

5. Counsel has inquired about the reasons for the delay and has not received a response.

6. Since the filing of Counsel's first motion, he has repeatedly requested access to the e-discovery via a hyperlink, including calling a supervisor a second time.

7. The State has responded by questioning whether Counsel previously downloaded the evidence.

8. Counsel acknowledged that he had previously downloaded some evidence but could not locate it on his computer, hence his second request.

9. Counsel has continued to receive emails with .PDF attachments, signaling that the State has access to the e-discovery file.

10. For a point of reference, Counsel has encountered the same issue with this particular discovery platform and has received subsequent access within 24

hours.

11. This case stands out as an aberration for unknown reasons.

12. Given the lack of professional courtesy, Counsel is no longer willing to accept discovery via email.

13. He requests the Court issue an order that the State mail paper copies of all outstanding discovery.

14. Furthermore, he requests that all body camera footage be sent to him on DVDs.

15. He has previously absorbed the expense of copying and printing discovery. However, he appreciates the convenience of electronic discovery practices, which apply to ninety-nine percent of his cases with the State in various cities and towns in New Hapmshire.

16. For reasons known only to the State, in this particular case, it has adopted a passive-aggressive obstructionist approach that could have been solved very quickly.

17. Counsel has repeatedly attempted to resolve this issue informally via emails and telephone calls.

18. He acknowledges that he cannot locate the downloaded files, but the case has to move forward, and he needs access to the information.

19. Ms. ▇▇▇▇▇▇▇ has rights to be fully informed of the State's case against her, to "produce all proofs that may be favorable" to her, to be "fully heard" in her defense, and to due process under Part I, Article 15 of the State Constitution. The Sixth and Fourteenth Amendments of the Federal Constitution grant similar rights.

20. The State is required to provide in discovery all exculpatory evidence in the possession of the State. United States v. Agurs, 427 U.S. 97, 108 (1976); State v. Laurie, 139 N.H. 325, 327 & 329 (1995). This includes evidence that goes to guilt or innocence of the defendant, credibility of State witnesses, or the level of offense or appropriate sentence should the defendant be convicted. Brady v. Maryland, 373 U.S. 83, 87 (1963); Giglio v. United States, 405 U.S. 150, 153-55 (1972); United States v. Bagley, 473 U.S. 667

(1985); Laurie, 139 N.H. at 327-28; N.H. R. Prof. Cond. 3.8(d).

21. Ms. ███████████ requests an order that the prosecutor produces a hyperlink for Counsel to access the discovery materials.

22. Given this level of non-feasance, Counsel seeks sanctions of one hundred dollars.

WHEREFORE, Counsel respectfully requests that the Honorable Court:

    A. Schedule a show-cause hearing; and

    B. Grant whatever other relief the Court determines is equitable and just.

12/02/22                              Respectfully Submitted



/s/ ████████ # ████

603-

████████ com

### CERTIFICATION

A copy of this pleading has been forwarded to the State

12/02/22                              /s/ ████████ # ████

# EXHIBIT 4

**Filed**
**File Date: 12/5/2022 1:20 PM**
**Hillsborough Superior Court Northern District**
**E-Filed Document**

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                                            SUPERIOR COURT
DOCKET NO. 216-2022-CR-███                                    NORTHERN DISTRICT

STATE OF NEW HAMPSHIRE

v.

██████ ████████

## OBJECTION TO "COUNSEL'S SECOND MOTION TO COMPEL DISCOVERY"

NOW COMES the State of New Hampshire, by and through the Hillsborough County Attorney's Office, and files the within Objection to "Counsel's Second Motion to Compel Discovery," stating in support as follows:

1.  The defendant, through Counsel, Attorney ████ █████ has filed a second Motion to Compel Discovery that also requests sanctions ("Second Motion to Compel").

2.  The State objects.

3.  With one exception,[1] the State respectfully directs this Court's attention to the State's objection filed with this Court on December 1, 2022 in response to the defendant's first Motion to Compel (and for sanctions) ("First Motion to Compel"). See Objection, filed December 1, 2022.

4.  The State notes a third link was emailed to Defense Counsel on Friday, December 2, 2022.

5.  The State again notes that N.H. Rule of Crim. P. 12(b)(6) provides, "No motion seeking discovery of any of the materials required to be disclosed … shall be accepted for filing by the clerk of court unless said motion contains a specific recitation of: (A) the particular discovery materials sought by the motion; (B) the efforts which the movant has made to obtain said materials

---

1 The State seeks to correct Paragraph 4 of the State's Objection to the defendant's First Motion to Compel, in which the State assumed Defense Counsel merely neglected to download the link before it expired; however, it appears based on Exhibit A to that Pleading that Defense Counsel in fact downloaded the discovery at issue on September 30, 2022.

from the opposing party without the need for filing a motion; and (C) the reasons, if any, given by the opposing party for refusing to provide such materials."

6. The defendant's Motion fails to comport with this rule, and violates N.H. Rule of Crim. P. 35(i)(1), requiring that any party filing a motion shall certify to the court that a good faith attempt was made to obtain concurrence in the relief sought. The Motion also runs afoul of N.H. Rule of Crim. P. 35(i)(2), which precludes filers from combining multiple motions seeking separate and distinct relief into a single filing, dictating that "Separate motions must be filed."

7. Despite the State's First Objection filed with this Court on December 1, 2022, which outlines all three of these Rules, the defendant filed her Second Motion to Compel on December 2, 2022, again joining a Motion to Compel (which requires the other party's position be set forth in the body of the motion) with a Motion for Sanctions (which does not).

8. The defendant's Second Motion to Compel should be denied.

WHEREFORE the State respectfully requests this Honorable Court:

    A. Deny the defendant's Second Motion to Compel; and

    B. Grant any such other relief as may be proper and just.

DATED: December 1, 2022                        Respectfully Submitted,


                                     /s/ Elena Brander
                                     Elena Brander #266292
                                     Assistant County Attorney


## CERTIFICATION

I hereby certify that a copy of the foregoing pleading has been sent on this day to counsel of record for the defendant in this case via the New Hampshire Electronic Filing System, and in State v. ▮▮▮▮ ▮▮▮▮▮▮▮▮▮ Docket 216-20▮▮-CR-▮▮▮ via email.

                                     /s/ Elena Brander
                                     Elena Brander

# EXHIBIT 5

**Filed**
**File Date: 12/8/2022 11:44 AM**
**Hillsborough Superior Court Northern District**
**E-Filed Document**

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                          SUPERIOR COURT
DOCKET NO. 216-2022-CR-█████                              NORTHERN DISTRICT

STATE OF NEW HAMPSHIRE

v.

████  ████████████

## STATE'S SUPPLEMENT TO OBJECTIONS TO DEFENSE MOTIONS TO COMPEL AND FOR SANCTIONS

NOW COMES the State of New Hampshire, by and through the Hillsborough County Attorney's Office, and files the within Supplement to the Defendant's Two Motions to Compel and for Sanctions, stating in support as follows:

1. The defendant, through Counsel, Attorney ████  ██████ filed two Motions to Compel Discovery that also requested sanctions, on November 30, 2022 and December 2, 2022 ("Motions to Compel and for Sanctions").

2. The State objected and noted the requested discovery was already provided.

3. On today's date, Defense Counsel Attorney ██████ emailed the State, noting he did receive a link that was "inadvertently deleted" (see email attached as "Exhibit A").

4. After a Hearing on December 6, 2022, despite an acknowledgement by Defense Counsel that a third link sent by the County Attorney's Office was received, both Motions to Compel and for Sanctions remain pending and have not been withdrawn by the Defense.

5. The State requests this Court deny the defendant's Motions to Compel and for Sanctions. The State also requests, in light of Defense Counsel's statement on the record at the Dispositional Hearing in this case on December 6, 2022, that he would be coming to the Court to "deal" with this matter, that this Court reconsider its decision to schedule this case for mediation.

WHEREFORE the State respectfully requests this Honorable Court:

A.  Deny the defendant's Motions to Compel and for Sanctions;

B.  Cancel the mediation in this case; and

C.  Grant any such other relief as may be proper and just.

DATED: December 8, 2022                    Respectfully Submitted,


/s/ Elena Brander
Elena Brander #266292
Assistant County Attorney


### CERTIFICATION

I hereby certify that a copy of the foregoing pleading has been sent on this day to counsel of record for the defendant in this case via the New Hampshire Electronic Filing System.

/s/ Elena Brander
Elena Brander

# EXHIBIT A

| | |
|---|---|
| **From:** | ██████ ████ |
| **To:** | Elena Brander; Patrick Ives; █████ ████ |
| **Subject:** | Update |
| **Date:** | Thursday, December 8, 2022 7:17:26 AM |

Atty. Brander,

Just now, I searched using the term Axon--I located the link in my email trash from November 29th that I must have inadvertently deleted.   I plan to file a pleading to correct the record on various issues the State raised, and I will note this fact. ████████████████████████████
████████████████████████████████████
████████████████████████████████████
█████████████████████████
██████████████████████████████████
████████████████████████████████████
███████████████████████████████
██████████████████████████████
████████████████████████████████████
████████████████████████

██████

████████████████████████████████████
████████████████████████████████████
██████

█

██████████

# EXHIBIT 6

**From:**      SharePoint Online
**To:**        Elena Brander
**Subject:**   The link to "██████ BWC" was successfully used
**Date:**      Saturday, December 3, 2022 9:02:13 AM
**Attachments:** 7ad94f4f-0b56-4684-833e-305b0b6cf69c
                b4faad42-abe6-49c3-9005-1764e2fe0a03
                8d5eaf75-d671-4551-96cf-1772150bb47f

███████████ com has opened the link you sent to "██████ BWC"!

If this is unexpected, you can open your folder and manage its sharing permissions by clicking here.



# EXHIBIT 7



| | |
|---|---|
| **From:** | |
| **To:** | Elena Brander; Patrick Ives; |
| **Subject:** | Update |
| **Date:** | Thursday, December 8, 2022 7:17:26 AM |

Atty. Brander,

Just now, I searched using the term Axon--I located the link in my email trash from November 29th that I must have inadvertently deleted.   I plan to file a pleading to correct the record on various issues the State raised, and I will note this fact.  As I previously stated, a phone call/email confirming the link had been sent could have solved this issue much faster versus saying one had been requested and then sending additional discovery or you could have stated, please wait 48 hours for a response etc...all of this will be noted in the pleading to be filed.

  The separate issue is your conduct during the hearing on 12/6.  Your attack on my integrity evinced an unmistakable intent to embarrass and harass me in a public setting. As noted by the Court, other lawyers have encountered similar issues.  The IOLTA statement and ,after being warned to stop by the Court, referencing my departure from the HCAO, demonstrate your intent.  Furthermore, the incident referencing my departure has been annulled.  You referenced the prior case with Mr. ████   I have no idea what you are suggesting.  As previously stated, I am pursuing a PCC complaint so that these issues may be fully vetted by independent counsel.

Atty. Ives,

  As Attorney Brander's supervisor, I am providing you with a courtesy notification of this inquiry.  I will leave it to your office to conduct an internal review of this matter. I have obtained a copy of the hearing.

--

**Best regards,**



IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.





# EXHIBIT 8

**From:**  ████ █████
**To:**  Elena Brander; Patrick Ives; ████ █████
**Subject:**  PCC Complaint
**Date:**  Monday, December 12, 2022 2:03:09 PM
**Attachments:**  pcc complaint.pdf

I have attached a copy of the PCC complaint to be filed. I will mail a paper copy and DVD to Atty. Brander.

--

Best regards,





IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.







P (603) ███
F (603) ███

December 12, 2022

New Hampshire Supreme Court
Attorney Discipline Office
4 Chenell Drive, Suite 102
Concord, NH 03301

Re: Grievance: Attorney Elena Brander
    Hillsborough County Attorney's Office
    300 Chestnut Street
    Manchester, NH 03101
    603-627-5605

Dear Sir or Madam,

This grievance arises from a hearing in the Hillsborough County Superior Court (North) in State v. ███████ (216-2022-CR-████.[1] Attorney Brander represented the State, and I represented the defendant. Before the hearing, I had filed motions to compel the State to provide discovery and requested sanctions. When I filed the motions, I believed the State had failed to comply with applicable discovery rules.

Ultimately, after the hearing on December 6th, I realized I had mistakenly deleted the discovery link, which was the gravamen of my motions. When I learned about my error, I immediately updated Attorney Brander.

---

[1] This grievance letter is a brief summary of the incident from December 6th. The audio recording (Exhibit A) contains all relevant contextual information.

However, during the hearing on December 6th, Attorney Brander, on more than one occasion, and after being warned to cease her conduct, engaged in behavior designed to harass and embarrass me. As the proceeding unfolded, there was a discussion about whether or not I had received the discovery. At that time, in good faith, I believed I had not received it. First, Attorney Brander responded by suggesting that I had misled the Court in a prior jury trial. Honestly, I have no idea what she was referring to, as she never brought this issue to my attention.

Then, Attorney Brander uttered the following, "..something else I think is important for the Court to note is Attorney ████ was recently reprimanded because his trust account was out of compliance by fifteen thousand dollars." I responded with surprise and frustration.

Attorney Brander's comment, whether taken in context or isolation, was intended to embarrass and harass me in a public forum. Although what she stated was true, it had no factual or legal bearing on the issue before the Court. Moreover, if she attempted to impugn my integrity, she misled the Court by omitting information that the Professional Conduct Committee specifically stated that my actions were not motivated by either dishonesty or greed.

What followed was the Court's attempt to de-escalate a very difficult situation. Attorney Brander offered some additional facts, and the Court suggested Attorney Brander was on a personal vendetta. The Court remarked that Attorney Brander kept interrupting and that he had heard Attorney Brander's statements. Finally, the Court stated that it wanted to complete the dispositional hearing. With the Court's permission, I offered some emotional remarks, and the Court clearly stated that the parties were moving on with the dispositional conference.

Despite all of these warnings, Attorney Brander uttered the following, "...I was wondering if the Court was aware of the circumstances of Attorney ████ leaving the Hillsborough County Attorney's Office." After this remark, the Court threatened to issue a contempt finding against Attorney Brander. Her statement referenced an incident in 2011 that was devastating for my family and me. The underlying arrest has been annulled and vetted with the Attorney Discipline Office without any finding of professional misconduct.

To the extent my thoughts are relevant, I have struggled with the decision to file this grievance. I have consulted several confidants and spent considerable time thinking about these issues. Attorney Brander is a newer prosecutor who strives to be a zealous advocate for the State. However, she needs to understand

the boundaries of legitimate advocacy, she needs to listen to other, more experienced lawyers in her office, and most importantly, she needs to learn and change her behavior. I am not seeking to destroy anyone's career or professional reputation. However, I wish Attorney Brander had acted with similar restraint. Instead, Attorney Brander succeeded in her mission to embarrass me without regard for the rules of professional conduct, the Court's warnings, or her role as an advocate for the State, a position of special public trust. At a minimum, she violated Rule 8.4(g) and perhaps others.

If you have any questions or concerns, please do not hesitate to contact me.

Respectfully submitted,

Cc: Attorney Elena Brander

# CERTIFICATION OF COPIES

_Elena Brander Esq_    advs.    ██████████████

Name/s of Attorney/s (Respondent/s)                    Name/s of Complainant/s

I/We hereby certify that a copy of the enclosed    _Grievance_

(Complaint, Response, etc.)

has been forwarded to all of the following complainants, respondents, and counsel for complainants and respondents in the Attorney Discipline Office matter, pursuant to New Hampshire Supreme Court Rule 37A(VII), and that I/we have included a copy of all attachments or enclosures submitted with it:

Name                                Address

Elena Brander Esq
Hillsborough County Attorney
300 Chestnut Street #139
Manchester NH 03101

Date: _12/12/2022_                    ████████████████

                                      Signature

Date: _____        _____

                                      Signature

                                      ████████████████
                                      Printed Name/s

                                      ████████████████
                                      Address

                                      ████████████████
                                      Address

                                      ████████████████
                                      Telephone Number

Your grievance must be signed under oath.

      I hereby swear or affirm under the pains and penalties of perjury that the information contained in this grievance is true to the best of my knowledge.

_12/12/22_
Date

Signature

# EXHIBIT 9

| | |
|---|---|
| **From:** | Tyler,Jacob |
| **To:** | Elena Brander |
| **Subject:** | Fwd: Subpoena |
| **Date:** | Saturday, April 23, 2022 12:19:38 PM |

Thank you for getting me on Thursday over having to come back, I really appreciate it.
Jake

Begin forwarded message:

> **From:** William Freyler <freylerinvestigations@gmail.com>
> **Date:** April 20, 2022 at 14:34:38 EDT
> **To:** "Tyler,Jacob" <JTyler@manchesternh.gov>
> **Subject: Subpoena**
>
>
> Good afternoon Officer Tyler,
>
> I served a subpoena last week with your last name spelled incorrectly and therefore it was never served.  There is a court hearing tomorrow for State v ████ ████ at 10 AM at the superior court in Manchester, NH.  I am not sure the exact time you'll be needed, but are you available tomorrow and if so can you give me a call please.  I will try and narrow the time frame as much as possible for you.  Thank you for your time.  My phone number is 603-703-4523.
>
> Thank you,
>
> --
> William Freyler
> Freyler Investigations LLC
> 603-703-4523
>
> *The content of this email is confidential and intended for the recipient specified in message only. It is strictly forbidden to share any part of this message with any third party, without a written consent of the sender. If you received this message by mistake, please reply to this message and follow with its deletion, so that we can ensure such a mistake does not occur in the future.*

*The Right-To-Know Law (RSA 91-A) provides that most e-mail communications, to or from City employees and City volunteers regarding the business of the City of Manchester, are government records available to the public upon request. Therefore, this email communication may be subject to public disclosure.*

# EXHIBIT 10

Filed
File Date: 12/8/2022 1:59 PM
Hillsborough Superior Court Northern District
E-Filed Document

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH COUNTY SUPERIOR COURT

STATE V. ███ ████████████

216-2022-CR-███████

## COUNSEL'S RESPONSE TO THE STATE'S SUPPLEMENTAL OBJECTION

NOW COMES ███ █████████████ by and through her attorney ████████ with a Response.  The following is set forth:

1. After the hearing on December 6, 2022, Counsel obtained an audio copy of the record.

2. He is reviewing it and preparing a detailed response to the State's proffer, including, the most recent implied accusation contained in its supplemental objection.

12/08/22                              Respectfully Submitted



603-███████ ██████████
████████.com

### CERTIFICATION

A copy of this pleading has been forwarded to the State

12/08/22                              /s/ ██████ ██████ #██████

# EXHIBIT 11

**Filed**
**File Date: 11/30/2022 8:54 PM**
**Hillsborough Superior Court Northern District**
**E-Filed Document**

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH COUNTY SUPERIOR COURT

Clerk's Notice of Decision
Document Sent to Parties
on   12/12/2022

STATE V. ███████  ██████

216-2022-CR-█████

## COUNSEL'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

NOW COMES ███  ██████████  by and through her attorney ████ ████ with a Motion.  The following is set forth:

1. Ms. ████████ is charged with assorted felonies.

2. Previously, the State provided a hyperlink to access various discovery materials.

3. The link has expired, and Counsel has repeatedly asked for another link to access discovery in preparation for the dispositional hearing.

