**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Elena Ben David, | \* |
| | \* |
| Plaintiff, | \* |
| v. | \*    Civil No. 1:25-cv-00278-LM-AJ |
| | \* |
| Attorney Discipline Office | \* |
| of the NH Supreme Court, | \* |
| | \* |
| Defendants. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants, Brian R. Moushegian, General Counsel of the Attorney Discipline Office of the New Hampshire Supreme Court, Sara S. Greene, Disciplinary Counsel of the Attorney Discipline Office of the New Hampshire Supreme Court, Hon. Peter H. Fauver, member of the Hearings Committee, Brooksley C. Belanger, Chair of the Hearings Committee, and Stephanie C. Hausman, Chair of the Professional Conduct Committee of the New Hampshire Supreme Court, hereby move and state as follows:

1.      Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint on April 27, 2026. ECF 28. Specifically, Defendants noted that Plaintiff's claims were barred by the doctrine of *Younger* abstention, were barred by the Eleventh Amendment, or were otherwise not viable.

2.      Plaintiff filed an Objection to Defendants' Motion to Dismiss on May 26, 2026. ECF 30.

3.      Accordingly, the bulk of the parties' arguments have been briefed at this point. Defendants submit the within reply to address certain discreet issues referenced in Plaintiff's Objection.

4.      First, Defendants note that Plaintiff, in her Objection, appears to characterize the subject administrative proceeding as an inquiry into Plaintiff's credibility. *See e.g.* ECF 30 at pp. 15-17 (alleging that the "only factual dispute that gave rise to the charge" was "whether Attorney Doe had received, downloaded, misplaced, deleted, or failed to preserve" certain documents, and describing the subject issue in the administrative proceeding as "a mutually dependent credibility dispute[.]"). This characterization—made in an effort to bolster her allegations of "bad faith"— is misplaced, and is plainly contradicted by the Notice of Charges in the underlying administrative matter. *See* ECF 12-12 at ¶¶ 76-82 (noting that Plaintiff's charges relate to N.H. R. Prof. Conduct 4.4(a), which governs "Respect for Rights of Third Persons[.]"). The administrative proceeding is not based on an allegation that Plaintiff acted untruthfully, but on the allegation that Plaintiff took an action where she "kn[ew] or it [wa]s obvious that the action ha[d] the primary purpose to embarrass, delay or burden a third person." *See* ECF 12-12 at ¶ 78 (citing N.H. R. Prof. Conduct 4.4(a)).

5.      Second, Plaintiff argues that her ability to "raise constitutional issues as 'affirmative defenses' in the disciplinary proceeding and later seek review if discipline is imposed" is "insufficient" for purposes of *Younger* abstention because her constitutional claims may not ultimately be resolved. *See e.g.* ECF 30 at p. 12. Defendants submit that this argument highlights the stated policy behind the doctrine of *Younger* abstention—"[P]rinciples of equity and comity" require federal courts to "abstain from entertaining" suits which seek to enjoin certain state proceedings on the grounds that such proceedings violate federal law, provided the

subject state proceeding "affords an adequate opportunity to raise the federal defense and abstention will not cause irreparable harm." *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 191-92 (1st Cir. 2015) (citing *Younger v. Harris*, 401 U.S. 37, 43-46 (1971)). Plaintiff's state administrative proceeding has not yet concluded, and as of this filing, she has not even been found to have violated a rule of professional conduct. Where Plaintiff is free to raise her federal defenses in the administrative proceeding (and has already done so), the doctrine of *Younger* abstention applies to bar her claims in this federal forum.

WHEREFORE, Defendants respectfully request that this Honorable Court:

    A.  Note the within Reply; and

    B.  Grant such other and further relief as justice may require.

Respectfully submitted,

Brian R. Moushegian, General Counsel of the Attorney Discipline Office of the New Hampshire Supreme Court, and Sara S. Greene, Disciplinary Counsel of the Attorney Discipline Office of the New Hampshire Supreme Court

By their attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: July 7, 2026

/s/ Shawna Bentley
Shawna Bentley, Bar #270149
Assistant Attorney General
Civil Bureau
NH Department of Justice
1 Granite Place South
Concord, NH 03301
shawna.bentley@doj.nh.gov
(603) 271-6836

and

Stephanie C. Hausman, Chair of the
Professional Conduct Committee of the New
Hampshire Supreme Court

By her attorney,

THE OFFICE OF THE ATTORNEY
GENERAL

/s/ James H. Holl
James H. Holl, Bar #279633
Assistant Attorney General
Civil Bureau
NH Department of Justice
1 Granite Place South
Concord, NH 03301
James.H.Holl@doj.nh.gov

and

Hon. Peter H. Fauver, member of the
Hearings Committee, and Brooksley C.
Belanger, Chair of the Hearings Committee

By their attorney,

THE OFFICE OF THE ATTORNEY
GENERAL

/s/ Laura J. Raymond
Laura J. Raymond, Bar No. 275280
Assistant Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, New Hampshire 03301
(603) 271-3675
laura.j.raymond@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent, this day, to all parties and/or counsel of record via the Court's electronic filing system.

/s/ Shawna Bentley
Shawna Bentley