**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| ELENA BEN DAVID, | CIVIL ACTION NO.: 1:25-CV-00278-SE-AJ |
| Plaintiff, | |
| v. | |
| BRIAN R. MOUSHEGIAN, *et al.*, | |
| Defendants. | |

**MEMORANDUM OF PLAINTIFF ELENA BEN DAVID**
**REGARDING THE NEW HAMPSHIRE ATTORNEY DISCIPLINE SYSTEM**

**INTRODUCTION**

The Court has indicated that it has some questions regarding the New Hampshire Attorney Discipline System relative to the Defendants' pending motion to dismiss the Amended Verified Complaint. In advance of the hearing, Plaintiff Elena Ben David submits this memorandum to provide the Court with an overview of the New Hampshire Attorney Discipline System.

**THE NEW HAMPSHIRE ATTORNEY DISCIPLINE SYSTEM**

To practice law in New Hampshire, one must be admitted by the New Hampshire Supreme Court. N.H. RSA 311:7. Attorneys admitted to practice law are subject to the disciplinary jurisdiction of the New Hampshire Supreme Court and its Attorney Discipline System. *See* N.H. Supreme Court Rule 37(1)(b). The New Hampshire Attorney Discipline System exists within the New Hampshire Supreme Court's Administrative Office of the Courts and is part of the State's Judicial Branch of government. It is governed by two rules of the New Hampshire Supreme Court: (1) N.H Supreme Court Rule 37, titled "Attorney Discipline System," and (2) N.H. Supreme Court Rule 37A, titled

"Rules and Procedures of Attorney Discipline System."  Copies of Rules 37 and 37A are attached as Exhibit 1.

The Attorney Discipline System consists of (1) the Attorney Discipline Office (the "ADO"), (2) the Complaint Screening Committee (the "CSC"), (3) the Hearings Committee, and (4) the Professional Conduct Committee (the "PCC").  *See* N.H. Supreme Court Rule 37(1).  The ADO and some of the three Committees have overlapping powers and duties.  The Attorney Discipline System regulates the conduct of New Hampshire lawyers by applying the New Hampshire Supreme Court's Rules of Professional Conduct.  The Rules of Professional Conduct constitute "the disciplinary standard for New Hampshire lawyers." N.H. Rules of Professional Conduct, "Statement of Purpose."  Disciplinary matters may be handled by attorneys of the ADO fulfilling functions of either general counsel or disciplinary counsel as the general counsel may from time to time assign. Rule 37A(I)(k),

A brief discussion of the four components of the Attorney Discipline System follows.

## I.    THE ATTORNEY DISCIPLINE OFFICE

### A.    General Counsel

The ADO is a division of the Administrative Office of the Courts and is managed by its General Counsel, who may be assisted by Disciplinary Counsel in performing his duties "as needed." Rule 37(6)(f)(6). Reciprocally, the General Counsel may also "assist[] disciplinary counsel in the performance of the duties of disciplinary counsel as needed." Rule 37A(I)(c).

The Director of the Administrative Office of the Courts appoints the General Counsel after consultation with the Chair of the PCC and the New Hampshire Supreme Court. N.H. Supreme Court Rule 37(6)(b). The current General Counsel is Defendant Brian R. Moushegian.

The General Counsel performs a variety of legal services and functions found in Rule 36(6)(g)(1-10).  Rule 37(6) vests the General Counsel with broad powers and duties concerning its handling of complaints alleging attorney misconduct.  *First*, the General Counsel has the power and

duty to receive, evaluate, "docket," and investigate processional conduct complaints. Rule 37(6)(g)(1). *Second*, once a complaint has been received, the General Counsel has vast discretionary authority to terminate a complaint, refer a complaint to Disciplinary Counsel for a hearing, and even divert attorney out of the Attorney Discipline System. A partial list of the General Counsel's enumerated powers includes the following:

- remove complaints from the docket for lack of jurisdiction or failure to meet docketing requirements (Rule 37(6)(g)(2));

- dismiss complaints with a finding of no professional misconduct (Rule 37(6)(g)(3));

- dismiss complaints for other good cause (Rule 37(6)(g)(4));

- dismiss complaints where there is no reasonable likelihood that a complaint can be proven by clear and convincing evidence  (Rule 37(6)(g)(4));

- divert attorneys out of the Attorney Discipline System when appropriate and impose terms of diversion  (Rule 37(6)(g)(5)); and

- present complaints to the Complaint Screening Committee with recommendations for diversion, dismissal for any reason, or referral to Disciplinary Counsel for a hearing  (Rule 37(6)(g)(6).