4. Counsel has sent several emails and spoken with a supervisor.

5. Counsel has inquired about the reasons for the delay and has not received a response.

6. Ms. ████████ has rights to be fully informed of the State's case against her, to "produce all proofs that may be favorable" to her, to be "fully heard" in her defense, and to due process under Part I, Article 15 of the State Constitution. The Sixth and Fourteenth Amendments of the Federal Constitution grant similar rights.

7. The State is required to provide in discovery all exculpatory evidence in the possession of the State. United States v. Agurs, 427 U.S. 97, 108 (1976); State v. Laurie, 139 N.H. 325, 327 & 329 (1995). This includes evidence that goes to guilt or innocence of the defendant, credibility of State witnesses, or the level of offense or appropriate sentence should the defendant be convicted. Brady v. Maryland, 373 U.S. 83, 87 (1963); Giglio v. United

DENIED. The motion is largely moot as defense counsel today agreed that he has received the requested link. As for sanctions, the Court is not persuaded that any delay by the State in producing the link would warrant the imposition of sanctions. The Court does, however, caution both counsel against mak███ further personal attacks against each other. These attacks do not advad███ the interests of the State or Defendant.

**This is a Service Document For Case: 216-2022-CR-**
**Hillsborough Superior Court Northern District**
**12/12/2022 3:46 PM**

Honorable David A. Anderson

December 6, 2022

States, 405 U.S. 150, 153-55 (1972); United States v. Bagley, 473 U.S. 667 (1985); Laurie, 139 N.H. at 327-28; N.H. R. Prof. Cond. 3.8(d).

8. Ms. ███████ requests an order that the prosecutor produces a hyperlink for Counsel to access the discovery materials.

9. Given this level of non-feasance, Counsel seeks sanctions of one hundred dollars.

WHEREFORE, Counsel respectfully requests that the Honorable Court:

    A. Schedule a show-cause hearing; and

    B. Grant whatever other relief the Court determines is equitable and just.

11/30/22                        Respectfully Submitted



/s/ █████████ #████████

603-████████████

████████████ com

**CERTIFICATION**

A copy of this pleading has been forwarded to the State

11/30/22                        /s/ █████ █████ #█████

# EXHIBIT 12

Filed
File Date: 12/2/2022 7:53 AM
Hillsborough Superior Court Northern District
E-Filed Document

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH COUNTY SUPERIOR COURT

STATE V. ████████████ ██████

216-2022-CR-██████

## COUNSEL'S SECOND MOTION TO COMPEL DISCOVERY

NOW COMES ████ ██████████ by and through her attorney ████ ██████ with a Motion. The following is set forth:

1. Ms. ████████ is charged with assorted felonies.
2. Previously, the State provided a hyperlink to access various discovery materials.
3. The link has expired, and Counsel has repeatedly asked for another link to access discovery in preparation for the dispositional hearing.
4. Counsel has sent several emails and spoken with a supervisor.
5. Counsel has inquired about the reasons for the delay and has not received a response.
6. Since the filing of Counsel's first motion, he has repeatedly requested access to the e-discovery via a hyperlink, including calling a supervisor a second time.
7. The State has responded by questioning whether Counsel previously downloaded the evidence.
8. Counsel acknowledged that he had previously downloaded some evidence but could not locate it on his computer, hence his second request.
9. Counsel has continued to receive emails with .PDF attachments, signaling that the State has access to the e-discovery file.
10. For a point of reference, Counsel has encountered the same issue with this particular discovery platform and has received subsequent access within 24

DENIED as moot given counsel's receipt of the request information. No sanction is issued.

Clerk's Notice of Decision
Docu___nt Sent to Parties

This is a Service Document For Case: 216-2022-CR-██████
Hillsborough Superior Court Northern District
12/14/2022 2:54 PM

Honorable David A. Anderson
December 8, 2022

hours.

11. This case stands out as an aberration for unknown reasons.

12. Given the lack of professional courtesy, Counsel is no longer willing to accept discovery via email.

13. He requests the Court issue an order that the State mail paper copies of all outstanding discovery.

14. Furthermore, he requests that all body camera footage be sent to him on DVDs.

15. He has previously absorbed the expense of copying and printing discovery. However, he appreciates the convenience of electronic discovery practices, which apply to ninety-nine percent of his cases with the State in various cities and towns in New Hapmshire.

16. For reasons known only to the State, in this particular case, it has adopted a passive-aggressive obstructionist approach that could have been solved very quickly.

17. Counsel has repeatedly attempted to resolve this issue informally via emails and telephone calls.

18. He acknowledges that he cannot locate the downloaded files, but the case has to move forward, and he needs access to the information.

19. Ms. ███████ has rights to be fully informed of the State's case against her, to "produce all proofs that may be favorable" to her, to be "fully heard" in her defense, and to due process under Part I, Article 15 of the State Constitution. The Sixth and Fourteenth Amendments of the Federal Constitution grant similar rights.

20. The State is required to provide in discovery all exculpatory evidence in the possession of the State. United States v. Agurs, 427 U.S. 97, 108 (1976); State v. Laurie, 139 N.H. 325, 327 & 329 (1995). This includes evidence that goes to guilt or innocence of the defendant, credibility of State witnesses, or the level of offense or appropriate sentence should the defendant be convicted. Brady v. Maryland, 373 U.S. 83, 87 (1963); Giglio v. United States, 405 U.S. 150, 153-55 (1972); United States v. Bagley, 473 U.S. 667

(1985); Laurie, 139 N.H. at 327-28; N.H. R. Prof. Cond. 3.8(d).

21. Ms. ██████████ requests an order that the prosecutor produces a hyperlink for Counsel to access the discovery materials.

22. Given this level of non-feasance, Counsel seeks sanctions of one hundred dollars.

WHEREFORE, Counsel respectfully requests that the Honorable Court:

   A. Schedule a show-cause hearing; and

   B. Grant whatever other relief the Court determines is equitable and just.

12/02/22                              Respectfully Submitted



/s/ ████ ████ # ████
603-██████████
██████████ com

**CERTIFICATION**

A copy of this pleading has been forwarded to the State

12/02/22                              /s/  ████ ████ # ████

# EXHIBIT 13

**From:** ██ ██
**To:** Elena Brander
**Subject:** State v. ██ ██
**Date:** Wednesday, October 12, 2022 5:25:35 PM

Elena,

    Good evening. I know I am early, but I finished a lengthy meeting with my client. Before sending an offer, please understand that my client is not going to enter any disposition involving a felony conviction. Although I have not had the opportunity to review the police reports, I have watched portions of the body cameras.

    She would entertain a conviction for disorderly conduct with a suspended sentence. I am not trying to be brash, but I do not want to waste your time putting together a felony offer which she will not accept. If the State is insistent on a felony resolution, kindly let me know, and we will proceed accordingly.

Regards,

--

Best regards,





██████ ██████ **Esq.**
██████████████████

Office: 603-████ | Cell Phone: 603-████
Email: ████████com
████████████ ████████
www████████com | Fax: 603-████
Please note our new address: ████████ ████████

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.





# EXHIBIT 14

| | |
|---|---|
| **From:** | Brttney Weiner |
| **To:** | Elena Brander |
| **Subject:** | Mail 12/1 |
| **Date:** | Friday, December 2, 2022 2:08:05 PM |

Elena,

The mail from yesterday (12/1) did not go out yesterday. I was not aware that I was on mail duty for the month of December. That will be going out today, again sorry for that!

Thank you!

**Brittney Weiner**
**Legal Secretary**
**Hillsborough County Attorney's Office**
**300 Chestnut Street**
**Manchester, NH 03101**
**603-627-5605 Ext. 4312**

# EXHIBIT 15

**From:** Elena Brander
**To:** Lisa Whitehead
**Subject:** FW: ███████ - Docket 216-2022-CR-███
**Date:** Monday, November 28, 2022 11:05:00 AM

Dear Lisa:

Will you please re-request the BWC be shared with Attorney ███████

Thank you,

Elena

**From:** ████ ██████ <████████████com>
**Sent:** Friday, November 25, 2022 5:43 PM
**To:** Elena Brander <elena.brander@hcnh.gov>; Lisa Whitehead <lisa.whitehead@hcnh.gov>
**Subject:** Re: ███████ - Docket 216-2022-CR-███

Elena,

 I am concerned that I do not have all of the discovery materials associated with this case.  I received the following:

1. Link to the body camera footage, which has expired; please resend;
2. One DVD labeled (residence video); and
3. A PDF file with 34 pages of discovery.

Does Axon link contain additional police reports and/or written statements?  Also, the videos on the DVD appear to have been edited from a larger file.  Do you have the thumb drive with the original videos?

On Tue, Nov 22, 2022 at 1:08 PM ████ ██████ <████████████com> wrote:

> Good afternoon thank you for the offer considering the content of my prior email we will decline this invitation if we come up with a counter  offer I'll let you know but for purposes of the dispositional hearing will schedule for a trial thank you
>
> On Tue, Nov 22, 2022, 12:47 PM Elena Brander <elena.brander@hcnh.gov> wrote:
>
>> Dear ██:
>>
>> The State's offer in this case is plead guilty to any one of the arson charges, 12 mos committed; followed by 2-4 all suspended 6 years good behavior and 3 years probation on the reckless conduct charge. The State's offer in this case is subject to victim input.
>>
>> Thank you,
>>
>> Elena Brander, Esq.
>> Assistant Hillsborough County Attorney
>> 300 Chestnut Street
>> Manchester, New Hampshire 03101
>> (w) 603-314-4330
>> (f) 603-627-5627
>>
>> **STATEMENT OF CONFIDENTIALITY**

This e-mail communication (including any attachments) is covered by the Electronic Communications Privacy Act, 18 USC 2510 et seq. This communication is CONFIDENTIAL. The legal advice and work product contained herein are PRIVILEGED and intended only for disclosure to or use by the person(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of this communication to the intended recipient(s), you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by using the "reply" feature or by calling me at 603.627.5605, and then immediately delete this message and all attachments from your computer.

--

Best regards,

███ Esq

Office: 603-███████ | Cell Phone: 603-███

Email: ███████ com

███████ █████

www ███████ com | Fax: 603-███

Please note our new address: ███████ █████

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

# EXHIBIT 16

| | |
|---|---|
| **From:** | ▇▇▇ ▇ |
| **To:** | Elena Brander |
| **Subject:** | Re: ▇▇▇▇▇ - Docket 216-2022-CR-▇▇ |
| **Date:** | Wednesday, November 30, 2022 7:16:24 AM |

Thank you

On Tue, Nov 29, 2022 at 10:31 PM Elena Brander <elena.brander@hcnh.gov> wrote:

> Dear ▇▇
>
> We have asked Hillsborough to resend you the BWC, and have inquired about the 'larger file' you reference in your email below. I have also asked for a complete and up-to-date copy of the police reports, and photos.
>
> Please see the attached expert disclosure.
>
> Thank you,
>
> Elena Brander
>
> ---
>
> **From:** ▇▇▇ ▇▇▇ <▇▇▇▇▇▇▇▇com>
> **Sent:** Friday, November 25, 2022 5:43 PM
> **To:** Elena Brander <elena.brander@hcnh.gov>; Lisa Whitehead <lisa.whitehead@hcnh.gov>
> **Subject:** Re: ▇▇▇▇▇ - Docket 216-2022-CR-▇▇
>
> Elena,
>
>   I am concerned that I do not have all of the discovery materials associated with this case.  I received the following:
>
>   1. Link to the body camera footage, which has expired; please resend;
>   2. One DVD labeled (residence video); and
>   3. A PDF file with 34 pages of discovery.
>
> Does Axon link contain additional police reports and/or written statements?  Also, the videos on the DVD appear to have been edited from a larger file.  Do you have the thumb drive with the original videos?
>
> > On Tue, Nov 22, 2022 at 1:08 PM ▇▇▇ ▇▇▇ <▇▇▇▇▇▇▇▇com> wrote:
> >
> > > Good afternoon thank you for the offer considering the content of my prior email we will decline this

invitation if we come up with a counter offer I'll let you know but for purposes of the dispositional hearing will schedule for a trial thank you

On Tue, Nov 22, 2022, 12:47 PM Elena Brander <elena.brander@hcnh.gov> wrote:

Dear █

The State's offer in this case is plead guilty to any one of the arson charges, 12 mos committed; followed by 2-4 all suspended 6 years good behavior and 3 years probation on the reckless conduct charge. The State's offer in this case is subject to victim input.

Thank you,

Elena Brander, Esq.

Assistant Hillsborough County Attorney

300 Chestnut Street

Manchester, New Hampshire 03101

(w) 603-314-4330

(f) 603-627-5627

**STATEMENT OF CONFIDENTIALITY**

This e-mail communication (including any attachments) is covered by the Electronic Communications Privacy Act, 18 USC 2510 et seq. This communication is CONFIDENTIAL. The legal advice and work product contained herein are PRIVILEGED and intended only for disclosure to or use by the person(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of this communication to the intended recipient(s), you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by using the "reply" feature or by calling me at 603.627.5605, and then immediately delete this message and all attachments from your computer.

--

Best regards,

█ Esq.
█

Office: 603-█  |  Cell Phone: 603-█

☐                        ☐

Email: ███████████ com

███████████ ████████

www███████ com | Fax: 603-████

Please note our new address: ████████████ ██████

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

--

Best regards,



████████ Esq. ██████
███████████ ████████

Office: 603-███████ | Cell Phone: 603-████
Email: ███████ com
████████████ ████████
www███████ com | Fax: 603-████
Please note our new address: ████████████ ██████

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.



# EXHIBIT 17

**From:** Elena Brander
**To:** ██ ██
**Subject:** RE: State v. ██
**Date:** Tuesday, November 29, 2022 11:23:00 AM

Dear ██

The State objects to mediation.

Thank you,

Elena Brander

**From:** ██ ██ <██████████com>
**Sent:** Tuesday, November 29, 2022 11:09 AM
**To:** Elena Brander <elena.brander@hcnh.gov>
**Subject:** State v. ██ ██

Elena,

  You and I have different opinions about many issues, which is fine. But, I want to lower the temperature around this case.  We can despise one another professionally, and you can make things difficult, like moving slowly on sending me another link to the discovery, which I have received from other prosecutors on the same day I make the request etc.
  I hope we can rise above our differences and agree to assign this case to criminal mediation.  Perhaps you will consider the viewpoint of a neutral third party with many years of experience about the offer in this case. Alternatively, I am always willing to listen if I am informed that my perspective is wrong.
  For purposes of the dispositional hearing, I need the link for the discovery, if I do not have it by COB today, I will file an appropriate pleading.  This is a very simple request, and I am tired of wading my way through animosity and nonsense. I will be requesting criminal mediation.  Let me know what you think

--

**Best regards,**



██████ **Esq.**
███████████

Office: 603-██████ | Cell Phone: 603-███████
Email: ███████com
████████████ █████████
www████████com | Fax: 603-███████
Please note our new address: ████████████ █████████

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

# EXHIBIT 18

**From:** ▓▓▓▓
**To:** Elena Brander
**Subject:** Re: BWC REQUEST FOR ▓▓▓ ▓▓▓▓▓▓▓ YOUR # ▓▓▓ AR
**Date:** Monday, November 28, 2022 6:39:59 PM

Elena,

 You do not dictate who I send emails to...feel free to file a motion and waste time....

On Mon, Nov 28, 2022 at 6:29 PM Elena Brander <elena.brander@hcnh.gov> wrote:

> Dear ▓▓▓
>
> For the third time, I am asking you to send your discovery requests to me. If this happens again, I will take it up with the Court.
>
> Thank you,
>
> Elena

---

**From:** ▓▓▓▓ ▓▓▓▓ <▓▓▓▓▓▓▓▓▓▓▓▓▓▓com>
**Sent:** Monday, November 28, 2022 5:56 PM
**To:** Lisa Whitehead <lisa.whitehead@hcnh.gov>
**Cc:** court@hillsboropd.com; mmcsweeny@hillsboropd.com; Sandy Burrows <sburrows@hillsboropd.com>; Elena Brander <elena.brander@hcnh.gov>
**Subject:** Re: BWC REQUEST FOR ▓▓▓ ▓▓▓▓▓▓▓▓▓ YOUR # ▓▓▓ AR

FYI--I did not receive anything.  Thank you

On Mon, Nov 28, 2022 at 2:00 PM Lisa Whitehead <lisa.whitehead@hcnh.gov> wrote:

> Hello,
>
> Please re-share the body worn camera with Attorney ▓▓▓ ▓▓▓ as his link has expired. Thank you, Lisa
>
> Lisa Whitehead, Legal Secretary
>
> Hillsborough County Attorney's Office
>
> 300 Chestnut Street
>
> Manchester, NH  03101
>
> Tel:  (603) 627-5605, ext 4315

**From:** ███ ███
**To:**   Elena Brander
**Subject:** Re: ████████ - Docket 216-2022-CR-███
**Date:** Monday, November 28, 2022 11:18:23 AM

Elena,

Also, I thought it would be faster to obtain another link for the discovery...please send it ASAP

On Mon, Nov 28, 2022 at 11:17 AM ██████ ██████ <████████████████com> wrote:

Elena,

I have received emails directly from legal secretaries for prosecutors in your office.  Is this your policy or an official policy?

On Mon, Nov 28, 2022 at 11:03 AM Elena Brander <elena.brander@hcnh.gov> wrote:

Dear ██

As per my prior request, please email me (only) with discovery requests. Please do not copy my assistant, Lisa Whitehead, nor Hillsboro PD, on our emails.

Thank you,

Elena

---

**From:** ██████ ██████ <████████████████com>
**Sent:** Friday, November 25, 2022 5:43 PM
**To:** Elena Brander <elena.brander@hcnh.gov>; Lisa Whitehead <lisa.whitehead@hcnh.gov>
**Subject:** Re: ████████ - Docket 216-2022-CR-███

Elena,

I am concerned that I do not have all of the discovery materials associated with this case.  I received the following:

1. Link to the body camera footage, which has expired; please resend;
2. One DVD labeled (residence video); and
3. A PDF file with 34 pages of discovery.

Does Axon link contain additional police reports and/or written statements?  Also, the videos on the DVD appear to have been edited from a larger file.  Do you have the thumb drive with the original videos?



--

Best regards,



 **Esq.**

Office: 603-▮▮▮▮▮ | Cell Phone: 603-▮▮▮▮

Email: ▮▮▮▮▮com

▮▮▮▮▮▮▮ | ▮▮▮▮▮

www▮▮▮▮▮com | Fax: 603-▮▮▮▮

Please note our new address: ▮▮▮▮▮▮ ▮▮▮▮

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

| | |
|---|---|
| **From:** | Elena Brander |
| **To:** | ▮▮▮▮ ▮▮▮▮ Lisa Whitehead |
| **Cc:** | Sandy Burrows |
| **Subject:** | RE: 2ND REQUEST FOR EVIDENCE FOR ▮▮ ▮▮▮▮▮▮ HPD# ▮▮▮▮ AR |
| **Date:** | Tuesday, October 4, 2022 2:20:00 PM |

Dear ▮▮

Please direct your discovery requests to me, not Hillsboro PD. I will start a new email chain without them copied.