## B.    Disciplinary Counsel

The ADO also has a Disciplinary Counsel, who currently is Sara S. Greene. Disciplinary Counsel "shall perform prosecutorial functions and have the power and duty" to (1) review complaints referred by the Complaint Screening Committee, (2) contact witnesses, conduct discovery, and prepare complaints for hearings before the Hearings Committee, (3) try cases before the Hearings Committee, (4) present memoranda to appear before the PCC for hearings, (5) represent the ADO and the PCC before the Supreme Court, and (6) assist the General Counsel in performing its duties "as needed." Rule 37(6)(f)(1-6).

## II.    THE COMPLAINT SCREENING COMMITTEE

The Complaint Screening Committee consists of ten members.  Six members are attorneys and four are non-attorneys.  Rule 37(5)(a).  Like the General Counsel, the Complaint Screening Committee has extensive power to dismiss complaints, refer complaints for prosecution, and divert attorneys out of the attorney discipline system.  Rule 37(5)(b)(1-8).  Its primary powers and duties, many of which overlap with those of the General Counsel, included the following:

- consider and act on requests for reconsideration by grievants following the General Counsel's decision not to docket a matter, to divert attorneys out of the system, or dismiss a complaint after investigation (Rule 37(5)(b)(1);

- consider and act on reports by staff members of the ADO as to docketed complaints (Rule 37(5)(b)(2);

- remove complaints from the docket that are not within the jurisdiction of the attorney discipline system or do not meet docketing requirements (Rule 37(5)(b)(3));

- dismiss complaints with a finding of no professional misconduct (Rule 37(5)(b)(4);

- dismiss complaints for any other reason (Rule 37(5)(b)(5);

- dismiss a complaint if it determines there is no reasonable likelihood that a complaint can be proven by clear and convincing evidence (Rule 37(5)(b)(5);

- divert attorneys out of the Attorney Discipline System when appropriate and subject to the attorney's compliance with the terms of diversion (Rule 37(5)(b)(6);

- refer complaints to Disciplinary Counsel for a hearing where there is reasonable likelihood that a complaint can be proven by clear and convincing evidence (Rule 37(5)(b)(7); and

- consider and act on requests for reconsideration of its own decisions (Rule 37(5)(b)(8).

The Complaint Screening Committee's meetings are "in the nature of deliberations" and are not open to the public.  Rule 37(5)(c).  Its records and reports of recommendations are deemed to be work product and are not discoverable or to be made public. *Id.*  The Committee's decisions are to be made public.  *Id.*

4

### III.    THE HEARINGS COMMITTEE

The Hearings Committee consists of attorneys and non-attorneys appointed by the Supreme Court.  One member of the Committee must be designated as the "Chair."  The current Chair of the Hearings Committee is Brooksley C. Belanger.  The Hearings Committee has the power and duty to (1) conduct hearings in conformance with Rule 37A, (2) make all findings by clear and convincing evidence, and (3) submit written reports to the PCC within 60 days after the close of each hearing. Rule 37(4)(c)(2-4).

The Committee Chair appoints individual hearing panels of at least 3 but no more than 5 members to rule on pre-hearing motions, conduct hearings on formal charges, and make findings of fact, conclusions and recommendations in written reports to the PCC for findings of misconduct and sanctions or for dismissal of the complaint with finding of no misconduct.  There must be at least one public non-attorney member on each hearing panel.  Rule 37(4)(c)(1).