Thank you,

Elena

---

**From:** ▮▮▮▮ ▮▮▮▮ <▮▮▮▮▮▮▮▮▮▮▮▮com>
**Sent:** Tuesday, October 4, 2022 2:00 PM
**To:** Lisa Whitehead <lisa.whitehead@hcnh.gov>
**Cc:** Sandy Burrows <sburrows@hillsboropd.com>; Elena Brander <elena.brander@hcnh.gov>
**Subject:** Re: 2ND REQUEST FOR EVIDENCE FOR ▮▮▮ ▮▮▮▮▮▮▮ HPD# ▮▮▮▮ AR

Good afternoon,

The only discovery I have received is a link to the body camera footage. I wanted to be sure I was not missing anything. Do you know when I can expect to receive the remainder of the discovery materIals?

On Wed, Sep 28, 2022 at 2:12 PM Lisa Whitehead <lisa.whitehead@hcnh.gov> wrote:

> Hello, I requested evidence on 9/16 and I think you sent the body worn camera link to Elena Brander but not to me. Can you please send me the Evidence.com link? And may I please have a list of evidence? And 2 copies of any CD's (to include any photos) and 1 copy of any additional paper discovery to include any 911 call log/recordings? Also please share any body worn camera footage with defense Attorney ▮▮▮▮ ▮▮▮▮ Thank you
>
> Lisa Whitehead, Legal Secretary
> Hillsborough County Attorney's Office
> 300 Chestnut Street
> Manchester, NH  03101
> Tel:  (603) 627-5605, ext 4315
> Direct line: 603-314-4315
> Fax:  (603) 627-5627
> Please note my new email address: lisa.whitehead@hcnh.gov
>
> This e-mail communication (including any attachments) is covered by the Electronic Communications Privacy Act, 18 USC 2510 et seq. This communication is CONFIDENTIAL. The legal advice and work product contained herein are PRIVILEGED and intended only for disclosure to or use by the person(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of this communication to the intended recipient(s), you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by using the "reply" feature or by calling me at 603.627.5605, and then immediately delete this message and all attachments from your computer.

--

Best regards,

███████████ Esq.
██████████████

Office: 603-████████ | Cell Phone: 603-████████
Email: ██████████ com
██████████████ ██████████
www ██████████ com | Fax: 603-████████
Please note our new address: ██████████████ ██████████

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

# EXHIBIT 19

| | |
|---|---|
| **From:** | ███ ███ |
| **To:** | Lisa Whitehead |
| **Cc:** | court@hillsboropd.com; mmcsweeny@hillsboropd.com; Sandy Burrows; Elena Brander |
| **Subject:** | Re: BWC REQUEST FOR ███ ███████ YOUR # ████ AR |
| **Date:** | Monday, November 28, 2022 5:55:54 PM |

FYI--I did not receive anything.  Thank you

On Mon, Nov 28, 2022 at 2:00 PM Lisa Whitehead <lisa.whitehead@hcnh.gov> wrote:

> Hello,
>
> Please re-share the body worn camera with Attorney ███ ███ as his link has expired.
> Thank you, Lisa
>
> Lisa Whitehead, Legal Secretary
>
> Hillsborough County Attorney's Office
>
> 300 Chestnut Street
>
> Manchester, NH  03101
>
> Tel:  (603) 627-5605, ext 4315
>
> Direct line: 603-314-4315
>
> Fax:  (603) 627-5627
>
> Please note my new email address: lisa.whitehead@hcnh.gov
>
> This e-mail communication (including any attachments) is covered by the Electronic Communications Privacy Act, 18 USC 2510 et seq. This communication is CONFIDENTIAL. The legal advice and work product contained herein are PRIVILEGED and intended only for disclosure to or use by the person(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of this communication to the intended recipient(s), you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by using the "reply" feature or by calling me at 603.627.5605, and then immediately delete this message and all attachments from your computer.

--

Best regards,





**Esq.**

☐ Office: 603- ▇▇▇▇ . | ☐ Cell Phone: 603- ▇▇▇▇ .
☐ Email: ▇▇▇▇ com
☐ ▇▇▇▇ .
☐ www ▇▇▇▇ com | ☐ Fax: 603- ▇▇▇▇
☐ Please note our new address: ▇▇▇▇

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.



**From:** ███ ███
**To:** Elena Brander
**Subject:** Re: ███████ - Docket 216-2022-CR-███
**Date:** Monday, November 28, 2022 11:18:23 AM

Elena,

Also, I thought it would be faster to obtain another link for the discovery...please send it ASAP

On Mon, Nov 28, 2022 at 11:17 AM ███ ███ <████████████com> wrote:

Elena,

I have received emails directly from legal secretaries for prosecutors in your office. Is this your policy or an official policy?

On Mon, Nov 28, 2022 at 11:03 AM Elena Brander <elena.brander@hcnh.gov> wrote:

Dear ███

As per my prior request, please email me (only) with discovery requests. Please do not copy my assistant, Lisa Whitehead, nor Hillsboro PD, on our emails.

Thank you,

Elena

---

**From:** ███ ███ <████████████com>
**Sent:** Friday, November 25, 2022 5:43 PM
**To:** Elena Brander <elena.brander@hcnh.gov>; Lisa Whitehead <lisa.whitehead@hcnh.gov>
**Subject:** Re: ████████ - Docket 216-2022-CR-███

Elena,

I am concerned that I do not have all of the discovery materials associated with this case. I received the following:

1. Link to the body camera footage, which has expired; please resend;
2. One DVD labeled (residence video); and
3. A PDF file with 34 pages of discovery.

Does Axon link contain additional police reports and/or written statements? Also, the videos on the DVD appear to have been edited from a larger file. Do you have the thumb drive with the original videos?

On Tue, Nov 22, 2022 at 1:08 PM ████ ████ <████████████com> wrote:

Good afternoon thank you for the offer considering the content of my prior email we will decline this invitation if we come up with a counter offer I'll let you know but for purposes of the dispositional hearing will schedule for a trial thank you

On Tue, Nov 22, 2022, 12:47 PM Elena Brander <elena.brander@hcnh.gov> wrote:

Dear ██

The State's offer in this case is plead guilty to any one of the arson charges, 12 mos committed; followed by 2-4 all suspended 6 years good behavior and 3 years probation on the reckless conduct charge. The State's offer in this case is subject to victim input.

Thank you,

Elena Brander, Esq.

Assistant Hillsborough County Attorney

300 Chestnut Street

Manchester, New Hampshire 03101

(w) 603-314-4330

(f) 603-627-5627

**STATEMENT OF CONFIDENTIALITY**

This e-mail communication (including any attachments) is covered by the Electronic Communications Privacy Act, 18 USC 2510 et seq. This communication is CONFIDENTIAL. The legal advice and work product contained herein are PRIVILEGED and intended only for disclosure to or use by the person(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of this communication to the intended recipient(s), you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by using the "reply" feature or by calling me at 603.627.5605, and then immediately delete this message and all attachments from your computer.

--

Best regards,

████ ████ **Esq.**



Office: 603-████. | Cell Phone: 603-████

Email: ████████com

www████████com | Fax: 603-████

Please note our new address: ████████ ████████

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

--

Best regards,

████████ Esq.

Partner, ████ & ████ PLLC

Office: 603-████. | Cell Phone: 603-████

Email: ████████com

www████████com | Fax: 603-████

Please note our new address: ████████ ████████

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.



--

Best regards,





Esq.

Partner, ████ & ████ PLLC

Office: 603-████ | Cell Phone: 603-████

Email: ████com

████ ████

www████com | Fax: 603-████

Please note our new address: ████ ████

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.





# EXHIBIT 19.1

**From:** ███ ████
**To:** Elena Brander
**Subject:** Re: State v. ████████
**Date:** Friday, December 2, 2022 7:04:47 AM

I continue to receive discovery still not link

On Thu, Dec 1, 2022 at 11:23 AM ████ ████████ <███████████████com> wrote:
> And I was not sure if there are other materials on the link

On Thu, Dec 1, 2022, 11:19 AM ████ ████████ <███████████████com> wrote:
> I have not been able to locate the download hence my requests for another link ...still waiting for a link

On Thu, Dec 1, 2022, 11:09 AM Elena Brander <elena.brander@hcnh.gov> wrote:
>> Dear ███
>>
>> I inadvertently filed the attached Objection into the wrong Docket # (Judge Anderson is also the judge in that case). I will be filing a Motion to Withdraw it. After filing it I received the email from Hillsborough indicating not only have you received the BWC twice, but you actually downloaded it on one occasion. Please advise.
>>
>> Thank you,
>>
>> Elena Brander
>>
>> _____
>>
>> **From:** ████ ████ <███████████████com>
>> **Sent:** Thursday, December 1, 2022 10:35 AM
>> **To:** Elena Brander <elena.brander@hcnh.gov>
>> **Subject:** State v. ████████
>>
>> Good morning,
>>
>>   To keep you updated, I still do not have a link.
>>
>> --
>>
>> Best regards,



IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

--

Best regards,





IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.





# EXHIBIT 20

| | |
|---|---|
| **From:** | ███ █ |
| **To:** | Elena Brander |
| **Subject:** | Re: State v. ████ |
| **Date:** | Friday, December 2, 2022 7:31:26 PM |

Will do thank you

On Fri, Dec 2, 2022 at 4:01 PM Elena Brander <elena.brander@hcnh.gov> wrote:

> Dear ██
>
> Apparently our mail did not get sent yesterday. Our Office Manager has been notified.
>
> I have sent you a OneDrive link with the BWC. Please let me know if you cannot access it.
>
> Thank you,
>
> Elena
>
> ---
>
> **From:** Elena Brander
> **Sent:** Friday, December 2, 2022 1:41 PM
> **To:** ████ ██████ <████████████com>
> **Subject:** RE: State v. ████████
>
> Dear ██
>
> Hard copies of the BWC were mailed to you yesterday.
>
> Thank you,
>
> Elena
>
> ---
>
> **From:** ████ ██████ <██████████████com>
> **Sent:** Friday, December 2, 2022 7:04 AM
> **To:** Elena Brander <elena.brander@hcnh.gov>
> **Subject:** Re: State v. ████████
>
> I continue to receive discovery still not link

On Thu, Dec 1, 2022 at 11:23 AM ██████ ██████ <███████████████ com> wrote:

> And I was not sure if there are other materials on the link

On Thu, Dec 1, 2022, 11:19 AM ██████ ██████ <███████████████ com> wrote:

> I have not been able to locate the download hence my requests for another link ...still waiting for a link

On Thu, Dec 1, 2022, 11:09 AM Elena Brander <elena.brander@hcnh.gov> wrote:

> Dear ██,
>
> I inadvertently filed the attached Objection into the wrong Docket # (Judge Anderson is also the judge in that case). I will be filing a Motion to Withdraw it. After filing it I received the email from Hillsborough indicating not only have you received the BWC twice, but you actually downloaded it on one occasion. Please advise.
>
> Thank you,
>
> Elena Brander
>
> ---
>
> **From:** ██████ ██████ <████████████████ com>
> **Sent:** Thursday, December 1, 2022 10:35 AM
> **To:** Elena Brander <elena.brander@hcnh.gov>
> **Subject:** State v. ████████
>
> Good morning,
>
>     To keep you updated, I still do not have a link.
>
> --
>
> Best regards,
>
> ████████
>
> ████ █████, **Esq.**
> ████████████████████

Office: 603-███████ | Cell Phone: 603-███████

Email: ████████████com

████████████████  ████████████

www████████com | Fax: 603-████████

Please note our new address: ████████████████  ████████████

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

--

Best regards,

██████████ **Esg.**
████████████

Office: 603-███████ | Cell Phone: 603-███████

Email: ████████████com

████████████████  ████████████

www████████com | Fax: 603-████████

Please note our new address: ████████████████  ████████████

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by

mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

--

Best regards,



**Esq.**

☐ Office: 603-_____ | ☐ Cell Phone: 603-_____
☐ Email: _____ com
☐ _____
☐ www._____com | ☐ Fax: 603-_____
☐ Please note our new address: _____

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.



# EXHIBIT 21

**Filed**
**File Date: 9/22/2022 8:00 PM**
**Hillsborough Superior Court Northern District**
**E-Filed Document**

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

Court Name:  Hillsborough Superior Court Northern District

Case Name:  ███  ███████

Case Number:  ██████
(if known)

## APPEARANCE/WITHDRAWAL

**APPEARANCE**

Type of appearance (Select One)

☑ Appearance          ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

_____

_____

_____

_____

Select One:

☑ As Counsel for:

███ ███████

| (Name) | (Address) | (Telephone Number) |
| --- | --- | --- |
| (Name) | (Address) | (Telephone Number) |
| (Name) | (Address) | (Telephone Number) |

☐ I will represent myself (*self-represented*)

**WITHDRAWAL**

As Counsel for _____  _____  _____

Type of Representation: (Select one)

☐ Appearance:

  ☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

  _____

  ☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)

  ☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.

  ☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.

**Case Name:** _____

**Case Number:** _____

**APPEARANCE/WITHDRAWAL**

---

*For non e-filed cases:*

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____        _____
Other party                             Other party's attorney

**OR**

*For e-filed cases:*

☐     I state that on this date I am sending a copy of this document as required by the rules of the court. I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case. I am mailing or hand-delivering copies to all other interested parties.

---

████  ████  ████_____        ████  ████  ████_____
Name of Filer                           Signature of Filer          Date

████  ████     ████____        ████████_____
Law Firm, if applicable    Bar ID # of attorney     Telephone

████████_____        ████████████_____
Address                                 E-mail

████_____        NH        ████___
City            State        Zip code

# EXHIBIT 22

**Filed**
**File Date: 4/1/2022 8:32 PM**
**Hillsborough Superior Court Northern District**
**E-Filed Document**

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                    SUPERIOR COURT
(NORTH)

STATE OF NEW HAMPSHIRE              | Case No. 216-2021-CR-▮▮▮

V.

▮▮▮▮▮▮  ▮▮▮▮▮▮                          **MOTION TO EXCLUDE WITNESS**
                                                    **TESTIMONY**

                                                    **\*\*\*EXPEDITED REQUEST\*\*\***


   NOW COMES ▮▮▮▮▮▮  ▮▮▮▮ by and through his lawyer ▮▮▮▮  ▮▮▮▮▮ with a Motion to Exclude. The following is set forth:

1. Jury selection is scheduled for April 11, 2022.

2. The trial is scheduled for April 20th and 21st.

3. Rule 12(b)(4)(A) provides the following:... Not less than twenty calendar days prior to the final pretrial conference...the State shall provide the defendant...with the results of New Hampshire criminal record checks for all of the State's trial or hearing witnesses.

4. To date, Counsel has not received the mandated information.

5. Counsel experienced a similar issue with criminal records in State v. ▮▮▮▮ (216-▮▮▮-CR-▮▮▮).

6. Pursuant to Rule 12(b)(9)(C) and (D), Counsel is requesting that the State be prohibited from introducing any testimony from civilian witnesses, specifically Christopher Clarkson and Harley Proulx.

7. Further, Counsel requests that the State be assessed attorney's fees for Counsel's efforts to draft and file this motion.


MOTION TO EXCLUDE WITNESS TESTIMONY\*\*\*EXPEDITED REQUEST\*\*\* - 1

Moot. *Amy B. Messer*

Honorable Amy B. Messer
April 12, 2022

Clerk's Notice of Decision
Document Sent to Parties
on  04/13/2022

WHEREFORE Counsel respectfully requests that the Honorable Court:

    A. Exclude the civilian witness testimony;

    B. Assess attorney's fees against the State; and

    C. Grant whatever other relief it determines is equitable and just.

04/01/22                       Respectfully submitted,



/s/ ████████ Esq
Esq. # ██████

603-

████████ com

**CERTIFICATION**

A copy of this Motion has been forwarded to the State.

4/01/22                   /s/ ████████ ████████ # ██████

MOTION TO EXCLUDE WITNESS TESTIMONY***EXPEDITED REQUEST*** - 2

**Filed**
**File Date: 4/11/2022 11:55 PM**
**Hillsborough Superior Court Northern District**
**E-Filed Document**

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                          NORTHERN DISTRICT
DOCKET NO. 216-2021-CR-███                          SUPERIOR COURT

STATE OF NEW HAMPSHIRE

v.

████████  ██████

## OBJECTION TO DEFENDANT'S MOTION TO EXCLUDE WITNESS TESTIMONY

NOW COMES the State of New Hampshire, by and through the Hillsborough County Attorney's Office, and file the within OBJECTION to the defendant's Motion to Exclude Witness Testimony, and submits in support thereof the following:

1.   The Defense has filed a Motion seeking to exclude the testimony of the State's witnesses in this case ("Motion"). The defendant alleges that, as of the date of the filing of his Motion, he had not received criminal history records for the State's witnesses.

2.   Upon information and belief, all such criminal history records were provided to counsel for the defendant by in-hand delivery on April 7, 2022 when undersigned counsel was on trial in State v Marsach, 216-2021-CR-00046. The State notes its amended witness list named an additional witness, Attorney Anthony Bistany. The State provided Counsel for the Defendant with records reflecting Attorney Bistany's lack of a record electronically on today's date, April 11, 2022.

3.   The defendant sites no legal authority for his request to exclude the testimony of the State's witnesses in the trial of this matter.

1

4.  The trial of this matter is scheduled to begin April 20, 2022. Counsel for the Defendant, therefore, has ample time to review the criminal histories of any of the State's witnesses and prepare for the trial of this matter.

5.  The State objects to any request for attorney's fees by the defendant. Counsel for the defendant inquired with the State about whether criminal history records for the State's civilian witnesses were provided to him on Friday, April 1, 2022 at 3:27PM. On Saturday, April 2, 2022, undersigned counsel emailed Counsel for the Defendant, informed him she was on trial Monday, and asked him whether there were any criminal history records he <u>did not</u> have. Counsel for the defendant responded that day that he did not have any records for the State's civilian witnesses. As noted above, while Counsel for the State was on trial in <u>State v Marsach</u>, 216-2021-CR-00046, on Tuesday, April 7, 2022, and upon information and belief, all such records were provided to Counsel for the Defendant in hand, which is as fast or faster than Defendant would have received them had they been placed in the mail to him at his █████ office on Monday, April 6, 2022.

Wherefore, the State respectfully requests:

A.  Deny the defendant's Motion; and

B.  Grant such other and further relief as is equitable and just.

Respectfully Submitted,

DATED: April 11, 2022

/s/ Elena Brander

Elena Brander, NH Bar ID 268029
Assistant County Attorney
Hillsborough County Attorney's Office
300 Chestnut Street
Manchester, NH 03101

2

## <u>CERTIFICATION</u>

I hereby certify that a copy of this Pleading and all exhibits have this day been served on counsel of record for the defendant via the New Hampshire Courts' Electronic Filing System.

/s/ Elena Brander
Elena Brander, NH Bar ID 268029
Assistant County Attorney
Hillsborough County Attorney's Office
300 Chestnut Street
Manchester, NH 03101

3

# EXHIBIT 23

| From: | ███ █ |
|---|---|
| To: | Elena Brander |
| Subject: | Re: ███████ - Docket 216-2022-CR-███ |
| Date: | Wednesday, November 30, 2022 9:57:47 AM |

Received---still do not the link---thank you

On Wed, Nov 30, 2022 at 9:50 AM Elena Brander <elena.brander@hcnh.gov> wrote:

Dear ██

Here is Officer Bannister's resume.