### IV.    THE PROFESSIONAL CONDUCT COMMITTEE

The PCC consists of twelve (12) members, at least four (4) of whom must be non-attorneys. All members are appointed by the Supreme Court. Rule 37(3). The current Chair of the PCC is Stephanie C. Hausman.  The PCC considers hearing panel reports and memoranda submitted by respondent attorneys and the Disciplinary Counsel. The PCC often holds oral arguments. In cases where the PCC recommends a sanction of suspension greater than six months, the matter will be referred to the New Hampshire Supreme Court.

The PCC has perhaps the most extensive and comprehensive powers and duties in the oversight and enforcement of virtually all phases of the Attorney Discipline System, which include the following:

- direct the actions and performance of the ADO's General Counsel and other staff in the performance of the PCC's adjudicatory functions (Rule 37(3)(c)(2));

- consider Hearing Panel reports and written memoranda of Disciplinary Counsel and respondents (Rule 37(3)(c)(3));

- conduct oral arguments by Disciplinary Counsel and respondents to address findings and rulings in Hearing Panel reports (Rule 37(3)(c)(3));

- determine whether there is clear and convincing evidence of violations of the Rules of Professional Conduct (Rule 37(3)(c)(3));

- remand complaints to Hearing Panels for further evidentiary proceedings (Rule 37(3)(c)(3));

- dismiss grievances or complaints (Rule 37(3)(c)(3));

- administer a reprimand, public censure or a suspension not to exceed six months (Rule 37(3)(c)(3));

- attach conditions to any discipline it imposes (Rule 37(3)(c)(4));

- divert attorneys out of the Attorney Discipline System (Rule 37(3)(c)(5));

- institute proceedings in the New Hampshire Supreme Court in all matters which the PCC has determined warrants the imposition of disbarment or of a suspension in excess of six months (Rule 37(3)(c)(6));

- consider and act upon requests by Disciplinary Counsel and respondents to review a decision by the Complaint Screening Committee to refer a complaint to Disciplinary Counsel for scheduling of a hearing (Rule 37(3)(c)(7));

- consider and act on requests from Disciplinary Counsel to dismiss a matter before a hearing if Disciplinary Counsel concludes that the development of evidence establishes that there is no valid basis for proceeding to a hearing (Rule 37(3)(c)(8));

- consider and act on requests for reconsideration of its own decisions (Rule 37(3)(c)(9));

- consider and act on requests for protective orders (Rule 37(3)(c)(10);

- propose rules of procedure (Rule 37(3)(c)(11)); and

- issue discretionary monetary sanctions against a disciplined attorney in the form of the assessment of costs and expenses (Rule 37(3)(c)(15)).

**ATTORNEY DISCIPLINE OFFICE OPERATIONS**

I.    THE GRIEVANCE PROCESS[1]

A.    **Initial Screening of Grievances**

The ADO processes "Grievances" against attorneys when there are allegations of professional misconduct.  A Grievance is a "written submission filed with the [ADO] to call to its attention conduct that the grievant believes may constitute misconduct by an attorney." Rule 37(2)(f).  Professional misconduct means conduct that violates the N.H. Rules of Professional Conduct.  Grievances must be filed under oath and certify that a copy has been sent to the attorney against whom the Grievance was filed.  When an attorney files a Grievance, as in this case, counsel must comply with his or her obligation under N.H. Rule of Professional Conduct 8.3, requiring counsel to inform an "appropriate professional authority" when the lawyer knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question about that lawyer's honesty, trustworthiness or fitness as a lawyer.  N.H. Rule Prof. Conduct 8.3(a)

*Grievance Prerequisites.* In each case, the General Counsel conducts an initial review or screening of the Grievance to determine whether it should be docketed.  During that review, the ADO must first determine if the Grievance is within the jurisdiction of the Attorney Discipline System.  It next must assess whether the Grievance includes rule-based prerequisites, including (1) the name and address of the attorney; (2) a brief description of the legal matter giving rise to the Grievance; (3) a detailed factual description of the lawyer's conduct; (4) relevant documents illustrating the attorney's conduct or an explanation why the grievant cannot provide documents; and (5) the proof to be provided to establish a violation of a disciplinary rule, including names and addresses of witnesses. Rule 37A(II)(a)(3)(B)(i).