Thank you,

Elena

**From:** Elena Brander
**Sent:** Tuesday, November 29, 2022 10:31 PM
**To:** ██████ ████ <████████████ com>
**Subject:** RE: ████████ - Docket 216-2022-CR-

Dear ██

We have asked Hillsborough to resend you the BWC, and have inquired about the 'larger file' you reference in your email below. I have also asked for a complete and up-to-date copy of the police reports, and photos.

Please see the attached expert disclosure.

Thank you,

Elena Brander

**From:** ██████ ████ <██████████████ com>
**Sent:** Friday, November 25, 2022 5:43 PM
**To:** Elena Brander <elena.brander@hcnh.gov>; Lisa Whitehead <lisa.whitehead@hcnh.gov>
**Subject:** Re: ████████ - Docket 216-2022-CR-███

Elena,

  I am concerned that I do not have all of the discovery materials associated with this case.  I received the following:

1. Link to the body camera footage, which has expired; please resend;
2. One DVD labeled (residence video); and
3. A PDF file with 34 pages of discovery.

Does Axon link contain additional police reports and/or written statements?  Also, the videos on the DVD appear to have been edited from a larger file.  Do you have the thumb drive with the original videos?

On Tue, Nov 22, 2022 at 1:08 PM ███ █████ <███████████ com> wrote:

> Good afternoon thank you for the offer considering the content of my prior email we will decline this invitation if we come up with a counter  offer I'll let you know but for purposes of the dispositional hearing will schedule for a trial thank you
>
> On Tue, Nov 22, 2022, 12:47 PM Elena Brander <elena.brander@hcnh.gov> wrote:
>
>> Dear ██
>>
>> The State's offer in this case is plead guilty to any one of the arson charges, 12 mos committed; followed by 2-4 all suspended 6 years good behavior and 3 years probation on the reckless conduct charge. The State's offer in this case is subject to victim input.
>>
>> Thank you,
>>
>> Elena Brander, Esq.
>>
>> Assistant Hillsborough County Attorney
>>
>> 300 Chestnut Street
>>
>> Manchester, New Hampshire 03101
>>
>> (w) 603-314-4330
>>
>> (f) 603-627-5627
>>
>> **STATEMENT OF CONFIDENTIALITY**
>>
>> This e-mail communication (including any attachments) is covered by the Electronic Communications Privacy Act, 18 USC 2510 et seq. This communication is CONFIDENTIAL. The legal advice and work product contained herein are PRIVILEGED and intended only for disclosure to or use by the person(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of this communication to the intended recipient(s), you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by using the "reply" feature or by calling me at 603.627.5605, and then immediately delete this message and all attachments from your

computer.

--

Best regards,

**Esq.**

Office: 603- | Cell Phone: 603-
Email: com
www com | Fax: 603-
Please note our new address:

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

--

Best regards,



 **Esq.**

☐ Office: 603-_____ . | ☐ Cell Phone: 603-_____

☐ Email: _____ com

☐ _____ | _____ .

☐ www_____ com | ☐ Fax: 603-_____

☐ Please note our new address: _____ _____

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

| From: | Nancy L. Wickwire |
|---|---|
| To: | ███ ███  Elena Brander |
| Subject: | RE: State v. █████████ (216-2022-CR-████ |
| Date: | Wednesday, November 30, 2022 9:39:46 AM |

Hi █

Call the Info Center with the docket number and they can look it up for you. Telephone number for them is below my signature. That's what they are there for!

Also, next time you don't need to file a motion usually to appear by webex for something like a status or dispo, just email the four clerks with a brief explanation (scheduling conflicts, in this case) and ask if it's ok.  99/100 it will be, except for the awkwardness if your client is appearing in person you can't really talk with them via webex.

If you want your client to plead by webex or something more involved like that, then a motion would be required.

Cheers,

Nancy

**Nancy L. Wickwire**
**Deputy Clerk**
**Hilllsborough Superior Court-North**
**300 Chestnut Street, Manchester NH**
All inquiries not related to this email should be directed to the New Hampshire Trial Court Information Center.
(1-855-212-1234)

---

**From:** ████ ████ <████████████████com>
**Sent:** Wednesday, November 30, 2022 9:09 AM
**To:** Nancy L. Wickwire <NWickwire@courts.state.nh.us>; Elena Brander <elena.brander@hcnh.gov>
**Subject:** State v. ███ █████████ (216-2022-CR-████

> **EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Judicial Branch network. Do not click on links or open attachments unless you recognize the sender and are expecting the email. Mouse over links to confirm the target before you click. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages to 'suspicious@courts.state.nh.us'.

Nancy,

 Good morning.  This case is scheduled for a dispo on 12/6 at 10:00 AM.  Due to several scheduling conflicts, I filed a motion on 11/25 to appear via Webex.  Any chance you can check on it?  Please and thank you.

--

Best regards,

████████ **Esq.**
████████████████

Office: 603-█████████ | Cell Phone: 603-███████
Email: █████████████com
████████████████████
www█████████com | Fax: 603-█████████
Please note our new address: ████████████████████

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

| | |
|---|---|
| **From:** | ████ |
| **To:** | Elena Brander |
| **Subject:** | Re: ████ - Docket 216-2022-CR-██ |
| **Date:** | Wednesday, November 30, 2022 3:04:51 PM |

Received--can anyone offer a plausible explanation as to why I cannot receive the discovery link yet, you appear to be receiving supplemental discovery from the PD.

On Wed, Nov 30, 2022 at 3:00 PM Elena Brander <elena.brander@hcnh.gov> wrote:

Dear ████

Please see the attached.

Thank you,

Elena

**From:** Elena Brander
**Sent:** Tuesday, November 29, 2022 10:31 PM
**To:** ████ ████ <████████ com>
**Subject:** RE: ████ - Docket 216-2022-CR-██

Dear ████

We have asked Hillsborough to resend you the BWC, and have inquired about the 'larger file' you reference in your email below. I have also asked for a complete and up-to-date copy of the police reports, and photos.

Please see the attached expert disclosure.

Thank you,

Elena Brander

**From:** ████ ████ <████████ com>
**Sent:** Friday, November 25, 2022 5:43 PM
**To:** Elena Brander <elena.brander@hcnh.gov>; Lisa Whitehead <lisa.whitehead@hcnh.gov>
**Subject:** Re: ████ - Docket 216-2022-CR-██

Elena,

I am concerned that I do not have all of the discovery materials associated with this case. I received the following:

1. Link to the body camera footage, which has expired; please resend;
2. One DVD labeled (residence video); and
3. A PDF file with 34 pages of discovery.

Does Axon link contain additional police reports and/or written statements? Also, the videos on the DVD appear to have been edited from a larger file. Do you have the thumb drive with the original videos?

On Tue, Nov 22, 2022 at 1:08 PM ████ ████ <████████████com> wrote:

Good afternoon thank you for the offer considering the content of my prior email we will decline this invitation if we come up with a counter offer I'll let you know but for purposes of the dispositional hearing will schedule for a trial thank you

On Tue, Nov 22, 2022, 12:47 PM Elena Brander <elena.brander@hcnh.gov> wrote:

Dear ██

The State's offer in this case is plead guilty to any one of the arson charges, 12 mos committed; followed by 2-4 all suspended 6 years good behavior and 3 years probation on the reckless conduct charge. The State's offer in this case is subject to victim input.

Thank you,

Elena Brander, Esq.

Assistant Hillsborough County Attorney

300 Chestnut Street

Manchester, New Hampshire 03101

(w) 603-314-4330

(f) 603-627-5627

**STATEMENT OF CONFIDENTIALITY**

This e-mail communication (including any attachments) is covered by the Electronic Communications Privacy Act, 18 USC 2510 et seq. This communication is CONFIDENTIAL. The legal advice and work product contained herein are PRIVILEGED and intended only for disclosure to or use by the person(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of this communication to the intended recipient(s), you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by using the "reply" feature or by calling me at 603.627.5605, and then immediately delete this message and all attachments from your

computer.

--

Best regards,

**Esq.**

Office: 603- ▮▮▮▮▮ | Cell Phone: 603-▮▮▮▮

Email: ▮▮▮▮▮▮▮ com

www ▮▮▮▮▮▮ com | Fax: 603-▮▮▮▮

Please note our new address: ▮▮▮▮▮▮ ▮▮▮▮

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

--

Best regards,





███████ **Esq.**
████████████████

☐ Office: 603-████████ . | ☐ Cell Phone: 603-████████
☐ Email: ███████████ com
☐ ████████████████ | ███████████████ .
☐ www███████████ com | ☐ Fax: 603-████████
☐ Please note our new address: █████████████████ ████████████

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.



# EXHIBIT 24


Odyssey File & Serve - Envelope Receipt

# Case # 216-2022-CR-⬛⬛⬛ - State v. ⬛⬛ ⬛⬛⬛ (Anderson

## Envelope Information

**Envelope Id**
2699329

**Submitted Date**
12/1/2022 2:44 AM EST

**Submitted User Name**
elena.brander@hcnh.gov

## Case Information

## Filings

**Filing Type**
EFileAndServe

**Filing Code**
Objection

**Filing Description**
Objection

**Filing Status**
Accepted

**Accepted Date**
12/1/2022 8:04 AM EST

### Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| Objection.pdf | Objection | Public | Original File<br>Court Copy |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|---|---|---|---|---|
| Sent | Elena Brander | | Yes | 12/1/2022 2:46 AM E |
| Sent | Hillsborough County Attorney's Office | Hillsborough County Attorney's Office | Yes | Not Opened |
| Sent | ⬛⬛ ⬛⬛ | ⬛⬛ & ⬛⬛ PLLC | Yes | 12/1/2022 6:54 AM E |

## Parties with No eService

| Name | Address |
|---|---|
| ⬛ ⬛⬛ | 276 Second NH Turnpike Hillsboro New Hampshire 03244 |

# Fees

## Objection

| Description | Amount |
|---|---:|
| Filing Fee | $0.00 |
| | **Filing Total:** $0.00 |

| | |
|---|---:|
| Total Filing Fee | $0.00 |
| | **Envelope Total:** $0.00 |
| | *Waiver selected* |

| | |
|---|---|
| **Filing Attorney** | Elena Brander |

© 2022 Tyler Technologies
Version: 2022.0.0.9916

# EXHIBIT 25

Hillsborough North

## Case Summary

**Case No. 216-2022-CR-**███

| | | |
|---|---|---|
| **State v.** ███ ████ | § | Location: **Hillsborough North** |
| | § | Judicial Officer: **Anderson, David A** |
| | § | Filed on: **08/24/2022** |
| | § | Case Number History: **216-2022-CR-**███ |
| | § | Agency Case Number: ███**AR (Hillsboro PD)** |

---

### Case Information

| Offense | Statute | Degree | Offense Date | Filed Date | |
|---|---|---|---|---|---|
| | | | | | Case Type: Criminal |
| | | | | | Case Status: **08/24/2022  Pending** |
| Jurisdiction: **Hillsborough** | | | | | |
| 1.  Bail Order | BO | UNKN | 08/18/2022 | 08/24/2022 | |
| Arrest Control #:  007025J222008677001  ChargeID:  2008677C | | | | | |
| 2.  Arson - Occupied / Historic Structure (Attempt) | 634:1,II | FELA | 08/18/2022 | 08/24/2022 | |
| Arrest Control #:  007025J222015459002  ChargeID:  2015459C | | | | | |
| 3.  Reckless Conduct - Deadly Weapon | 631:3 | FELB | 08/18/2022 | 08/24/2022 | |
| Arrest Control #:  007025J222015460003  ChargeID:  2015460C | | | | | |
| 4.  Arson | 634:1 | FELB | 08/18/2022 | 08/24/2022 | |
| Arrest Control #:  007025J222035627004  ChargeID:  2035627C | | | | | |
| 5.  Arson | 634:1 | FELB | 08/18/2022 | 08/24/2022 | |
| Arrest Control #:  007025J222035628005  ChargeID:  2035628C | | | | | |

---

### Assignment Information

**Current Case Assignment**
Case Number    216-2022-CR-███
Court          Hillsborough North
Date Assigned  08/24/2022
Judicial Officer  Anderson, David A

---

### Party Information

**Defendant**  ████████ ████    ████ ████ **C. ESQ**

Female                          *Retained*
DOB: ████                       603-███F)
            603-███W)
                                ████com

Printed on 12/27/2022 at 1:08 AM

## Case Summary

**Case No. 216-2022-CR-**███

| | | |
|---|---|---|
| **Prosecutor** | **Hillsborough County Attorney's Office** | **Brander, Elena Mira ESQ**<br>*Retained*<br>603-627-5627(F)<br>603-627-5605(W)<br>elena.brander@hcnh.gov |
| | | **Brander, Elena Mira ESQ**<br>*Retained*<br>603-627-5627(F)<br>603-627-5605(W)<br>elena.brander@hcnh.gov |
| **Plaintiff** | **Hillsborough County Attorney's Office** | **Brander, Elena Mira ESQ**<br>*Retained*<br>603-627-5627(F)<br>603-627-5605(W)<br>elena.brander@hcnh.gov |
| | | **Brander, Elena Mira ESQ**<br>*Retained*<br>603-627-5627(F)<br>603-627-5605(W)<br>elena.brander@hcnh.gov |

---

### Events and Orders of the Court

08/24/2022   📄
Bail Order
*Env. #2527612*                                                                    Index # 1

08/30/2022   📄
Appearance
*Appearance for Elena Brander*                                                      Index # 2

09/15/2022   📄
Affidavit
*Affidavit*                                                                         Index # 3

09/15/2022   📄
Complaint
*Attempted Arson 2015459c env 2565018*                                              Index # 4

09/15/2022   📄
Complaint
*Reckless Conduct Complaint 2015460c*                                               Index # 5

09/16/2022   **Disposition** (Judicial Officer: Anderson, David A)
    1. Bail Order
      Underlying Charges Filed
        ChargeID:   2008677C
        Sequence:

09/22/2022   📄
Appearance
*Appearance*
Party:   Defendant ███████ ███                                                      Index # 6

09/22/2022   📄
Appearance
*Appeaerance*
Party:   Defendant ███████ ███                                                      Index # 7

09/23/2022   **Arraignment**   (2:00 PM)
    *Agreement - No Hearing Necessary*

09/23/2022   📄
Waiver of Arraignment
*WOA*
Party:   Defendant ███████ ███                                                      Index # 8

Hillsborough North

## Case Summary

**Case No. 216-2022-CR-** ████

| | | |
|---|---|---|
| 09/23/2022 | Order Made    (Judicial Officer: Anderson, David A)<br>*PR Env #2579965* | |
| 09/25/2022 | 📄<br>Motion for Bail Hearing<br>*Bail Hearing*<br>Party:  Defendant ████████ ███ | Index # 9 |
| 09/26/2022 | Granted    (Judicial Officer: Anderson, David A)<br>*Env #2581050* | |
| 10/04/2022 | 📄<br>**Bail Hearing**  (8:00 AM)  (Judicial Officer: Anderson, David A)<br>*Hearing Held*<br>Charges:  1, 2, 3 | |
| 10/04/2022 | Order Made    (Judicial Officer: Anderson, David A)<br>*Envelope 2597570* | |
| 11/21/2022 | 📄<br>Indictment<br>*Arson/ CID 2015459c/ Envelope 2688082* | Index # 10 |
| 11/21/2022 | 📄<br>Indictment<br>*Reckless conduct - DW/ CID 2015460c/ Envelope 2688082* | Index # 11 |
| 11/21/2022 | 📄<br>Indictment<br>*Arson/ CID 2035627c/ Envelope 2688082* | Index # 12 |
| 11/21/2022 | 📄<br>Indictment<br>*Arson/ CID 2035628c/ Envelope 2688082* | Index # 13 |
| 11/25/2022 | 📄<br>Other<br>*Appear via Webex*<br>Party:  Defendant ████████ ███ | Index # 14 |
| 11/30/2022 | Granted    (Judicial Officer: Delker, N. William)<br>*Env #2698190* | |
| 11/30/2022 | 📄<br>Motion<br>*Motion to Compel and For Sanctions*<br>Party:  Defendant ████████ ███ | Index # 16 |
| 12/01/2022 | 📄<br>Objection<br>*Objection* | Index # 15 |
| 12/02/2022 | 📄<br>Motion for Discovery<br>*Compel discovery second request*<br>Party:  Defendant ████████ ███ | Index # 17 |
| 12/05/2022 | 📄<br>Objection<br>*Objection to Defendant's Second Motion to Compel* | Index # 18 |
| 12/06/2022 | 📄<br>**Dispositional Conference**  (8:00 AM)  (Judicial Officer: Anderson, David A)<br>*Other*<br>Charges:  2, 3 | |
| 12/06/2022 | 📄<br>**Arraignment/Bail Hearing**  (8:00 AM)  (Judicial Officer: Anderson, David A)<br>*Other*<br>Charges:  4, 5 | |
| 12/06/2022 | 📄<br>Bail Order | Index # 19 |

Hillsborough North

## Case Summary

### Case No. 216-2022-CR-■■■■

| 12/06/2022 | Order Made    (Judicial Officer: Anderson, David A) | |
| | *PR Env #2708459* | |

| 12/06/2022 | 📄 | Index # 20 |
| | Dispositional Conference Order    (Judicial Officer: Anderson, David A) | |
| | *Env #2712476* | |

| 12/06/2022 | Denied    (Judicial Officer: Anderson, David A) | |
| | *Envelope 2719294* | |

| 12/07/2022 | 📄 | Index # 21 |
| | Waiver of Arraignment | |
| | *WOA* | |
| | Party:   Defendant ■■■■■■■ ■■■■ | |

| 12/08/2022 | 📄 | Index # 22 |
| | Other | |
| | *Supplement to State's Objections to Motions to Compel* | |

| 12/08/2022 | 📄 | Index # 23 |
| | Response | |
| | *Response to the State's Supplemental Objection* | |
| | Party:   Defendant ■■■■■■■ ■■■ | |

| 12/09/2022 | Denied    (Judicial Officer: Anderson, David A) | |
| | *Env #2723639* | |

| 12/11/2022 | 📄 | Index # 24 |
| | Other | |
| | *Second Response to the State's Supplemental Objection* | |
| | Party:   Defendant ■■■■■■■ ■■■ | |

| 01/27/2023 | 📄 | |
| | **Criminal Mediation**   (8:00 AM)   (Judicial Officer: Nadeau, Tina L) | |
| | Charges:   2, 3, 4, 5 | |

| 05/11/2023 | 📄 | |
| | **Final Pretrial**   (8:00 AM)   (Judicial Officer: Anderson, David A) | |
| | Charges:   2, 3, 4, 5 | |

| 05/22/2023 | **Jury Selection**   (8:00 AM)   (Judicial Officer: Anderson, David A) | |
| | Charges:   2, 3, 4, 5 | |

# EXHIBIT 26

**Filed
File Date: 12/11/2022 7:10 PM
Hillsborough Superior Court Northern District
E-Filed Document**

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH COUNTY SUPERIOR COURT (NORTH)

STATE V. ██████ ███████████

216-2022-CR-███████

## COUNSEL'S SECOND RESPONSE TO THE STATE'S SUPPLEMENTAL OBJECTION

NOW COMES ████ ██████████ by and through her attorney ████ █████ Esq. with a Response. The following is set forth:

1. On December 6th, the parties appeared for a dispositional conference.

2. Attorney Brander represented the State, and Counsel appeared telephonically for Ms. ██████████

3. As the hearing began, the Court (Hon. Anderson) asked Attorney Brander to provide a case status.

4. Although difficult to describe in words, the tone and implication of her remarks suggested a negative connotation about Counsel's bargaining posture.