---

[1] A one-page diagram of "The Grievance Process" prepared by the Attorney Discipline Office is attached as Exhibit 2.

When necessary, the General Counsel may request additional information or documents from the grievant. Rule 37A(II)(a)(3)(A). The grievant's failure to provide requested information and documents within 20 days, absent good cause shown, may result in the General Counsel's processing of the Grievance based on the existing file, or dismissing it without prejudice. *Id.* After receiving the above information, the General Counsel may allow a respondent up to 30 days to file a voluntary response if it is deemed necessary to assist in the evaluation process. *Id.*

***Limitation Period.*** Even if these requirements are met, the ADO must decide whether the Grievance was filed within the "period of limitation." The "period of limitation" is within two years of the commission of the alleged misconduct, except when the acts or omissions that are the basis for the Grievance were not discovered and could not reasonably be discovered at the time of the acts. Rule 37A(I)(i). In such a case, the Grievance must be filed within two years of the time the Grievant discovers the acts or reasonably could have done so. *Id.*

***Sufficiency of the Evidence.*** The ADO also may decide not to docket a Grievance as a Complaint if it determines "there is no reasonable likelihood that a hearing panel would find clear and convincing evidence that the respondent attorney violated the rules of professional conduct." Rule 37A(II)(a)(3)(B)(v).

### B.    Docketing of a Grievance as a Complaint

If the ADO determines that a Grievance satisfies the above requirements, it will be docketed as a Complaint by the ADO. Rule 37A(II)(a)(5)(A). The ADO itself may also draft and docket a Complaint following its own inquiry. *Id.* When the ADO decides that a Grievance did not meet the prerequisites for docketing as a Complaint, a grievant may file a written request for reconsideration within two days of the date of written notification. Rule 37A(II)(a)(4)(C). Non-docketed Grievances do not appear on attorneys' discipline records and the files are destroyed after two years.

### C.    Answer to Complaint

After a Complaint is docketed, the General Counsel shall promptly forward it to the respondent and request an answer within 30 days of the notice.  If a respondent does not provide a timely answer, absent good cause demonstrated by the respondent, the General Counsel may recommend that the Complaint Screening Committee refer the matter to the Disciplinary Counsel. Disciplinary Counsel then shall prepare a Notice of Charges requiring the respondent to appear before a panel of the Hearings Committee to show cause why he or she should not be determined to be in violation of N.H. Rules of Prof. Misconduct 8.1(b) and 8.4 for failing to respond to the General Counsel's request for an answer to the Complaint.  Rule 37A(II)(a)(5)(C).

## II.    INVESTIGATION

The General Counsel and his or her assistants and deputies shall conduct an investigation either before or after receiving the respondent's answer.  Rule 37A(II)(a)(6).  At any stage before the filing of a Notice of Charges, attorneys from the ADO may issue subpoenas and subpoenas duces tecum to summon witnesses with or without documents.  Rule 37(8)(a).

Upon completing the investigation, the General Counsel may (1) dismiss or divert a Complaint, or (2) present the Complaint to the Complaint Screening Committee with recommendations for diversion, dismissal for any reason, or referral to Disciplinary Counsel for a hearing. Rule 37A(II)(a)(6).  At any time, the respondent may notify the General Counsel that he or she waives the right to have the matter considered by the Complaint Screening Committee and consents to a referral to Disciplinary Counsel for a hearing. *Id.*

The General Counsel or the Complaint Screening Committee can take either of three courses of action: (1) diversion, (2) dismissal, or (3) formal proceedings.  Rule 37A(II)(a)(7).  The Committee may determine that Diversion is appropriate. *Id.*  Diversion may be mandatory, voluntary, or

discretionary for minor misconduct.  Rule 37A(I)(g).[2]  The ADO also may dismiss the Complaint for any reason.  If the General Counsel dismisses the Complaint, the General Counsel must notify the complainant and the respondent in writing. The Complaint additionally may be referred to Disciplinary Counsel for the issuance of Notice of Charges and the scheduling of a hearing on the merits before a panel of the Hearing Committee.

Other than the limitation period prescribed for docketing a grievance set forth in Rule 37A(I)(i), the Rules prescribe no time limit during which a grievance should be reviewed or, after docketing, forwarded to Disciplinary Counsel.