5. For factual clarity, Counsel will share several emails with the Court.

6. The emails are essential for the Court to analyze the State's claims regarding Counsel's alleged bellicose behavior.

7. On October 12th , Counsel sent the following email to Attorney Brander:

   Elena,

   Good evening. I know I am early, but I finished a lengthy meeting with my client. Before sending an offer, please understand that my client is not going to enter any disposition involving a felony conviction. Although I have not had the opportunity to review the police reports, I have watched

portions of the body cameras. [1]

She would entertain a conviction for disorderly conduct with a suspended sentence. I am not trying to be brash, but I do not want to waste your time putting together a felony offer which she will not accept. If the State is insistent on a felony resolution, kindly let me know, and we will proceed accordingly.

8. Moreover, when discussing criminal mediation, Attorney Brander later implied that Counsel was unwilling to negotiate. This statement is misleading and mischaracterized the defendant's initial bargaining posture.

9. The first negotiation email clearly states Ms. ████████ would entertain a misdemeanor-level conviction with a suspended sentence.

10. On November 22nd , Attorney Brander sent her proposal:

Dear ██

The State's offer in this case is plead guilty to any one of the arson charges, 12 mos committed; followed by 2-4 all suspended 6 years good behavior and 3 years probation on the reckless conduct charge. The State's offer in this case is subject to victim input.

11. During the dispositional conference, the audio recording is unclear about whether Attorney Brander spoke to the alleged victim. However, her email states that the offer is subject to victim input.

12. On the same day, Counsel sent the following email:

Good afternoon thank you for the offer considering the content of my prior email we will decline this invitation if we come up with a counter offer I'll let you know but for purposes of the dispositional hearing will schedule for a trial thank you.

13. Once again, Counsel was not brash or belligerent in his response to the State's offer.

14. As Counsel began preparing for the dispositional hearing, he realized he could not locate the body camera footage and that the Axon link had expired.

---

[1] Counsel had previously downloaded the videos, but, subsequently was unable to locate them.

15. On November 25th , he sent the following email:

> Elena,
>
> I am concerned that I do not have all of the discovery materials associated with this case. I received the following:
>
> 1. Link to the body camera footage, <u>which has expired; please resend;</u>
> 2. One DVD labeled (residence video); and
> 3. A PDF file with 34 pages of discovery.
>
> Does Axon link contain additional police reports and/or written statements? Also, the videos on the DVD appear to have been edited from a larger file. Do you have the thumb drive with the original videos?

16. On November 28th , Attorney Brander sent the following response:

> Dear ███
>
> As per my prior request, please email me (only) with discovery requests. Please do not copy my assistant, Lisa Whitehead, nor Hillsboro PD, on our emails.
>
> Thank you,
>
> Elena

17. Counsel was concerned with this email because it was an aberration from prior correspondence in the case. Previously, Counsel had received an email directly from Attorney Brander's assistant. His sole intent was to expedite the process of sending the link. Below is an email sent by Lisa Whitehead directly to defense counsel on September 28 with a copy to Attorney Brander:

> Hello, I requested evidence on 9/16 and I think you sent the body worn camera link to Elena Brander but not to me. Can you please send me the Evidence.com link? And may I please have a list of evidence? And 2 copies of any CD's (to include any photos) and 1 copy of any additional paper discovery to include any 911 call log/recordings? Also please share any body worn camera footage with defense Attorney ███████ ███████ Thank you

18. On the same day, November 28th, Counsel sent emails requesting clarification:

    Elena,

    I have received emails directly from legal secretaries for [sic] prosecutors in your office.  Is this your policy or an official policy?

    Elena,

    Also, I thought it would be faster to obtain another link for the discovery...please send it ASAP

19. Furthermore, on November 28th  Lisa Whitehead copied an email to Counsel:

    Hello,

    Please re-share the body worn camera with Attorney ███ ████ as his link has expired.  Thank you, Lisa

20. On the same day, relying on experience with hyper-links and shared discovery and in an attempt to ensure Counsel did not miss anything, although he ultimately did mishandle the link, he sent the following email:

    FYI--I did not receive anything.  Thank you

21. Attorney Brander's remarks again attempted to cast a negative connotation on Counsel's email correspondence to the Hillsborough County Attorney's Office.

22. As suggested by Attorney Brander, Counsel was not incessantly pestering the administrative staff.  Instead, he responded one time to the email from Lisa Whitehead, attempting to resolve the issue.

23. Later on November 28th  Attorney Brander sent the following email:

    Dear ███

    Next time please download the link on time.  Delay on your part does not create emergency on ours.

    Best,

    Elena

24. When Counsel replied all to Lisa Whitehead who had requested the link, the following exchange ensued:

Dear

For the third time, I am asking you to send your discovery requests to me.

If this happens again, I will take it up with the Court.

Thank you,

Dear Elena,

I am not creating an emergency.  The expired link system is useless...if you want to push it I will file a motion for paper discovery.

Elena

You do not dictate who I send emails to...feel free to file a motion and waste time....

25. On November 29th , Attorney Brander sent the following email:

Dear

We have asked Hillsborough to resend you the BWC, and have inquired about the 'larger file' you reference in your email below.  I have also asked for a complete and up-to-date copy of the police reports, and photos.

Please see the attached expert disclosure.

Thank you

Elena Brander

26. On November 29th  at 11:08 AM, in an attempt to reset relations with Attorney Brander, Counsel sent the following email:

Elena,

You and I have different opinions about many issues, which is fine. But, I want to lower the temperature around this case.  We can despise one another professionally, and you can make things difficult, like moving slowly on sending me another link to the discovery, which I have received from other prosecutors on the same day I make the request etc.

I hope we can rise above our differences and agree to assign this case to criminal mediation.  Perhaps you will consider the viewpoint of a neutral third party with many years of experience about the offer in this case.

Alternatively, I am always willing to listen if I am informed that my perspective is wrong.

For purposes of the dispositional hearing, I need the link for the discovery, if I do not have it by COB today, I will file an appropriate pleading. This is a very simple request, and I am tired of wading my way through animosity and nonsense. I will be requesting criminal mediation. Let me know what you think

27. Importantly, Counsel signaled his intent to file a motion if he did not receive the link.

28. Counsel acknowledged receipt of the information from the November 29th email on November 30th, sending an email with the phrase: Thank you.

29. Later on November 30th , Attorney Brander sent the following email:

Dear ███

Here is Officer Bannister's resume.

Thank you,

30. On November 30th  at 9:57 AM, Counsel sent the following email:

Received---still do not the link---thank you

31. Unbeknownst to Counsel, the Hillsboro Police Department had sent him a link on November 28th , and Counsel inadvertently deleted it.

32. On November 29th , Attorney Brander responded with the following:

Dear ███

The State objects to mediation.

Thank you,

Elena Brander

33. Counsel did not file his motion on November 29th .

34. Instead of confirming the link *had been sent* on November 30th , Attorney Brander sent discovery via another email:

Dear ███

Please see the attached.

35. Notably, since Attorney Brander was sending reciprocal discovery without addressing what Counsel still believed was the most pressing issue, the

missing discovery link, Counsel sent the following email on November 30th :

Received--can anyone offer a plausible explanation as to why I cannot receive the discovery link yet, you appear to be receiving supplemental discovery from the PD

36. On November 30th , Counsel believed, despite several requests, that he had not received the link, so he filed a motion to compel discovery.

37. On December 1st  the following email exchange took place:

Good morning,

To keep you updated, I still do not have a link.

Dear ███

I inadvertently filed the attached Objection into the wrong Docket # (Judge Anderson is also the judge in that case).  I will be filing a Motion to Withdraw it.  After filing it I received the email from Hillsborough indicating not only have you received the BWC twice, but you actually downloaded it on one occasion.  Please advise.

38. Attorney Brander's response suggests that she had communicated with the Hillsboro Police Department, and would have known that the link had been sent on November 28th .  But, for unknown reasons, she did not relay that fact to Counsel.

39. Later on December 1st , Counsel sent the following responses:

I have not been able to locate the download hence my requests for another link ...still waiting for a link...And I was not sure if there are other materials on the link...

40. On December 2nd , Counsel sent the following email.

I continue to receive discovery still not[sic] link.

41. After sending this email, still believing he had not received the link and believing the State had not sent the link, he filed a second motion to compel on December 2nd.

42. However, Attorney Brander confirmed that discs containing the footage had been mailed to Counsel.

43. After the dispositional and hearing and after several searches in his email

account, Counsel located the link, and he updated Attorney Brander.

44. These laborious facts highlight some important issues:

   a. Defense counsel did not approach this case with either a belligerent or recalcitrant attitude;

   b. Defense counsel is responsible for inadvertently deleting the link sent to him on November 28th . The Court has already denied his motion for sanctions, and to the extent the record requires clarification, he withdraws these requests.

   c. If the State had sent one email confirming the link **had been sent,** this detritus could have been avoided.

45. Now that the procedural history is clear, Counsel will address Attorney Brander's remarks during the dispositional hearing, which is a separate issue.

46. The record will reflect that Counsel did not utter any personal attacks about Attorney Brander.

47. Despite Attorney Brander's accusations, Counsel answered the Court's questions with the information he believed to be accurate as of December 6th.

48. However, during Attorney Brander's presentation, she misled the Court and offered evidence that was solely intended to embarrass and harass defense counsel.

49. For example, she referenced Counsel's prior IOLTA self-report to the Attorney Discipline Office in an apparent attempt to impugn his integrity. However, her real intent was to embarrass Counsel.

50. Her intent in offering this evidence is highlighted by the fact that she misled the Court to believe that this self-report somehow impacted Counsel's integrity.

51. She withheld the following information from the Court, which is contained in the Professional Conduct Committee's (PCC) written findings:

Mitigating factors include the absence of prior disciplinary record, absence of a dishonest or selfish motive, full and free disclosure to disciplinary board, a cooperative attitude toward the disciplinary proceedings, and a good faith effort to rectify the consequences of misconduct by hiring the accounting firm of Melanson Heath to review their accounts. *See Standards* § 9.32. Although not a recognized mitigating factor under the Standards, the ADO considered the fact that

Mr. █████ self-reported the firm's out of trust situation to the ADO to be highly mitigating.

52. The PCC specifically found there was an absence of *dishonest or selfish motives*. Yet, Attorney Brander believed it was appropriate to embarrass Counsel with this incident.

53. After being warned to stop by the Court, Attorney Brander did not relent and attempted to reference Counsel's departure from the Hillsborough County Attorney's Office.

54. Attorney Brander did not relent until the Court threatened to resort to contempt sanctions.

55. Counsel expressed frustration that he could not address these claims in person, hence his comment about "dealing" with it *in court.*

56. The State's suggestion that his comment was directed towards menacing Attorney Brander is unfounded.

57. The same can be said for Attorney Brander's claim that Counsel was responsible for causing a receptionist to cry, an episode that was never relayed to him.

58. Next, Attorney Brander referenced what can best be described as disjointed remarks about emails and court subpoenas from a prior trial.

59. Once again, Counsel is not familiar with this allegation.

60. Finally, the Court mentioned Attorney Brander's history with other defense lawyers during the hearing.

12/11/22                                     Respectfully Submitted



603-

com

## CERTIFICATION

A copy of this pleading has been forwarded to the State

12/11/22

**Avicore Reporting - 15 Constitution Drive, Suite 1A, Bedford, NH 03110**

STATE OF NEW HAMPSHIRE

HILLSBOROUGH                                        NORTHERN DISTRICT

```
* * * * * * * * * * * * * * * *
                               *
STATE                          *
                               *
V.                             *     216-2022-█████████
                               *
█████ ████████                 *
                               *
* * * * * * * * * * * * * * * *
```

HEARING - 12/6/22

Appearances:

For the State:        Elena Brander, Esquire
                      Hillsborough County Attorney's Office
                      300 Chestnut Street
                      Manchester, NH  03101

For the Defendant:    ████████████████████████████████

Presiding Justice:    Judge Anderson

144

2

THE CLERK:  2022-C███████.  Counsel, please identify yourselves for the record, beginning with the State.

MS. BRANDER:  Good morning, Your Honor, Elena Brander for the State.

MR. ████████:  Good morning Your Honor. ████████████ on behalf Ms. ██████████, on Webex.

THE COURT:  Okay.  Good morning everyone. Ms. ██████████, can you hear us?

THE DEFENDANT:  Yes, I can.

THE COURT:  Okay.  All right.  Well good morning to you as well.  So we're here for arraignment, bail hearing and dispo on this case. Mr. ██████, have you -- first of all, is there an agreement on bail?

MS. BRANDER:  I believe so, Your Honor.  I filed it with the hearing but it's all the same terms as the original bail order.

THE COURT:  You filed -- you said you filed it --

MS. BRANDER:  I filed it knowing that we would have a hearing, because I didn't have an opportunity to speak with him this morning.

3

THE COURT: Oh, I see what you mean.

MS. BRANDER: But I presume they'll agree because it's the same terms as the original bail orders.

THE COURT: Okay. Let's just take a look at that. Here's the -- yeah, thanks for filing that. Here it is.

MS. BRANDER: Your Honor, it's just personal recognizance and --

THE COURT: It's PR and the conditions are no contact with Mr. Eisler (ph), the typical firearm, alcohol. It's not to consume any alcohol or any narcotic drug, be of good behavior, do not return to 276 Second New Hampshire Turnpike in Hillsboro. Any objection to that bail order?

MR. ████: No, sir. I reviewed this morning what was filed by the State and what I need to do -- and this is my fault but I should have filed a waiver of arraignment and I told my client that. So I'll get that filed at some point today, by the close of business. I'll be in court all day, but I'll get it filed, Your Honor.

THE COURT: Have you gone over the charges

146

4

and the maximum penalties?

MR. FRICANO: On the new charges, I have not.

THE COURT: Okay. All right. Yeah, then you'll need to file a 97. Okay. So let's move on to the dispo. Have you had a chance to talk about resolution?

MS. BRANDER: We did, Your Honor. Before the case got underway, I received an e-mail from Attorney ██████ that under no circumstances would they accept a felony offer, so don't bother making one if that's what the offer is going to be. That is what the State's offer was. I made it in writing.

THE COURT: Well I'm glad you made it anyway. So that's good.

MS. BRANDER: Thank you, Your Honor. And received an e-mail to that, was rejected.

THE COURT: Okay.

MS. BRANDER: I was informed that the case would be -- that they would be asking for trial on today's court date and (inaudible).

THE COURT: Okay. I think if I'm -- is this a direct indictment?

147

5

MR. ████████: Hold on.

THE COURT: I'm about to --

MR. ████████: (Inaudible).

THE COURT: Well I'm about to turn to you in a second but -- no, there is an affidavit in this case. Okay, go ahead, Mr. ████████, what would you like to add to that discussion?

MR. ████████: Well I think what was said to the court needs to put in proper context. I sent an e-mail out saying that we were not going to be willing to accept a felony resolution given the facts of the case. They did send a felony offer. It was a conviction for arson, 12 months stand-committed, with consecutive suspended State Prison time. I'm not going to get into all the facts of the case. But my client has no prior record. So what I suggested was criminal mediation because in my experience, we're just universes apart on this. So I thought it would be helpful for both sides to listen to a Judge who's got more experience probably than anybody in this courtroom, to see what his or her opinion about the case is. Because if I'm way off, I want to hear that. If I'm wrong about my assessment of the case,

6

I want to hear that.  And I would think the State, if they're way off in their assessment of the case, they would want to hear that.  I suggested criminal mediation as a way to try to move the case along.  The State said they were going to object to criminal mediation.  So the State left that out.  In terms of their summary, I'm looking for a criminal mediation, Your Honor.

THE COURT:  What's Mr. Eisler's view on all of this?

MS. BRANDER:  If I could just have one moment, Your Honor.  I apologize.  (Inaudible) communications with him but I would have reached out prior to making an offer.

THE COURT:  Well that should be informing (inaudible) to some extent.  I'm not saying it's entirely but that's part of the State's consideration whenever it's engaging in plea discussions; right?

MS. BRANDER:  Yes, Your Honor.  Although I will say it's possible (inaudible) so I don't think he reached out to me prior.  I think he was possibly also charged in connection with this and (inaudible) call back for input on this case (inaudible).

7

MR. ████████: Well that's news to me.

THE COURT: What's news to you?

MR. ████████: That somebody else was charged.

THE COURT: She's not sure about that. I wouldn't --

MS. BRANDER: I'm about to find out in about 30 seconds. So, no, I apologize -- and I don't know if this is a typo. Okay. So Daniel Legere (ph) is a defendant with the same report number but it's a Peterborough case number, so I apologize, that's what happened. (Inaudible) in our agency case file --

THE COURT: So no one has been -- else has been charged?

MS. BRANDER: Not to my knowledge.

THE COURT: Okay. All right. So what do you think about criminal mediation? Sounds to me like that might not be a bad idea.

MS. BRANDER: I would object to it in this case, Your Honor, and I would in the first instance refer the court to Attorney ████████'s recent pleadings and the State's responses to those pleadings. In the second instance --

150

THE COURT: Why? Why would that be helpful for me to look at?

MS. BRANDER: Well, Your Honor, I think (inaudible) the court a lot about Attorney ████'s disposition and the --

THE COURT: Disposition, what do you mean by that?

MS. BRANDER: As an attorney and the way in which he engages with other attorneys, and particularly me. If we were to sit down in a mediation, I don't think it would be worth our while. Putting that side, Your Honor, they haven't made a counteroffer. So it doesn't make a lot of sense to me that the State should be required to sit down and defend its position when they aren't bringing anything to the table. And third to that, Your Honor, I object to mediation in this case, in particular especially I want to note for the record that I do believe it violates the separation of powers for the court to order the State in a criminal prosecution into a mediation --

THE COURT: I know you and I had that discussion a little bit. Did you ever file something

9

formal on that?  I think the last time you and I talked about this, which was a few months ago at least, I said to you, if you want to -- because the rules provide for this.  The rules provide for criminal mediation.  The State does not have to agree to it.  The court can order it regardless.  And I said to you, if you wanted to argue separation of powers, you probably needed to brief that issue and file it.  Have you done such --

MS. BRANDER:  So I don't remember having that conversation.  I remember having --

THE COURT:  Oh, we had that conversation for sure.

MS. BRANDER:  I do remember having that regarding pleas, Your Honor, and the State's ability to decline to make a plea offer.  I know I've had this conversation with other Judges in this court.  But the rules actually do not provide for criminal mediation.  I asked -- I specifically asked --

THE COURT:  Well I think it's an administrative rule.

MS. BRANDER:  I couldn't find it, Your Honor, and neither could Mike Scanlon when I asked

10

him for it.  So and there's federal case law that is very clear that to require a prosecutor in a criminal prosecution to sit down and see if they can't work something out with the defendant is a violation of the separation of powers.

THE COURT:  You need to file something along those lines.  I haven't seen it yet.

MS. BRANDER:  I can do that, Your Honor.  I haven't been ordered to mediation in this case yet, over our objection.  So I certainly can do that, Your Honor.

THE COURT:  Well maybe I'll do that, just so we can tee this issue up.