## III.   FORMAL PROCEEDINGS

### A.   Notice of Charges

Upon receipt of a file referred by the General Counsel or the Complaint Screening Committee, the Disciplinary Counsel may engage in additional preparation to allow counsel to formalize allegations into a Notice of Charges.  Rule 37A(III)(b)(1). Disciplinary Counsel "shall exercise independent professional judgment" throughout the proceedings, and shall keep the complainant apprised of developments and consider the complainant's input. *Id.*  The Notice of Charges "shall set forth the allegations of misconduct against the respondent and the disciplinary rules alleged to have been violated."  Rule 37A(III)(b)(2).  When the Notice of Charges is filed or soon thereafter, Disciplinary Counsel shall provide the respondent with bates-stamped copies of all relevant documents.  *Id.*

Rule 37A(III)(a)(iii), titled "Avoidance of Delay," provides that "[a]ll formal proceedings under this rule shall be as expeditious as possible." In any matter pending before the Hearings

---

[2] Mandatory Diversion requires participation in a diversion program and, in some cases, may be part of discipline imposed by the PCC.  Rule 37A(I)(g). Voluntary Diversion may occur when the attorney's conduct is brought to the attention of the Attorney Discipline System  but the conduct does not violate the Rules of Professional Conduct, though there is reason to believe that it could if corrective action is not taken.  *Id.*  Discretionary Diversion is an alternative to a formal sanction for minor misconduct. *Id.*

Committee or the PCC, only the Chair of the panel assigned to hear the matter may grant an extension of time and only upon "good cause shown."

"If at any point prior to the hearing on the merits, disciplinary counsel concludes that the development of evidence establishes that there is no valid basis for proceeding to a hearing, he or she shall submit a written report to the professional conduct committee requesting that the matter be dismissed either with a finding of no professional misconduct or on some other basis." Rule 37A(III)(7).

### B.    Respondent's Answer

The respondent shall answer the Notice of Charges within 30 days.  If the respondent fails to file an answer, the allegations in the Notice of Charges shall be deemed admitted. Rule 37A(III)(b)(3)(A).  The answer must respond to each allegation and assert all affirmative defenses. Rule 37A(III)(b)(3)(B).  Disciplinary Counsel has a duty to request the Chair of the Hearings Committee to appoint a hearing panel after the expiration of the 30-day period for the respondent to file an answer.  Rule 37A(III)(b)(4).

### C.    Discovery

Discovery is available to the Disciplinary Counsel and, after a Notice of Charges are filed, to the respondent.  Rule 37(8)(a) and (b). At any stage after a Notice of Charges is filed, attorneys from the attorney discipline office may issue subpoenas and subpoenas duces tecum to summon witnesses with or without documents. Rule 37(8)(a) and (b); Rule 37A(III)(5). Only after an answer has been filed in response to a Notice of Charges, may respondent's attorneys issue subpoenas and subpoena duces tecum to summon witnesses with or without documents and may conduct additional discovery, including, but not limited to, interrogatories and depositions.  Rule 37(8)(b); Rule 37A(III)(b)(5)(D).

However, depositions are only permitted "to preserve the testimony of a witness likely to be unavailable for hearing due to death, incapacity or if otherwise agreed to by the parties." Rule 37A(III)(b)(5)(D).

After an answer to a Notice of Charges has been filed, Respondent's counsel may submit written requests for information that if relevant or reasonably calculated to lead to the discovery of admissible evidence within the possession, custody, or control of the Disciplinary Counsel. Rule 37A(III)(b)(5)(B); Rule 37(8)(b). Discovery is to include (1) writings or tangible objects, including those obtained from or belonging to the respondent, (2) signed written statements or taped statements by any witness, (3) results or reports of mental or physical examinations and of scientific tests or experiments made in connection with the matter, (4) contact information of all persons known to have relevant information based on personal knowledge about the matter, including witnesses designated by the parties, (5) police reports and investigative reports by any agency other than the ADO, and (6) information pertaining to expert witnesses to be called to testify, including reports submitted by the expert. Rule 37A(III)(b)(5)(B)(i-v).