MS. BRANDER:  Your Honor, I'd respectfully ask that it be done in any other case.  Currently, I don't know how closely the court has looked at Attorney ███████'s most recent pleadings --

THE COURT:  I don't know that I have looked at them at all.

MS. BRANDER:  So that might change the court's opinion as to whether any discussion of mediation or any litigation that may not be necessary in this case is worth the State's and the Court's

resources.

THE COURT: This is -- are you talking about the Motion for Discovery?

MS. BRANDER: Yes, Your Honor.

THE COURT: And the Objection that was filed?

MS. BRANDER: Yes. And specifically our Exhibit A attachment to that.

THE COURT: And you filed the Objection?

MS. BRANDER: Yes, Your Honor.

THE COURT: There is no Exhibit A attached to the Motion. Maybe you filed it separately.

MS. BRANDER: To the Objection, Your Honor.

THE COURT: Oh, the first Objection. Okay. There are two Objections.

MS. BRANDER: Yes, Your Honor, there are two Motions --

THE COURT: All right. I've got Exhibit A. Okay. I've read the papers. So Mr. ██████, in this Motion, you say that the link to the -- this is for the body cam; right, has expired and in the State's Objection, they provide an affidavit from police saying the link was good until December 8th.

12

MR. ████████: Correct, sir. So there's a lot to say here. So I want to talk about their objection to mediation. I'm not going to let this (inaudible).

THE COURT: Well hold on, Mr. ████████. I understand you object strongly to what Attorney Brander has just said. But before we get there -- and I'm not sure it's going to be productive to rehash all those issues right now.

MR. ████████: Right, I agree. I agree.

THE COURT: The issue with the body cam, according to Sergeant McSweeney (ph) with the Hillsboro Police Department, you had a link that was good until December 8th. Now what's today? Today's the 6th. So it's still good for two more days. Is that true?

MR. ████████: So this is what happened, Your Honor. And I'm going to have to go through some procedural history here. On November 25th, I sent an e-mail requesting the link. On November 28th, the State acknowledged that it received that e-mail requesting a link. On November 29th, I e-mailed Hillsboro P.D. asking them to send me the link. On

155

November 30th, I e-mailed and spoke to the supervisor asking for the link. On November 30th, at 10:35 and 11:19 a.m., I e-mailed saying I didn't have the link. On December 2nd, I filed the Motion for Your Honor. I filed a prior Motion before that. The problem is, Your Honor, I did not receive the link that the State said it sent on November 28th. Now I'm not blaming anybody for that but the point is, I asked for clarification in multiple e-mails after the link had been sent, telling the State I didn't have it. So and if you look at Exhibit A, they sent the first link to my e-mail address and then when they said they sent it to me on November 28th, they didn't put the e-mail address. The bottom line is --

THE COURT: Yeah, they did. I'm looking at an e-mail from Lisa Whitehead (ph) dated November 28th, which cc's you at █████████████████.com.

MR. ███████: Right.

THE COURT: So they did provide --

MR. ███████: That doesn't --

THE COURT: Is that your e-mail address?

MR. ███████: Yes. But I did not have the link on that e-mail, Your Honor.

14

THE COURT: Actually you're right. This one just says (inaudible) reshare the -- that one doesn't actually provide the link, right?

MR. FRICANO: Again, sir, I'm not going to waste everybody's time with this but there are phone calls --

THE COURT: It seems to me, he needs to get a link.

MS. BRANDER: Your Honor, may I respond?

MR. ███████: I have it, sir. I have it. I have it --

THE COURT: When did you receive it --

MR. ███████: (Inaudible).

THE COURT: When did you receive the link?

MR. ███████: So the morning of December 2nd when I filed my second Motion because at that time I didn't have it. After I filed my Motion, that day, Attorney Brander had sent me her link for the Share File. So she had sent me that link -- excuse me -- before I filed the Motion but I did not see it until after I filed it.

THE COURT: Okay.

MR. ███████: So I have downloaded the body

15

cam video.  It was just a ridiculous process to get it, and I'll leave it at that, Your Honor.  And I'd like to talk about my request for mediation, if you want to hear me on that.

MS. BRANDER:  Your Honor, may I respond?

THE COURT:  Yeah, go ahead.  Ms. Brander wants to respond and then we'll talk about mediation.

MR. ███████:  Sure.

MS. BRANDER:  I think it's important to put all this on the record, because Attorney ███████ is not answering Your Honor's direct and simple questions when you're asking him of that, Your Honor.

THE COURT:  I understand how the discussions happen.

MS. BRANDER:  I don't think Your Honor -- respectfully, I don't think that Your Honor does, and I would like to tell the court what the history of this case is.

THE COURT:  Well, first of all, I disagree with you.  I understand how he's answering my questions and I understand there's been some delay to that.

MS. BRANDER:  Okay, Your Honor.  I apologize

16

if I misunderstood the court then. We sent Attorney ▮▮▮▮ the body camera back in September. He downloaded it. He apparently did not save it or he lost it. I don't know. I'm not in a position to say.

THE COURT: Okay. But then --

MS. BRANDER: So, Your Honor, please there's more. Your Honor, please --

THE COURT: Well go ahead, but --

MS. BRANDER: So he asked us for again on the Friday after Thanksgiving, our office was closed. On the Monday after Thanksgiving, my assistant Lisa Whitehead, sent an e-mail to the Hillsboro Police and copied ▮▮ ▮▮▮▮ and said, will you please reshare this body camera --

THE COURT: Yeah, I saw that. Okay.

MS. BRANDER: And I have asked Attorney ▮▮▮▮ numerous times, please, when you e-mail the State for discovery, please e-mail me, not my assistant, not the Hillsboro Police. My assistant doesn't work for him. And for the record, he's made an assistant in our office cry in the past. So I have a legitimate reason for making that request.

17

MR. FRICANO: I'm not going to deal with this, Judge, right now. I'm not listening to these accusations. I'm on my way to court right now. I'm going to deal with this in person, Your Honor, right now.

THE COURT: Hold on, Mr. ████. You started this by telephone. We're going to continue this now by telephone.

MS. BRANDER: Thank you, Your Honor.

MR. ████: Now she's making accusations that I make people cry. I'm not listening to this over the phone, sir. I'm on my way in and I'm going to deal with this in person, sir. That's not right.

THE COURT: Mr. ████, just hold on for a second. We're in the middle of a discussion. Go ahead.

MS. BRANDER: Thank you, Your Honor. So and I said to him, per my prior requests, which were also in writing, Your Honor -- and I can produce those to the court if necessary -- please direct your discovery requests to me as counsel for the State. I immediately start receiving multiple e-mails. Is that an office policy? You know, I still don't have

18

the link, two hours -- four hours later -- four hours later. I still don't have a link. Attorney ███████, respectfully, I'm not going to harass my assistant and harass the Hillsboro Police, who might have a total police force of six police officers. And I know this because I once subpoenaed like seven or so police officers, and they respectfully told me that's like our whole police force, can you whittle your list down. So I'm not going to hound down people's doors because of his mistake. And I want to be clear, Your Honor, that the -- that two days after this, multiple e-mails, still don't have it. The next morning, still don't have it. You know what? You can wait 48 hours before I send a follow-up e-mail to my assistant or the Hillsboro Police. Has this not gone out? But he filed a Motion to Compel instead on Monday morning. We had requested it and copied him on that request on Monday. He filed a --

THE COURT: Which Monday is this, the 28th, or?

MS. BRANDER: Yes, Your Honor. He filed a Motion to Compel on the Wednesday morning and for sanctions, which violates the court rules. He didn't

19

say why we were refusing to give it to him because we're not refusing to give it to him, and he knows that. He joined it with a Motion for Sanctions so that he didn't have to ask the State's position on the Motion. He did this in the last case I had with him, Your Honor. And all of this, because he just can't simply say two days, hey, I haven't gotten it, what's the status. So for the court's information, we filed our Motion to Compel, I sent an e-mail to the Hillsboro Police and I said, it sounds like Attorney ████ still doesn't have this body camera, can you please resend it to him. And that's the e-mail response that I got that's filed with the court, in which they say very clearly not only did he receive it in September and downloaded it, but we resent it to him on Monday, Your Honor. On Monday.

THE COURT: On the 28th.

MS. BRANDER: Two days before --

THE COURT: But that's the one he says he never received.

MS. BRANDER: That's the one he says he never received --

THE COURT: Well, okay.

20

MS. BRANDER: -- but I want to be clear with the court --

THE COURT: The way you're saying that makes it so clear you don't believe Attorney ███████ on that. And one of the problems that I'm seeing come up frequently in your cases is there's such a level of distrust between you and defense counsel --

MS. BRANDER: Your Honor, respectfully, that's not the case. That's not the case, Your Honor.

THE COURT: Well, I have seen this happen many times that you're not willing to accept representations by members of the Bar, which generally we accept in this business.

MS. BRANDER: Your Honor, in asking -- in asking for the body camera, again on Monday, we accepted his representation that he did not have access to this body camera. And, Your Honor --

THE COURT: I know but just now --

MS. BRANDER: -- I want to be clear --

THE COURT: But just know you cast tremendous doubt on that.

MS. BRANDER: Because Your Honor -- because

21

Your Honor, the Axon body camera system that Hillsboro Police uses is the same one that I used in Boston, and that software heeds an electronic report and record of every time you share body camera and every time it is downloaded.  So where the police are telling me they did it, I would be interested to see and hear and understand why he can't find the body camera he downloaded the first time and why he says that he's not receiving the e-mail that the police sent him.  Your Honor, even after -- even after filing that Motion, his second Motion to Compel came about 24 hours later, in which he's claiming he doesn't have it.  He's not responding to the Hillsboro Police's statement.  It's very clear that they did send it to him.  He's not responding to that.  Even when Your Honor asked him this morning, did you or didn't you receive it, he wanted to talk about mediation.  So what is the status of that link? I bet it's somewhere in his e-mail --

THE COURT:  Well, he has it now, so.

MS. BRANDER:  Well, no, Your Honor.  He has a link now because when he filed a second Motion to Compel, which violated all of the same rules that I

**164**

clearly spelled out in my first Motion he was violating, he filed a second one violating all the same rules with no acknowledgment (inaudible) does not comport with the rules of the court. I asked my office manager for assistance, saying, how can we get this to him, and we sent him a link, a third link, Your Honor. A third link. He has not withdrawn his Motions to Compel and for Sanctions. And to be frank, Your Honor, the court is in a position to assess costs for all of this time that we have all wasted, and I will ask the Hillsboro Police for their electronic log. They have told me that they sent it. They have an electronic log that will guarantee it went to his e-mail. And he has not withdrawn his Motions.

THE COURT: I don't -- you can do that. I don't --

MS. BRANDER: And there's something else, Your Honor.

THE COURT: Hold on. Hold on. I just don't know that that's going to be productive in this.

MS. BRANDER: Well --

THE COURT: In this dispute. And the two of

23

you have to -- like other -- and I've had this discussion with you on other cases. You have to figure out a way to work -- what are you looking for? I'm looking at you and you're looking at the back door.

MS. BRANDER: I just was -- Your Honor, I was just looking away for a second. I'm not trying to detract my attention from the court. I just want to -- I want to note, Your Honor, in the prior case that I had with Attorney ████, I had an e-mail from a police officer and it was from Attorney ████'s investigator saying, sorry we weren't -- sorry we spelled your name wrong and you weren't served, here's a new subpoena. Attorney ████ did not know that that e-mail was forwarded to me by that police officer and he came into court and he told the court, Your Honor, I wasn't able to serve the witness but they're here now, we think that the State, me the prosecutor, has something to do with it. He didn't know I had that e-mail in hand. All right? I don't think he knew that the Hillsboro Police Department has a log of every time that this --

THE COURT: Okay.

24

MS. BRANDER: -- discovery is sent to him. And I said it before Your Honor. My request for him to ask me for discovery and not my assistant are legitimate concerns. And something else that I think is important for the court to note, is Attorney ████ was recently reprimanded because of his trust account was out of compliance by $15,000.

THE COURT: Counsel, I don't think this is really productive to resolve --

MS. BRANDER: I don't think so either, Your Honor.

MR. FRICANO: No, no, no. This has gone -- this has gone -- Judge, I'm going to file a PCC complaint on this. Your Honor, I've had enough. I have had enough of her (inaudible) I'm not going to say another word. May I respond to you, Your Honor?

MS. BRANDER: I would ask the court to look at the pleadings, Your Honor, and to take appropriate action. It was not withdrawn then over (inaudible) numerous times.

THE COURT: I can tell you this. I'm going to deny the Motion for Sanctions that was filed by the defendant in this case.

167

25

MS. BRANDER: There were two, Your Honor.

THE COURT: I'm going to deny both Motions for Sanctions.

MS. BRANDER: Thank you, Your Honor.

THE COURT: I think you folks need to sit down and -- because --

MR. ▮▮▮▮▮: No, no, no. I'm not sitting down with her, Judge. I'm done with her. I'm filing a PCC complaint based on what she just did.

THE COURT: But you know what counsel?

MR. ▮▮▮▮▮: (Inaudible).

THE COURT: You could do that, counsel, and you have the right to do so and I'm not going to say one -- I'm not going to say anything about whether you should or shouldn't do that. I will say this though. Both of you are representing interests that are not yourself. You represent the State. And Mr. ▮▮▮▮▮, you represent your client. And because the two of you are working so poorly with each other -- and I'm not saying you each don't have some grievances against the other and I'm not going to sort of weigh whose grievances have more merit than the other but I will say that neither of your

26

respective clients, the State on your part, or the defendant, are being served.

MS. BRANDER: Your Honor, I would respectfully ask the court what is exactly the State is alleged to have done wrong?

THE COURT: What --

MS. BRANDER: There's something else, Your Honor.

THE COURT: Can you let me answer your question?

MS. BRANDER: Yes, Your Honor. I do think there's one important other piece of this puzzle that the court needs to know, which is that after Attorney ▮▮▮▮▮ was confronted with the Hillsboro Police Department by my filing it with the court, the e-mail from the Hillsboro Police, that he's been provided it multiple times, including on Monday before he filed a Motion to Compel. And then he told me again that he didn't receive it, I asked that a hard copy be put in the mail to him, Your Honor. And his second Motion to Compel was filed the very following day, asking for a hard copy in which I told him, Attorney ▮▮▮▮▮, I asked if this was done yesterday. Again,

27

your Motion to Compel does not say why we're objecting -- we don't object to that. In fact, I asked that it be done yesterday. This is the way in which he approaches cases when he's not (inaudible).

THE COURT: What you are doing wrong is making this so personal.

MS. BRANDER: Your Honor --

THE COURT: And you're making this into a personal vendetta between yourself and --

MS. BRANDER: I have no vendettas.

THE COURT: Can you stop interrupting me, please?

MR. ▮▮▮▮▮: It's what she does --

THE COURT: You're not letting me speak in response. What are you doing is making this a personal issue between yourself and counsel, and that's not helpful to the State, it's not helpful to defendants, putting aside who defense counsel is, and it's not helpful to the court. You're asking me, what have you done wrong. That's what you're doing wrong, counsel. You're turning this into a personal grievance. So we are here for a dispo. We're going to --

28

MS. BRANDER: Personal --

THE COURT: Counsel, I've heard you. I've heard you. I've given you extensive time to explain your position. I'm not disagreeing with you on everything you're saying. It sounds to me like Mr. ███████ has not always been on top of the facts here and maybe he received that e-mail on the 28th or that link on the 28th, which you say he didn't. I don't know what the right answer is about that. But I can't rule on that. I'm not going to ever rule on that issue. But it is clear to me that we have to figure out a way to litigate this case, unless one of you is getting off the case. So we can't just become mired in all of these disputes and all these personal attacks that are being made by both of you on each other.

MS. BRANDER: Your Honor, there's --

THE COURT: We have to litigate this case.

MS. BRANDER: Your Honor, there is one last thing. In his first Motion to Compel, he noted he spoke with the supervisor. I asked my supervisor, did you happen to speak with ███████. He said yes. He said it was to complain about my offer. He

29

said it had nothing to do with the body camera video, Your Honor. That was not true.

MR. ███████: Not true. Not true. Not true.

THE COURT: All right. I don't have the supervisor here so --

MS. BRANDER: I asked him on December 2nd.

THE COURT: Mr. ██████, we're going to move on to what we're here for, which is the dispo. Okay?

MR. ██████: So can I just -- she had all this time. Can I just respond to this? I'm not going to attack her. I agree this is not productive, but I have to defend my integrity on the record. Can you give me just a minute to do that?

THE COURT: I will give you a minute to do just that.

MR. ██████: Thank you. So in regard to the e-mail issue, I replied all to her legal secretary, because that's the e-mail chain that she started. I've had correspondence from other legal secretaries in that office. I have never been informed by anybody that I made anybody upset. That's the first thing --

30

MS. BRANDER: Excuse me --

THE COURT: Stop interrupting.

MR. ███████: Can I --

THE COURT: Stop interrupting.

MR. ███████: I want that noted. I'm going to get an audio copy of this hearing, obviously. The second thing, Your Honor, in terms of the temperature between counsel and I, it's hostile, it is not productive. I've explained this to my client. I sent her an e-mail trying to lower the temperature of this case. I know we've had problems working together. It is what it is. I agree with the court, we've got to litigate the case. That's in my second Motion. The second Motion to Compel that I filed, I just said, I did not see the e-mail sharing the link with me until after I had filed it. And prior to the e-mail to counsel, I said, I'm going to file a Motion on this date if you can't respond to me why it's taking so long to get me the link. Prior to getting the link, I've been receiving reciprocal discovery from the State, police reports, photographs. So I ask, can somebody explain to me why I haven't gotten a link. I didn't hear any response. The problem is,

31

Your Honor, if I got a response saying that the link had been sent or if I had seen the link, Exhibit A, obviously I wouldn't have filed it. I actually sent my scanned e-mail this morning to see if I had gotten something from the Hillsboro P.D. I didn't have anything, sir. I'm not here to make trouble. I've been in private practice for 12 years. I've served in the Marine Corps. I've been a police officer, a prosecutor. I've been doing this for over 20 years. So if someone wants to shoot my integrity by referencing some trust issue, wait until I'm there in court, look me in the eyes and do it. Because I'll tell you (inaudible) reported that issue to the Bar. So if you want to make accusations about (inaudible) read the whole thing. And that's all I have sir.

THE COURT: All right. So we're now going to --

MS. BRANDER: Your Honor -

THE COURT: No, we're done. We're done on the issue. I've given you ample time to lay out your position on this. So we're going to schedule trial. Jury selection is going to be on May 22nd --

MS. BRANDER: Your Honor --

32

THE COURT: No. Counsel I'm not going to -- we're not going to go back into this.

MS. BRANDER: I just wonder if the court is aware of which circumstances under which Attorney ███████ left the Hillsborough County Attorney's Office.

THE COURT: No, we're not -- we're not going to get into that.

MR. ███████: Oh please.

THE COURT: We're not -- this is -- this is the mistake you keep making, which is you keep making personal attacks. Enough. Enough. Ms. Brander, I'm going to hold you in contempt if you don't stop going down this path. Are we clear?

MS. BRANDER: Yes, Your Honor.

THE COURT: Okay. So the trial's going to be on -- jury selection will be May 22nd. The final pretrial will be May 11th. How many days do you need to try this case? I want a number only.