D.     Hearings

The Hearing Panel Chair conducts the hearing. Rule 37A(III)(c)(1). The Hearing Panel Chair in this case is the Honorable Peter H. Fauver. The Hearing Panel may limit the number of witnesses on any issue to eliminate cumulative evidence. Rule 37A(III)(c)(2). Witness shall be sworn, and may be examined and cross-examined by the Disciplinary Counsel, and respondent's attorney. Members of the Hearing Panel also may ask questions to witnesses. Rule 37A(III)(c)(4). The Hearing Panel Chair determines the admissibility of evidence, making judgments whether evidence is relevant, competent, and not privileged, though the formal rules of evidence do not apply. Rule 37A(III)(c)(5). The parties may object to the admission or exclusion of evidence; formal exceptions are unnecessary. Rule 37A(III)(c)(6). Hearings are open to the public and the media. Rule 37A(III)(c)(8).

### E.    Report of the Hearing Panel

After hearing the evidence, the Hearing Panel shall make a written report of its findings of fact.  It shall include its recommendations whether its factual findings support a conclusion that the Rules of Professional Conduct were violated by clear and convincing evidence, and, if so, an appropriate sanction.  Rule 37A(III)(d)(1).  The report must be submitted to the PCC within 60 days after the close of the hearing.  If the Hearing Panel is not unanimous in any recommendations, a minority report also may be submitted to the PCC.  Rule 37A(III)(d)(1).

Within 15 days of the date of the Hearing Panel report, Disciplinary Counsel and the respondent may file stipulations with proposed resolutions for the PCC's review and approval and may submit memoranda addressing pertinent issues. Rule 37A(III)(d)(2).  Counsel may request oral argument before the PCC to address issues; the PPC also may direct the parties to appear to address specified issues. Rule 37A(III)(d)(2)(A).

### F.    The Professional Conduct Committee

The PCC thereafter shall determine whether there is clear and convincing evidence of violations of the Rules of Professional Conduct.  The PCC may dismiss the complaint or administer a reprimand, public censure, or a suspension not longer than six months.  It also may impose conditions appropriate to discipline; divert attorneys out of the Attorney Discipline System on appropriate terms and conditions; recommend disbarment or suspension for more than six months; and assess costs and expenses incurred by the Attorney Discipline System in the investigation and enforcement of discipline to a disciplined attorney. Rule 37A(III)(d)(2)(D)(i-v).

## IV.    APPEALS

Either the respondent's attorney or Disciplinary Counsel may appeal findings of the PCC and the imposition of a reprimand, public censure, or a suspension of six months or less by filing an notice

13

of appeal with the New Hampshire Supreme Court.  Rule 37(16)(a); Rule 37A(III)(d)(4)(A).  However,

such appeals "shall not be a mandatory appeal."  *Id.*

Respectfully submitted,

CLEVELAND, WATERS AND BASS

*/s/ Jacob M. Rhodes*
Jacob Rhodes (Bar No.274590)
Two Capital Plaza, 5ᵗʰ Floor
Concord, N.H. 03301
(603) 224-7761
rhodesj@cwbpa.com

LEHMANN MAJOR LIST, PLLC

*/s/ Richard J. Lehmann*
Richard J. Lehmann (Bar No. 9339)
6 Garvins Falls Road)
Concord, N.H. 03301
(603) 731-5435
rick@nhlawyer.com

CAMPBELL CONROY & O'NEIL, P.C.

Thomas C. Frongillo (BBO No. 180690)
(*Admitted Pro Hac Vice*)
20 City Square, Suite 300
Boston, MA 02129-3733
(617) 241-3000
tfrongillo@campbell-trial-lawyers.com

DATE:  July 23, 2026                          *Attorneys for Plaintiff Elena Ben David*

## CERTIFICATE OF SERVICE

I hereby certify that an electronic copy of the within document was served upon all counsel of record through the court's ecf-filing system.

July 23, 2026                                   */s/ Jacob M. Rhodes*
                                                Jacob M. Rhodes

4929-1332-4224, v. 2

14