MS. BRANDER: I would say two days, Your Honor.

THE COURT: Two? Do you agree with that Mr. Fricano?

33

MS. BRANDER: Two to three to be safest.

THE COURT: Two to three. We'll put that down.

MR. ████: Three to four, Your Honor. Three to four.

THE COURT: How many -- any motions you know you're going to file at this point, Mr. Fricano?

MR. ████: (Inaudible) alleging assaulting my client.

THE COURT: How soon can you file a Richards Motion?

MR. FRICANO: Whenever you tell me, sir.

THE COURT: How about January 3rd?

MR. ████: Thank you.

THE COURT: Anything else?

MR. ████: I just want to know if you want to do criminal mediation or not, sir. I still think that's a (inaudible).

THE COURT: I am going to order criminal mediation. And this is the reason why. Whatever the merit there is to the grievances you have, it's clear to me that the grievances between counsel are interfering with both of your abilities to do your

34

jobs in this. And that is one reason why criminal mediation may be helpful in this case.

MS. BRANDER: I'll file a motion, Your Honor, (inaudible).

THE COURT: You can file a motion saying I don't have the authority to order it. I'm happy to look at that. I'll just say criminal mediation to be scheduled by the Clerk's Office. Give me --

THE CLERK: (Inaudible).

THE COURT: No, let's put it out -- the trial's not till May. Let's do early February, so give counsel time to file her motion.

THE CLERK: January 27th at 11 a.m.

THE COURT: Okay. So January 27th, 2023 at 11 a.m. that you got to file your motion. So there's time to rule on that one. Anything else from either of you today that's on the case and about the dispo?

MS. BRANDER: Your Honor, I would ask the court --

MR. ███████: I have no more to say.

MS. BRANDER: -- to look at the pleadings prior to the court ruling on it because it was apparent that the court had not done so prior to

today's hearing despite there being four pleadings, Your Honor, and I would ask that the court --

THE COURT: It was not a hearing -- look, now you're sort of casting aspersions at me and --

MS. BRANDER: That's what I ask Your Honor.

THE COURT: This is not -- this is not on for a hearing on those motions. I've got so many motions at this point that are due in a variety of cases. You're right, I had not looked at these motions before this dispo. This is a dispo. It's not a motion hearing on for today. These motions were not scheduled to be heard today. I will look at these motions. But I can tell you, I'm not going to award sanctions against anyone at this point --

MS. BRANDER: Thank you, Your Honor.

THE COURT: -- in this case. If for no other reason, it's clear to me that there's just a horrible working dynamic between the two of you that you both need to work on. I will say this. I do wonder if it makes sense for you both to stay on this case, given the level of acrimony between the two of you. It's not really the role of the court to get involved in that on either side of this. But I just

36

wonder -- I just wonder if it's in the best interests of everyone. That's all I'm going to say. All right. This matter is adjourned --

MS. BRANDER: Well Your Honor -- is the court asking the State to withdraw from the case?

THE COURT: No, I'm not asking anyone to withdraw. I'm just --

MS. BRANDER: Well (inaudible).

THE COURT: I'm just asking the question of whether it makes sense for both of you to stay on this case given the level of acrimony. That's all I'm asking.

MS. BRANDER: Your Honor, respectfully, I want to note for the record that I hold no personal grudges toward Attorney ███████. However, his repeated attacks via motions for sanctions --

MR. ███████: (Inaudible).

MS. BRANDER: -- (inaudible) Your Honor.

THE COURT: This matter is adjourned.

MS. BRANDER: Thank you.

(End)

179

180

## CERTIFICATE

I, Lisa Caron, a court-approved transcriptionist, do hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceeding in the above-entitled matter to the best of my professional skill and ability .

Lisa Caron
Avicore Reporting

**180**

*STATE V. ███ / ███████████N*

---

**$**

$15,000 [1] 24:7

**0**

03060 [1] 1:21
03101 [1] 1:17

**1**

10:35 [1] 13:2
11:19 [1] 13:3
11th [1] 32:18
12/6/22 [1] 1:12

**2**

2022-cr-███ [1] 2:1
2023 [1] 34:14
216-2022-cr-█████ [1] 1:7
22nd [2] 31:22 32:17
24 [1] 21:12
25th [1] 12:19
276 [1] 3:14
27th [2] 34:13,14
28th [8] 12:20 13:7,13,17 18:19 19:17 28:7,8
29th [1] 12:22
2nd [3] 13:4 14:15 29:7

**3**

30 [1] 7:8
300 [1] 1:16
30th [2] 13:1,2
3rd [1] 33:13

**4**

48 [1] 18:14
4o2 [1] 1:20

**5**

54 [1] 1:20

**6**

6th [1] 12:15

**8**

8th [2] 11:23 12:14

**9**

97 [1] 4:5

**A**

a.m [3] 13:3 34:13,15
abilities [1] 33:23
ability [1] 9:15
able [1] 23:17
accept [4] 4:11 5:11 20:12,14
accepted [1] 20:17
access [1] 20:18
according [1] 12:12
account [1] 24:7
accusations [3] 17:3,10 31:14
acknowledged [1] 12:21
acknowledgment [1] 22:3
acrimony [2] 35:21 36:11
action [1] 24:19
actually [4] 9:18 14:1,3 31:3
add [1] 5:7
address [3] 13:12,14,21
adjourned [2] 36:3,19
administrative [1] 9:21
affidavit [2] 5:5 11:22
agency [1] 7:12
ago [1] 9:2

agree [7] 3:2 9:5 12:10,10 29:12 30:12 32:22
agreement [1] 2:15
ahead [4] 5:6 15:6 16:9 17:16
alcohol [2] 3:12,12
alleged [1] 26:5
alleging [1] 33:8
although [1] 6:19
ample [1] 31:20
anderson [1] 1:22
another [1] 24:16
answer [2] 26:9 28:9
answering [2] 15:11,20
anybody [4] 5:20 13:8 29:22,22
anyway [1] 4:15
apart [1] 5:18
apologize [4] 6:12 7:8,11 15:23
apparent [1] 34:23
apparently [1] 16:3
appearances [1] 1:13
approaches [1] 27:4
appropriate [1] 24:18
aren'€™t [1] 8:15
argue [1] 9:7
arraignment [2] 2:13 3:19
arson [1] 5:13
aside [1] 27:18
aspersions [1] 35:4
assaulting [1] 33:9
assess [1] 22:10
assessment [2] 5:23 6:2
assistance [1] 22:5
assistant [7] 16:12,20,20,22 18:3,15 24:3
attached [1] 11:11
attachment [1] 11:8
attack [1] 29:12
attacks [3] 28:15 32:12 36:16
attention [1] 23:8
attorney [21] 4:10 7:21 8:4,8 10:17 12:6 14:18 15:10 16:1,17 18:2 19:11 20:4 23:10,11,14 24:5 26:13,22 32:4 36:15
attorney'€™s [2] 1:15 32:5
attorneys [1] 8:9
audio [1] 30:6
authority [1] 34:6
award [1] 35:14
aware [1] 32:4
away [1] 23:7
axon [1] 21:1

**B**

back [4] 6:23 16:2 23:4 32:2
bad [1] 7:18
ball [5] 2:13,15,18 3:3,15
bar [2] 20:13 31:13
based [1] 25:9
become [1] 28:13
beginning [1] 2:2
behalf [1] 2:7
behavior [1] 3:13
believe [3] 2:16 8:19 20:4
best [1] 36:1
bet [1] 21:19
between [7] 20:7 27:9,16 30:8 33:22 35:18,21
bit [1] 8:23

blaming [1] 13:7
body [12] 11:21 12:11 14:23 16:2,15 19:11 20:16,18 21:1,4,7 29:1
boston [1] 21:3
both [8] 5:19 25:2,16 28:15 33:23 35:19,20 36:10
bother [1] 4:11
bottom [1] 13:14
brander [85] 1:14 2:4,5,16,21 3:2,8 4:8,16,19 6:11,19 7:7,15,19 8:3,8 9:10,14,22 10:8,14,20 11:4,7,10,13,16 12:7 14:9,18 15:5,6,9,15,23 16:7,10,17 17:9,17 18:21 19:18,21 20:1,8,15,20,23 21:21 22:18,22 23:6 24:1,10,17 25:1,4 26:3,7,11 27:7,10 28:1,17,19 29:7 30:1 31:18,23 32:3,12,15,20 33:1 34:3,18,21 35:5,15 36:4,8,13,18,20
brief [1] 9:8
bringing [1] 8:15
business [2] 3:21 20:14

**C**

call [1] 6:23
calls [1] 14:6
cam [3] 11:21 12:11 15:1
came [2] 21:11 23:16
camera [9] 16:2,15 19:11 20:16,18 21:1,4,8 29:1
can'€™t [6] 10:3 19:7 21:7 28:10,13 30:18
case [37] 2:13 4:9,19 5:6,12,15,22,23 6:2,4,23 7:11,12,20 8:17 10:1,9,15,23 15:18 19:5 20:9,9 23:9 24:23 28:12,13,18 30:11,13 32:19 34:2,17 35:16,21 36:5,11
cases [4] 20:6 23:2 27:4 35:9
cast [1] 20:21
casting [1] 35:4
cc'€™s [1] 13:17
certainly [1] 10:10
chain [1] 29:19
chance [1] 4:6
change [1] 10:20
charged [3] 6:22 7:4,14
charges [2] 3:23 4:2
chestnut [1] 1:16
circumstances [2] 4:10 32:4
claiming [1] 21:12
clarification [1] 13:9
clear [10] 10:2 18:11 20:1,4,20 21:14 28:11 32:14 33:21 35:17
clearly [2] 19:14 22:1
clerk [3] 2:1 34:9,13
clerk'€™s [1] 34:8
client [5] 3:19 5:16 25:18 30:9 33:9
clients [1] 26:1
close [1] 3:21
closed [1] 16:11
closely [1] 10:16
come [1] 20:5
communications [1] 6:13
compel [11] 18:16,22 19:9 21:11,23 22:8 26:18,21 27:1 28:

20 30:14
complain [1] 28:23
complaint [2] 24:14 25:9
compliance [1] 24:7
comport [1] 22:4
concerns [1] 24:4
conditions [1] 3:10
confronted [1] 26:14
connection [1] 6:22
consecutive [1] 5:14
consideration [1] 6:17
consume [1] 3:12
contact [1] 3:11
contempt [1] 32:13
context [1] 5:9
continue [1] 17:7
conversation [3] 9:11,12,17
conviction [1] 5:13
copied [2] 16:14 18:18
copy [3] 26:19,22 30:6
corps [1] 31:8
correct [1] 12:1
correspondence [1] 29:20
costs [1] 22:10
couldn'€™t [1] 9:22
counsel [15] 2:1 17:21 20:7 24:8 25:10,12 27:16,18,21 28:2 30:8,17 32:1 33:22 34:12
counteroffer [1] 8:13
county [2] 1:15 32:5
court'€™s [3] 10:21,23 19:8
courtroom [1] 6:21
criminal [13] 5:17 6:3,5,7 7:17 8:20 9:5,18 10:2 33:17,19 34:1,7
cry [2] 16:22 17:11
currently [1] 10:15

**D**

daniel [1] 7:9
date [2] 4:21 30:18
dated [1] 13:16
day [3] 3:21 14:17 26:21
days [6] 12:15 18:11 19:7,18 32:18,20
deal [3] 17:1,4,13
december [5] 11:23 12:14 13:4 14:15 29:7
decline [1] 9:16
defend [2] 8:15 29:13
defendant [6] 1:18 2:10 7:10 10:4 24:23 26:2
defendants [1] 27:18
defense [2] 20:7 27:18
delay [1] 16:21
deny [2] 24:22 25:2
department [3] 12:13 23:21 26:15
despite [1] 35:1
detract [1] 23:8
didn'€™t [13] 2:22 13:3,10,13 14:17 18:23 19:4 21:17 23:19 26:19 28:8 30:23 31:5
direct [3] 4:23 15:11 17:20
disagree [1] 15:19
disagreeing [1] 28:4
discovery [6] 11:3 16:19 17:21 24:1,3 30:20
discussion [5] 6:7 8:23 10:21

STATE V. ████ / ███████████N

| | | | |
|---|---|---|---|
| 17:15 23:2 | fact [1] 27:2 | hard [2] 26:19,22 | input [1] 6:23 |
| discussions [2] 6:18 15:13 | facts [3] 5:11,15 28:6 | havenâ€™t [5] 8:12 10:7,9 | instance [2] 7:20,23 |
| dispo [7] 2:13 4:6 27:22 29:9 34:17 35:10,10 | fault [1] 3:18 | 19:7 30:22 | instead [1] 18:17 |
| disposition [2] 8:5,6 | february [1] 34:11 | heâ€™s [8] 15:20 16:21 21:9, 12,13,15 26:16 27:4 | integrity [2] 29:13 31:10 |
| dispute [1] 22:23 | federal [1] 10:1 | hear [7] 2:9 5:22 6:1,3 15:4 21:7 30:23 | interested [1] 21:6 |
| disputes [1] 28:14 | felony [3] 4:11 5:11,12 | heard [3] 28:2,3 35:12 | interests [2] 25:16 36:1 |
| district [1] 1:2 | few [1] 9:2 | hearing [9] 1:12 2:13,17,22 30:6 35:1,3,7,11 | interfering [1] 33:23 |
| distrust [1] 20:7 | figure [2] 23:3 28:12 | heeds [1] 21:3 | interrupting [3] 27:11 30:2,4 |
| doesnâ€™t [6] 8:13 13:20 14: 2 16:21 19:11 21:13 | file [14] 4:5 7:12 8:23 9:9 10: 6 14:19 24:13 30:17 33:7,10 34:3,5,12,15 | helpful [6] 5:19 8:1 27:17,17, 19 34:2 | investigator [1] 23:12 |
| doing [4] 27:5,15,20 31:9 | filed [30] 2:17,19,19,21 3:17, 18,20,22 11:6,9,12 13:4,5 14: 16,17,20,21 18:16,18,21 19:9, 13 21:22 22:2 24:22 26:17, 21 30:14,16 31:3 | hereâ€™s [2] 3:6 23:14 | involved [1] 35:23 |
| donâ€™t [15] 4:11 6:20 17: 23 18:2,12,13 20:4 22:16,17, 20 25:20 27:2 29:5 32:13 34: 6 | filing [4] 3:6 21:11 25:8 26:15 | hillsboro [15] 3:14 12:13,23 16:13,20 18:4,15 19:10 21:2, 14 22:11 23:21 26:14,16 31: 5 | issue [9] 9:8 10:13 12:11 27: 16 28:11 29:18 31:11,13,20 |
| done [10] 9:9 10:15 25:8 26:5, 23 27:3,20 31:19,19 34:23 | final [1] 32:17 | hillsborough [3] 1:2,15 32:5 | issues [1] 12:9 |
| door [1] 23:5 | find [3] 7:7 9:22 21:7 | history [2] 12:19 15:17 | itâ€™s [25] 2:17 3:3,8,10,12 6:16,18,20 7:10 9:20 12:8,15 15:9 21:14,19 27:13,17,19 30:8,18 33:21 35:10,17,22 36:1 |
| doors [1] 18:10 | firearm [1] 3:11 | hold [6] 5:1 12:5 17:6,14 22: 20,20 32:13 36:14 | |
| doubt [1] 20:22 | first [9] 2:14 7:20 11:14 13:11 15:19 21:8 22:1 28:20 29:23 | honor [89] 2:4,6,16 3:8,22 4: 8,16 6:8,12,19 7:20 8:3,12, 17 9:15,23 10:8,11,14 11:4, 10,13,16 12:18 13:4,6,23 14: 9 15:2,5,12,15,16,23 16:7,8 17:4,9,17,19 18:11,21 19:6, 16 20:8,10,15,18,23 21:1,10, 16,21 22:7,9,19 23:6,9,17 24: 2,11,14,16,18 25:1,4 26:3,8, 11,20 27:7 28:17,19 29:2 30: 7 31:1,18,23 32:15,21 33:4 34:4,18 35:2,5,15 36:4,13,18 | |
| down [9] 8:10,14 10:3 18:9,9 25:6,8 32:14 33:3 | folks [1] 25:5 | | J |
| downloaded [5] 14:23 16:3 19:15 21:5,8 | following [1] 26:21 | | january [3] 33:13 34:13,14 |
| drug [1] 3:13 | follow-up [1] 18:14 | | ████████.com |
| due [1] 35:8 | force [2] 18:5,8 | | [1] 13:17 |
| dynamic [1] 35:18 | formal [1] 9:1 | | jobs [1] 34:1 |
| | forwarded [1] 23:15 | | ████ [2] 16:14 28:22 |
| E | four [5] 18:1,1 33:4,5 35:1 | honorâ€™s [1] 15:11 | joined [1] 19:3 |
| e-12 [1] 19:12 | frank [1] 22:9 | horrible [1] 35:18 | ████ [2] 1:18 2:7 |
| e-14 [1] 18:14 | frequently [1] 20:6 | hostile [1] 30:8 | judge [5] 1:22 5:19 17:2 24: 13 25:8 |
| each [3] 25:19,20 28:15 | ████████69] 1:18,19 2:6,7,14 3:16 4:2,10 5:1,3,6,8 7:1,3 11:19 12:1,5,10,17 13:18,20, 22 14:4,10,13,15,23 15:8,10 16:2,14,18 17:1,6,10,14 18:2 19:11 20:4 23:10,14 24:6,12 25:7,11,18 26:14,23 27:13 28:6,22 29:3,8,10,17 30:3,5 32:5,9,23 33:4,7,8,12,14,16 34:20 36:15,17 | hound [1] 18:9 | judges [1] 9:17 |
| early [1] 34:11 | | hours [5] 18:1,1,1,14 21:12 | jury [2] 31:22 32:17 |
| eisler [1] 3:11 | | however [1] 36:15 | justice [1] 1:22 |
| eislerâ€™s [1] 6:9 | | | K |
| either [3] 24:10 34:16 35:23 | | I | keep [2] 32:11,11 |
| electronic [3] 21:3 22:12,13 | | | knowing [1] 2:21 |
| elena [2] 1:14 2:5 | | | knowledge [1] 7:15 |
| e-mail [28] 4:9,17 5:10 12:20, 21 13:12,14,16,21,23 16:13, 18,19 19:9 21:9,19 22:14 23: 10,15,20 26:15 28:7 29:18, 19 30:10,15,17 31:4 | | iâ€™d [2] 10:14 15:2 | knows [1] 19:2 |
| | ████████â€™s [4] 7:21 8:4 10: 17 23:12 | iâ€™ll [8] 3:20,21,22 10:12 15:2 31:12 34:3,7 | L |
| e-mailed [3] 12:22 13:1,3 | friday [1] 16:11 | iâ€™m [58] 4:14,22 5:2,4,14, 22,23 6:7,16 7:7 12:3,8,18 13:7,15 14:4 16:4 17:1,2,3,3, 11,12,12 18:3,9 20:5 23:4,7 24:13,15,21 25:2,7,8,8,13,14, 20,21 28:4,10 29:11 30:5,17 31:6,11 32:1,12 34:6 35:13 36:2,6,7,9,12 | last [3] 9:1 19:5 28:19 |
| e-mails [3] 13:9 17:22 18:12 | | | later [3] 18:1,2 21:12 |
| end [1] 36:21 | G | | law [1] 10:1 |
| engages [1] 8:9 | ████████ [3] 1:9 2:7,9 | | lay [1] 31:20 |
| engaging [1] 6:18 | generally [1] 20:14 | | least [1] 9:3 |
| enough [4] 24:14,15 32:12,12 | getting [2] 28:13 30:19 | iâ€™ve [17] 9:16 11:18,19 23: 1 24:14 28:2,2,3 29:20 30:9, 20 31:6,7,8,9,20 35:7 | leave [1] 15:2 |
| entirely [1] 6:17 | give [6] 19:1,2 29:14,15 34:8, 12 | idea [1] 7:18 | left [2] 6:6 32:5 |
| especially [1] 8:18 | given [5] 5:11 28:3 31:20 35: 21 36:11 | identify [1] 2:2 | legal [2] 29:18,20 |
| esquire [2] 1:14,18 | glad [1] 4:14 | immediately [1] 17:22 | legere [1] 7:9 |
| even [3] 21:10,10,16 | got [8] 4:9 5:20 11:18 19:13 30:13 31:1 34:15 35:7 | important [3] 15:9 24:5 26:12 | legitimate [2] 16:23 24:4 |
| everybodyâ€™s [1] 14:5 | gotten [3] 19:7 30:22 31:4 | inaudible [26] 4:21 5:3 6:12, 16,20,22,23 7:12 8:4 12:4 14: 2,13 22:3 24:15,19 25:11 27: 4 31:13,14 33:8,18 34:4,9 36: 8,17,18 | letâ€™s [4] 3:5 4:5 34:10,11 |
| everyone [2] 2:8 36:2 | grievance [1] 27:22 | | letting [1] 27:14 |
| everything [1] 28:5 | grievances [4] 25:21,22 33: 21,22 | | level [3] 20:6 35:21 36:11 |
| exactly [1] 26:4 | grudges [1] 36:15 | including [1] 26:17 | line [1] 13:14 |
| excuse [2] 14:19 30:1 | guarantee [1] 22:13 | indictment [1] 4:23 | lines [1] 10:7 |
| exhibit [5] 11:8,11,18 13:11 31:2 | | information [1] 19:8 | link [31] 11:20,23 12:13,20,22, 23 13:2,3,6,9,12,23 14:3,8,14, 18,19 18:1,2 21:18,22 22:6,6, 7 28:8 30:15,19,20,23 31:1,2 |
| experience [2] 5:17,20 | H | informed [2] 4:19 29:22 | lisa [2] 13:16 16:12 |
| expired [1] 11:21 | hampshire [2] 1:1 3:14 | informing [1] 6:15 | list [1] 18:9 |
| explain [2] 28:3 30:22 | hand [1] 23:20 | | listen [1] 5:19 |
| explained [1] 30:9 | happen [3] 15:14 20:11 28:22 | | listening [2] 17:2,11 |
| extensive [1] 28:3 | happened [2] 7:12 12:17 | | litigate [3] 28:12,18 30:13 |
| extent [1] 6:16 | happy [1] 34:6 | | litigation [1] 10:22 |
| eyes [1] 31:12 | harass [2] 18:3,4 | | little [1] 8:23 |
| | | | log [3] 22:12,13 23:22 |
| F | | | long [1] 30:19 |
| | | | look [9] 3:5 8:2 13:11 24:17 31:12 34:7,21 35:3,12 |
| | | | looked [3] 10:16,18 35:9 |

STATE V. ███ ███████████N

looking [6] 6:7 13:15 23:3,4,4, 7
lost [1] 16:4
lot [3] 8:4,13 12:2
lower [1] 30:10
██, [1] 1:9

**M**

made [6] 4:13,14 8:12 16:21 28:15 29:22
mail [3] 18:15 19:13 26:20
manager [1] 22:5
manchester [1] 1:17
many [4] 20:12 32:18 33:6 35: 7
marine [1] 31:8
matter [2] 36:3,19
maximum [1] 4:1
mcsweeney [1] 12:12
mean [2] 3:1 8:6
mediation [20] 5:17 6:4,6,7 7: 17 8:11,17,21 9:5,19 10:9,22 12:3 15:3,7 21:18 33:17,20 34:2,7
members [1] 20:13
merit [2] 25:22 33:21
middle [1] 17:15
might [3] 7:18 10:20 18:4
mike [1] 9:23
minute [2] 29:14,15
mired [1] 28:14
mistake [2] 18:10 32:11
misunderstood [1] 16:1
moment [1] 6:12
monday [8] 16:12 18:17,18, 19 19:16,16 20:16 26:17
months [2] 5:13 9:2
morning [12] 2:4,6,8,12,23 3: 17 14:15 18:13,17,22 21:16 31:4
most [1] 10:17
motion [31] 11:3,12,20 13:4,5 14:16,17,20 18:16,22 19:3,5, 9 21:11,11,22 22:1 24:22 26: 18,20 27:1 28:20 30:14,14, 17 33:11 34:3,5,12,15 35:11
motions [11] 11:17 22:8,15 25:2 33:6 35:7,8,10,11,13 36: 16
move [3] 4:5 6:4 29:8
ms [83] 2:4,7,9,16,21 3:2,8 4: 8,16,19 6:11,19 7:7,15,19 8: 3,8 9:10,14,22 10:8,14,20 11: 4,7,10,13,16 14:9 15:5,6,9,15, 23 16:7,10,17 17:9,17 18:21 19:18,21 20:1,8,15,20,23 21: 21 22:18,22 23:6 24:1,10,17 25:1,4 26:3,7,11 27:7,10 28: 1,17,19 29:7 30:1 31:18,23 32:3,12,15,20 33:1 34:3,18, 21 35:5,15 36:4,8,13,18,20
multiple [4] 13:9 17:22 18:12 26:17

**N**

name [1] 23:13
narcotic [1] 3:13
██████ [1] 1:21
necessary [2] 10:22 17:20
need [6] 3:17 4:5 10:6 25:5

32:18 35:19
needed [1] 9:8
needs [3] 5:9 14:7 26:13
neither [2] 9:23 25:23
never [3] 19:20,22 29:21
new [4] 1:1 3:14 4:2 23:14
news [2] 7:1,2
next [1] 18:13
nh [2] 1:17,21
northern [1] 1:2
note [4] 8:18 23:9 24:5 36:14
noted [2] 28:20 30:5
nothing [1] 29:1
november [8] 12:19,20,22 13: 1,2,7,13,16
number [3] 7:10,11 32:19
numerous [2] 16:18 24:20

**O**

object [5] 6:5 7:19 8:17 12:6 27:2
objecting [1] 27:2
objection [8] 3:15 10:10 11:5, 9,13,14,22 12:3
objections [1] 11:15
obviously [2] 30:6 31:3
offer [7] 4:11,12,13 5:12 6:14 9:16 28:23
office [8] 1:15 16:11,22 17:23 22:5 29:21 32:6 34:8
officer [3] 23:11,16 31:8
officers [2] 18:5,7
okay [21] 2:8,11 3:5 4:4,5,18, 22 5:6 7:9,16 11:14,19 14:22 15:23 16:6,16 19:23 23:23 29:9 32:16 34:14
once [1] 18:6
one [16] 4:12 6:11 7:13 14:1, 2 19:19,21 20:5 21:2 22:2 25: 14 26:12 28:12,19 34:1,16
only [2] 19:14 32:19
opinion [2] 5:21 10:21
opportunity [1] 2:23
order [6] 2:18 3:15 8:20 9:6 33:19 34:6
ordered [1] 10:9
orders [1] 3:4
original [2] 2:18 3:3
other [12] 8:9 9:17 10:15 23: 1,2 25:19,21,23 26:12 28:16 29:20 35:17
out [13] 5:10 6:6,13,21 7:7 10: 4 18:16 22:1 23:3 24:7 28:12 31:20 34:10
over [5] 3:23 10:10 17:12 24: 19 31:9

**P**

p.d [2] 12:23 31:5
papers [1] 11:19
part [2] 6:17 26:1
particular [1] 8:18
particularly [1] 8:10
past [1] 16:22
path [1] 32:14
pcc [2] 24:13 25:9
penalties [1] 4:1
people [1] 17:11
people's [1] 18:9
per [1] 17:18

person [2] 17:4,13
personal [9] 3:8 27:6,9,16,21 28:1,14 32:12 36:14
peterborough [1] 7:11
ph [4] 3:11 7:9 12:12 13:16
phone [2] 14:5 17:12
photographs [1] 30:21
piece [1] 26:12
plea [2] 6:18 9:16
pleadings [6] 7:22,23 10:17 24:18 34:21 35:1
pleas [1] 9:15
please [10] 2:1 16:7,8,14,18, 19 17:20 19:12 27:12 32:9
point [5] 3:20 13:8 33:7 35:8, 14
police [22] 11:22 12:13 16:13, 20 18:4,5,5,7,8,15 19:10 21: 2,5,9 22:11 23:11,16,21 26: 14,16 30:21 31:8
police's [1] 21:14
policy [1] 17:23
poorly [1] 25:19
position [6] 8:15 16:4 19:4 22:9 28:4 31:21
possible [1] 6:20
possibly [1] 6:21
powers [3] 8:20 9:8 10:5
pr [1] 3:10
practice [1] 31:7
presiding [1] 1:22
presume [1] 3:2
pretrial [1] 32:18
prior [10] 5:16 6:14,21 13:5 17:18 23:9 30:16,19 34:22, 23
prison [1] 5:14
private [1] 31:7
probably [2] 5:20 9:8
problem [2] 13:5 30:23
problems [2] 20:5 30:11
procedural [1] 12:19
process [1] 16:1
produce [1] 17:19
productive [5] 12:8 22:21 24: 9 29:12 30:9
proper [1] 5:9
prosecution [2] 8:21 10:3
prosecutor [3] 10:2 23:19 31: 9
provide [6] 9:4,4,18 11:22 13: 19 14:3
provided [1] 26:16
put [6] 5:9 13:13 16:9 26:19 33:2 34:10
putting [2] 8:12 27:18
puzzle [1] 26:12

**Q**

question [2] 26:10 36:9
questions [2] 15:12,21

**R**

reached [2] 6:13,21
read [2] 11:19 31:15
really [2] 24:9 35:22
reason [4] 16:23 33:20 34:1 35:17
receive [6] 13:6 14:12,14 19: 15 21:17 26:19

received [6] 4:9,17 12:21 19: 20,22 28:7
receiving [3] 17:22 21:9 30: 20
recent [2] 7:21 10:17
recently [1] 24:6
reciprocal [1] 30:20
recognizance [1] 3:9
record [8] 2:2 5:16 8:18 15: 10 16:21 21:4 29:13 36:14
refer [1] 7:21
referencing [1] 31:11
refusing [2] 19:1,2
regard [1] 29:17
regarding [1] 9:15
regardless [1] 9:6
rehash [1] 12:9
rejected [1] 4:17
remember [3] 9:10,11,14
repeated [1] 36:16
replied [1] 29:18
report [2] 7:10 21:3
reported [1] 31:13
reports [1] 30:21
represent [2] 25:17,18
representation [1] 20:17
representations [1] 20:13
representing [1] 25:16
reprimanded [1] 24:6
request [4] 15:3 16:23 18:18 24:2
requested [1] 18:17
requesting [2] 12:20,22
requests [2] 17:18,21
require [1] 10:2
required [1] 8:14
resend [1] 19:12
resent [1] 19:16
reshare [2] 14:2 16:14
resolution [2] 4:7 5:11
resolve [1] 24:9
resources [1] 11:1
respectfully [7] 10:14 15:16 18:3,7 20:8 26:4 36:13
respective [1] 26:1
respond [6] 14:9 15:5,7 24: 16 29:11 30:18
responding [2] 21:13,15
response [4] 19:13 27:15 30: 23 31:1
responses [1] 7:22
return [1] 3:13
reviewed [1] 3:16
richards [1] 33:10
ridiculous [1] 15:1
role [1] 35:22
rule [4] 9:21 28:10,10 34:16
rules [7] 9:4,4,18 18:23 21:23 22:3,4
ruling [1] 34:22

**S**

safest [1] 33:1
same [6] 2:17 3:3 7:10 21:2, 23 22:3
sanctions [7] 18:23 19:3 22:8 24:22 25:3 35:14 36:16
save [1] 16:3
saw [1] 16:16
saying [11] 5:10 6:16 11:23

Sheet 3

looking - saying

183

STATE V. ███ / ████████████ N

13:3 20:3 22:5 23:12 25:20 28:5 31:1 34:5
says [4] 14:2 19:19,21 21:8
scanlon [1] 9:23
scanned [1] 31:4
schedule [1] 31:21
scheduled [2] 34:8 35:12
second [13] 3:14 5:5 7:23 14: 16 17:15 21:11,22 22:2 23:7 26:20 30:7,13,14
seconds [1] 7:8
secretaries [1] 29:21
secretary [1] 29:19
see [7] 3:1 5:21 10:3 14:20 21:6 30:15 31:4
seeing [1] 20:5
seems [1] 14:7
seen [3] 10:7 20:11 31:2
selection [2] 31:22 32:17
send [4] 5:12 12:23 18:14 21: 15
sense [3] 8:13 35:20 36:10
sent [18] 5:9 12:19 13:7,10, 11,13 14:18,19 16:1,13 19:9 21:10 22:6,12 24:1 30:10 31: 2,3
separately [1] 11:12
separation [3] 8:19 9:7 10:5
september [2] 16:2 19:15
sergeant [1] 12:12
serve [1] 23:17
served [3] 23:14 26:2 31:7
seven [1] 18:6
share [2] 14:18 21:4
sharing [1] 30:15
she€™s [2] 7:5 17:10
shoot [1] 31:10
shouldn€™t [1] 25:15
side [2] 8:12 35:23
sides [1] 5:19
simple [1] 15:11
simply [1] 19:7
sir [10] 3:16 12:1 14:4,10 17: 12,13 31:6,15 33:12,17
sit [4] 8:10,14 10:3 25:5
sitting [1] 25:7
six [1] 18:5
software [1] 21:3
somebody [2] 7:3 30:22
someone [1] 31:10
somewhere [1] 21:19
soon [1] 33:10
sorry [2] 23:12,13
sort [2] 25:22 35:4
sounds [3] 7:17 19:10 28:5
specifically [2] 9:19 11:7
spelled [2] 22:1 23:13
spoke [2] 13:1 28:21
stand-committed [1] 5:13
start [1] 17:22
started [2] 17:7 29:20
state [25] 1:1,5,14 2:3,5 3:17 5:14 6:1,5,6 8:14,20 9:5 12: 21 13:6,10 16:19 17:21 23: 18 25:17 26:1,4 27:17 30:21 36:5
state€™s [7] 4:13 6:17 7:22 9:15 10:23 11:21 19:4
statement [1] 21:14
status [2] 19:8 21:18

stay [2] 35:20 36:10
still [7] 12:15 17:23 18:2,12, 13 19:11 33:17
stop [4] 27:11 30:2,4 32:13
street [1] 1:16
strongly [1] 12:6
subpoena [1] 23:14
subpoenaed [1] 18:6
suggested [2] 5:16 6:3
suite [1] 1:20
summary [1] 6:7
supervisor [4] 13:1 28:21,21 29:6
suspended [1] 5:14
system [1] 21:1

### T

table [1] 8:16
talked [1] 9:2
technology [1] 1:20
tee [1] 10:13
telephone [2] 17:7,8
temperature [2] 30:7,10
terms [4] 2:17 3:3 6:6 30:7
thanks [1] 3:6
thanksgiving [2] 16:11,12
that€™s [25] 4:12,15 6:17 7: 1,11 17:13 18:7 19:12,13,19, 21 20:9,9 22:21 27:17,20 29: 19,23 30:13 31:15 33:18 34: 17 35:5 36:2,11
there€™s [11] 10:1 12:1 15: 21 16:7 20:6 22:18 26:7,12 28:17 34:15 35:17
they€™ll [1] 3:2
they€™re [2] 6:2 23:18
third [3] 8:16 22:6,7
though [1] 25:16
three [4] 33:1,2,4,5
till [1] 34:11
today [5] 3:20 12:14 34:17 35: 11,12
today€™s [3] 4:21 12:14 35: 1
together [1] 30:12
top [1] 28:6
total [1] 18:5
toward [1] 36:15
tremendous [1] 20:22
trial [2] 4:20 31:21
trial€™s [2] 32:16 34:11
trouble [1] 31:6
true [5] 12:16 29:2,3,3,4
trust [2] 24:6 31:11
try [2] 6:4 32:19
trying [2] 23:7 30:10
turn [1] 5:4
turning [1] 27:21
turnpike [1] 3:14
two [16] 11:15,16 12:15 18:1, 11 19:7,18 22:23 25:1,19 32: 20,22 33:1,2 35:18,21
typical [1] 3:11
typo [1] 7:9

### U

under [2] 4:10 32:4
understand [5] 12:6 15:13,20, 21 21:7
underway [1] 4:9

universes [1] 5:18
unless [1] 28:12
until [5] 11:23 12:14 14:20 30: 16 31:11
up [2] 10:13 20:6
upset [1] 29:22
uses [1] 21:2

### V

variety [1] 35:8
vendetta [1] 27:9
vendettas [1] 27:10
via [1] 36:16
video [2] 15:1 29:1
view [1] 6:9
violated [1] 21:23
violates [2] 8:19 18:23
violating [2] 22:2,2
violation [1] 10:4

### W

wait [2] 18:14 31:11
waiver [1] 3:19
wanted [2] 9:7 21:17
wants [2] 15:7 31:10
wasn€™t [1] 23:17
waste [1] 14:5
wasted [1] 22:11
way [11] 1:20 5:22 6:2,4 8:8 17:3,12 20:3 23:3 27:3 28:12
we€™ll [2] 15:7 33:2
we€™re [17] 2:12 5:17 17:7, 15 19:2 27:1,22 29:8,9 31:16, 19,19,21 32:2,7,7,10
we€™ve [2] 30:11,13
████ [1] 1:19
webex [1] 2:7
wednesday [1] 18:22
weigh [1] 25:22
weren€™t [2] 23:12,13
what€™s [4] 6:9 7:2 12:14 19:8
whatever [1] 33:20
whenever [2] 6:18 33:12
whether [3] 10:21 25:14 36: 10
whitehead [2] 13:16 16:13
whittle [1] 18:8
who€™s [1] 5:19
whole [2] 18:8 31:15
will [11] 6:20 16:14 22:11,13 25:15,23 29:15 32:17,18 35: 12,19
willing [2] 5:11 20:12
withdraw [2] 36:5,7
withdrawn [3] 22:7,14 24:19
witness [1] 23:17
wonder [4] 32:3 35:20 36:1,1
word [1] 24:16
work [4] 10:3 16:21 23:3 35: 19
working [3] 25:19 30:11 35: 18
worth [2] 8:11 10:23
wouldn€™t [2] 7:6 31:3
writing [2] 4:13 17:19

### Y

years [2] 31:7,9
yesterday [2] 26:23 27:3
you€™ll [1] 4:5

you€™re [14] 14:1 15:12 20: 3,12 23:4 27:8,14,19,20,21 28:5 33:7 35:4,9
yourself [3] 25:17 27:9,16
yourselves [1] 2:2

Sheet 4

saying - yourselves

184